# COMPOSITE
# EXHIBIT "G"

 CT Corporation

**Service of Process Transmittal**
02/16/2016
CT Log Number 528657860

| | |
|---|---|
| **TO:** | Rebecca Thompson<br>UnitedHealth Group Incorporated (111504190770700600)<br>9900 Bren Rd E Ste 300W, MN008-T700<br>Minnetonka, MN 55343-4402 |
| **RE:** | **Process Served in Florida** |
| **FOR:** | UnitedHealthcare of Florida, Inc.  (Domestic State: FL) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL J. LIGOTTI, D.O. and WHOLE HEALTH, LLC, Pltfs. vs. United HealthCare Services, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Notice(s), First Request(s), Attachment(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL<br>Case # CACE1600037212 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/16/2016 at 12:30 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Walter G. Campbell, Jr.<br>Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, P.A.,<br>12 S.E. 7th Street<br>Suite 801<br>Fort Lauderdale, FL 33301<br>954-763-8181 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/17/2016, Expected Purge Date: 03/18/2016<br><br>Image SOP<br><br>Email Notification,  Administrative Assistant  legalmail@uhc.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324<br>954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.:CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

     Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC.,
a foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

     Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular, the Sheriffs of said State:

     YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Amended Complaint, Notice of Designation of Primary Email Address, Interrogatories,
First Request for Production and Combined First Request for Admissions, Second
Request for Production and Second Set of Interrogatories in this action on Defendant:

**UNITEDHEALTHCARE OF FLORIDA, INC**
**c/o CT Corporation System**
**1200 S. Pine Island Rd.**
**Plantation, Fl. 33324**

     Each defendant is required to serve written defenses to the complaint or
petition on **Walter G. Campbell, Jr., Esquire,** Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman, P.A., plaintiff's attorneys, whose address is 12 S.E. 7th Street, Suite
801, Fort Lauderdale, Florida, 33301, within twenty (20) days after service of this
summons on that defendant, exclusive of the day of service and to file the original of the
defense with the Clerk of this Court either before service on plaintiff's attorneys or

immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of said Court.

FEB 04 2016                     Howard C. Forman
                                As Clerk of Said Court

                                By:_____

                                HOWARD C. FORMAN

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

      Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a foreign Corporation,
f/k/a United Healthcare Services of Minnesota, Inc.,
UNITEDHEALTHCARE OF FLORIDA, INC., a Florida Corporation,
EMPIRE HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

      Defendants.

_____

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

      Plaintiffs, MICHAEL J. LIGOTTI, D.O. and WHOLE HEALTH, LLC, (hereinafter referred to respectively as "DR. LIGOTTI", "WH", and collectively as "Plaintiffs") by and through their undersigned counsel sue Defendants, UNITED HEALTHCARE SERVICES, INC., a foreign corporation, f/k/a United Healthcare Services of Minnesota, Inc., (hereinafter referred to as "UNITED"), UNITEDHEALTHCARE OF FLORIDA, INC., a Florida corporation (hereinafter referred to as "UNITED FLORIDA"), EMPIRE HEALTH CENTER, INC., a Florida corporation, JUST RECOVERY, LLC and RECOVERY IN THE LIGHT, LLC and in support allege as follows:

## PARTIES, JURISDICTION, AND VENUE

      1.    This is an action for damages in excess of fifteen-thousand dollars

($15,000), exclusive of interest and costs, and is above the jurisdictional limits of this Court.

2.      At all times material hereto, DR. LIGOTTI was and is a Florida licensed doctor of osteopathic medicine, who treated and actively treats individuals suffering from substance abuse and co-occurring mental health disorders, among others conditions, at his private practice, WH, which is located in Delray Beach, Florida.

3.      At all times material hereto, DR. LIGOTTI was and is a resident of Palm Beach County, Florida.

4.      At all times material hereto, WH, was and is a Florida limited liability company, authorized to do business under the laws of Florida, with its principal place of business in Palm Beach County, Florida and doing business in Palm Beach County.

5.      At all times material hereto, Defendant, UNITED, was and is a foreign corporation with substantial and ongoing business operations in the State of Florida, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

6.      At all times material hereto, Defendant, UNITED FLORIDA, was and is a Florida corporation, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

7.      At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC., was and is a Florida corporation, authorized to do business under the laws of Florida, and doing business in Miami-Dade County, Florida, with an office for transaction of its

customary business and/or an agent or representative in Miami-Dade County, Florida.

8.      At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC., was and is a medical facility that was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI'S name, Federal Tax Identification Number, Medical License Number, National Provider Identification Number and/or other identifying information ("Personal Information").

9.      At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, was and is a Florida limited liability company, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

10.     At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, was and is a substance abuse provider licensed for Intensive Outpatient Treatment and Outpatient Treatment.   Defendant, RECOVERY IN THE LIGHT, LLC, was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI's Personal Information.

11.     At all times material hereto, Defendant, JUST RECOVERY, LLC, was and is a Florida limited liability company, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

12.     At all times material hereto, Defendant, JUST RECOVERY, LLC, was and is a substance abuse provider licensed for Intensive Outpatient Treatment and Outpatient Treatment. Defendant, JUST RECOVERY, LLC, was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI's Personal Information.

13.     All conditions precedent to bringing this action have been met, waived, and/or otherwise satisfied.

14.     Venue is proper in this Court because one or more of the Defendants conduct substantial business and have, or usually keep an office for transaction of customary business and/or maintains an agent or representative in Broward County, Florida.

## FACTS COMMON TO ALL COUNTS

15.     DR. LIGOTTI has been a licensed doctor of osteopathic medicine in the State of Florida since 2003.  DR. LIGOTTI specializes in treating individuals suffering from substance abuse and co-occurring mental health disorders.

16.     DR. LIGOTTI marketed the services of his private practice, WH, to various licensed substance abuse treatment facilities in South Florida (sometimes referred to as "Facility" in the singular or "Facilities" in the plural).  A number of those substance abuse treatment facilities in South Florida would refer its patients to WH for services that could not be rendered by the Facilities.

17.     DR. LIGOTTI also marketed his private practice, WH, to sober-living homes in South Florida.  A number of those sober-living homes in South Florida would refer its patients to WH for medical services because of the unlicensed status of sober-living homes that prohibit them from providing services that may be provided by a medical or healthcare provider.

18.     At all times material hereto, DR. LIGOTTI, WH, and the Facilities and the sober-living homes referring patients to WH, did not receive any form of compensation or payment from any party for the referral of patients to WH.

19.     DR. LIGOTTI provided independent medical services at WH to patients referred by Facilities or sober-living homes.  DR. LIGOTTI would either bill the patient or the patient's health insurance company under WH for services rendered to patients at WH.

20.     DR. LIGOTTI never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information, unless it was to submit a Facility claim identifying him as the Medical Director.  In all situations where Facilities or sober-living homes referred patients to DR. LIGOTTI, he never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information for the submission of insurance claims and/or bills in connection with the services rendered to patients at WH.

21.     At all times material hereto, in addition to DR. LIGOTTI' s general practice at WH, DR. LIGOTTI also acted and continues to act as the Medical Director for certain licensed substance abuse treatment facilities in the South Florida area.  As the Medical Director, DR. LIGOTTI oversees the medical services of these substance abuse treatment facilities.   As compensation for serving as the Medical Director for these facilities, DR. LIGOTTI receives a monthly flat fee from the Facilities.

22.     When the substance abuse treatment facilities in the South Florida area for which DR. LIGOTTI serves as the Medical Director submit claims and/or bills to the patient's insurance company, DR. LIGOTTI is listed as the Medical Director on the Facility claim and/or bill.   DR. LIGOTTI did not have any involvement with the submission of Facility claims and has no control over the services billed, codes billed, frequency of billing, or amount billed to insurance carriers by any Facilities.   DR.

LIGOTTI also had no control over the choice of independent clinical laboratory utilized by these Facilities.

23.    DR. LIGOTTI and WH are out of network with all insurance carriers, including UNITED. All the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director are also out of network with UNITED.

24.    DR. LIGOTTI and WH provided and continue to provide services to patients insured by UNITED. Upon information and belief, the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director also provided and continue to provide services to patients insured by UNITED.

25.    In or around January 2014, UNITED abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED insureds at WH. UNITED also abruptly and improperly began denying and/or withholding payment on claims submitted by the substance abuse treatment facilities for services provided to UNITED insureds where DR. LIGOTTI served as the Medical Director.

26.    Almost twenty four (24) months after UNITED abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED insureds, DR. LIGOTTI, WH and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medial Director, remain "flagged" by UNITED for no payment even though UNITED knows the services rendered to its insureds by DR. LIGOTTI are covered and payable.

27.    Upon information and belief, UNITED's actions in failing to make payment on any of the claims at issue for almost a 24 month period and its continued "flagging"

6

of DR. LIGOTTI and WH for no justifiable reason whatsoever, are an attempt to force DR. LIGOTTI and WH to stop providing services to UNITED insureds who have plans with out of network benefits.

28.     UNITED's purported basis for the denials, which were published to third parties (including DR. LIGOTTI's business associates and patients), often included the false assertions by UNITED that DR. LIGOTTI did not have an "active license" and/or that DR. LIGOTTI's license could "not be verified" and/or that the services provided by DR. LIGOTTI had been "misrepresented."

29.     At all times material hereto, UNITED has essentially taken the position and has been representing that DR. LIGOTTI was/is not a medical doctor with an active license and/or that he was/is committing fraud in the manner in which services were provided and/or billed.

30.     Explanation of Benefits ("EOB's") from UNITED denying coverage and containing the aforementioned false assertions were published to UNITED's insureds, billing companies, and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medical Director. (Samples of such EOB's are attached to this Amended Complaint as Composite Exhibit A).

31.     DR. LIGOTTI has maintained an active medical license in good standing with the State of Florida since 2003, and there is no record of any discipline or complaints against DR. LIGOTTI.

32.     At all times material hereto, DR. LIGOTTI's clean record could be verified by visiting the Florida Department of Health's website (http://www.floridahealth.gov).

33.     At all times material hereto, DR. LIGOTTI has on numerous occasions,

provided copies of all relevant licenses to UNITED.

34.      UNITED continues to wrongfully assert and misrepresent that an active license cannot be verified for DR. LIGOTTI and that he has "misrepresented" services to UNITED.

35.      DR. LIGOTTI has never "misrepresented" his services and has actively shared information with UNITED related to the services at issue.  DR. LIGOTTI provided UNITED a full listing of all services rendered at WH by him, copies of all medical records for UNITED's insureds treated by WH, and a full listing of the substance abuse treatment facilities where DR. LIGOTTI has acted as and/or continues to act as the Medical Director.

36.      Since January 2014, DR. LIGOTTI has provided information to UNITED relating to the Facilities and sober-living homes that refer patients to WH.  Specifically, DR. LIGOTTI provided information to UNITED that:

a) he does not receive any compensation from any Facilities or sober living homes that refer patients to WH;

b) he never had an ownership or management position with any Facilities or sober living homes that refer patients to WH;

c) he was never involved in the submission of insurance claims by an entity other than his own private practice; and

d) substantiates that he never authorized the use and disclosure of his Personal Information on claims for reimbursement to UNITED from any substance abuse treatment facilities or sober-living homes that refer patients to WH.

37.      DR. LIGOTTI has complied with and continues to comply with UNITED's

alleged investigation. At no time has he committed any acts that were prohibited by law and/or are fraudulent or misrepresentative of the services provided by Plaintiffs to UNITED insureds.

38.     In cooperation with UNITED's alleged investigation, DR. LIGOTTI provided UNITED with copies of cease and desist letters that were sent to entities that UNITED alleged were utilizing DR. LIGOTTI's Personal Information to submit unauthorized claims to UNITED. DR. LIGOTTI also provided detailed answers to all questions posed by UNITED.

39.     DR. LIGOTTI and WH are out of network with all insurance carriers, including UNITED FLORIDA. All the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director are also out of network with UNITED FLORIDA.

40.     DR. LIGOTTI and WH provided and continue to provide services to patients insured by UNITED FLORIDA. Upon information and belief, the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director also provided and continue to provide services to patients insured by UNITED FLORIDA.

41.     In or around January 2014, UNITED FLORIDA abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED FLORIDA insureds at WH. UNITED FLORIDA also abruptly and improperly began denying and/or withholding payment on claims submitted by the substance abuse treatment facilities for services provided to UNITED FLORIDA insureds where DR. LIGOTTI served as the Medical Director.

42.     Almost twenty four (24) months after UNITED FLORIDA abruptly and

improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED FLORIDA insureds, DR. LIGOTTI, WH and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medial Director, remain "flagged" by UNITED FLORIDA for no payment even though UNITED FLORIDA knows the services rendered to its insureds by DR. LIGOTTI are covered and payable.

43.    Upon information and belief, UNITED FLORIDA's actions in failing to make payment on any of the claims at issue for almost a 24 month period and its continued "flagging" of DR. LIGOTTI and WH for no justifiable reason whatsoever, are an attempt to force DR. LIGOTTI and WH to stop providing services to UNITED FLORIDA insureds who have plans with out of network benefits.

44.    UNITED FLORIDA's purported basis for the denials, which were published to third parties (including DR. LIGOTTI's business associates and patients), often included the false assertions by UNITED FLORIDA that DR. LIGOTTI did not have an "active license" and/or that DR. LIGOTTI's license could "not be verified" and/or that the services provided by DR. LIGOTTI had been "misrepresented."

45.    At all times material hereto, UNITED FLORIDA has essentially taken the position and has been representing that DR. LIGOTTI was/is not a medical doctor with an active license and/or that he was/is committing fraud in the manner in which services were provided and/or billed.

46.    Explanation of Benefits ("EOB's") from UNITED FLORIDA denying coverage and containing the aforementioned false assertions were published to UNITED FLORIDA's insureds, billing companies, and the substance abuse treatment

facilities where DR. LIGOTTI serves as the Medical Director. (Samples of such EOB's are attached to this Amended Complaint as Composite Exhibit A).

47.    DR. LIGOTTI has maintained an active medical license in good standing with the State of Florida since 2003, and there is no record of any discipline or complaints against DR. LIGOTTI.

48.    At all times material hereto, DR. LIGOTTI's clean record could be verified by visiting the Florida Department of Health's website (http://www.floridahealth.gov).

49.    At all times material hereto, DR. LIGOTTI has on numerous occasions, provided copies of all relevant licenses to UNITED FLORIDA.

50.    UNITED FLORIDA continues to wrongfully assert and misrepresent that an active license cannot be verified for DR. LIGOTTI and that he has "misrepresented" services to UNITED FLORIDA.

51.    DR. LIGOTTI has never "misrepresented" his services and has actively shared information with UNITED FLORIDA related to the services at issue.   DR. LIGOTTI provided UNITED FLORIDA a full listing of all services rendered at WH by him, copies of all medical records for UNITED FLORIDA's insureds treated by WH, and a full listing of the substance abuse treatment facilities where DR. LIGOTTI has acted as and/or continues to act as the Medical Director.

52.    Since January, 2014, DR. LIGOTTI has provided information to UNITED FLORIDA relating to the Facilities and sober-living homes that refer patients to WH. Specifically, DR. LIGOTTI provided information to UNITED FLORIDA that:

a) he does not receive any compensation from any Facilities or sober living homes that refer patients to WH;

11

b) he never had an ownership or management position with any Facilities or sober living homes that refer patients to WH;

c) he was never involved in the submission of insurance claims by an entity other than his own private practice; and

d) substantiates that he never authorized the use and disclosure of his Personal Information on claims for reimbursement to UNITED FLORIDA from any substance abuse treatment facilities or sober-living homes that refer patients to WH.

53.    DR. LIGOTTI has complied with and continues to comply with UNITED FLORIDA's alleged investigation.   At no time has he committed any acts that were prohibited by law and/or are fraudulent or misrepresentative of the services provided by Plaintiffs to UNITED FLORIDA insureds.

54.    In cooperation with UNITED FLORIDA's alleged investigation, DR. LIGOTTI provided UNITED FLORIDA with copies of cease and desist letters that were sent to entities that UNITED FLORIDA alleged were utilizing DR. LIGOTTI's Personal Information to submit unauthorized claims to UNITED FLORIDA.   DR. LIGOTTI also provided detailed answers to all questions posed by UNITED FLORIDA.

55.    Upon information and belief, Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC and JUST RECOVERY, LLC, have and continue to use DR. LIGOTTI's Personal Information without his consent or knowledge to submit insurance claims for payment to UNITED in unauthorized circumstances.

56.    Upon information and belief, Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC and JUST RECOVERY, LLC, have listed and

continue to list DR. LIGOTTI on claims as the rendering/ordering physician for services that DR. LIGOTTI never provided, ordered or referred.

57.     As a result of the actions of Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC, and JUST RECOVERY, LLC, actions, the reputations of DR. LIGOTTI and WH have been disparaged and harmed.  Plaintiffs have suffered and continue to suffer damages.

58.     At all times material hereto, in accordance with UNITED and/or UNITED FLORIDA's appellate procedures, DR. LIGOTTI has timely appealed each of the denied claims and has cooperated with UNITED and/or UNITED FLORIDA's in-house counsel and special investigation unit in a good faith effort to put an end to UNITED and/or UNITED FLORIDA's false and defamatory statements and improper processing of claims.

59.     At all times material hereto, DR. LIGOTTI has repeatedly supplied UNITED and/or UNITED FLORIDA with his Personal Information, medical license, DEA Registration Certificate, CLIA Certificate of Registration, CLIA Certificate of Waiver and all other requested information regarding himself, WH, and any relationship he did or did not have with any third party, as requested by UNITED and/or UNITED FLORIDA. However, UNITED and/or UNITED FLORIDA continues to make the same false and defamatory statements regarding DR. LIGOTTI and continues to wrongfully deny and withhold payment of claims for services performed, ordered or rendered by Plaintiffs, which UNITED and/or UNITED FLORIDA knows are covered and payable.

60.     Additionally, UNITED and/or UNITED FLORIDA attempted to improperly tie payment of DR. LIGOTTI'S claims for services rendered to patients at WH to the

condition that he provide UNITED and/or UNITED FLORIDA with assistance in its investigation against Facilities and sober living homes in a manner which was not only burdensome, but with terms that were impossible for DR. LIGOTTI to perform.

61.    Notwithstanding UNITED and/or UNITED FLORIDA's actions, Plaintiffs have and continue to in good faith provide medical services to UNITED and/or UNITED FLORIDA's insureds.  Yet, UNITED and/or UNITED FLORIDA has and continues to deny payment for medical services provided by Plaintiffs to UNITED and/or UNITED FLORIDA insureds.

62.    As a result of UNITED and/or UNITED FLORIDA's false statements regarding DR. LIGOTTI, Plaintiffs' relationships with numerous patients, fellow physicians, associated substance abuse treatment facilities, as well as referral sources have been negatively impacted.

63.    On at least one occasion, UNITED and/or UNITED FLORIDA stated to an entity with whom DR. LIGOTTI served as the Medical Director that UNITED and/or UNITED FLORIDA does not "think that DR. LIGOTTI is a licensed physician." Moreover, UNITED and/or UNITED FLORIDA falsely represented that DR. LIGOTTI was involved with the submission of false claims to UNITED and/or UNITED FLORIDA. As a result of the aforementioned false and defamatory statements by UNITED and/or UNITED FLORIDA, the entity terminated its relationship with DR. LIGOTTI.

64.    Defendant, UNITED and/or UNITED FLORIDA, made the aforementioned false and defamatory statements knowing they were false or with a reckless disregard for the truth; without reasonable grounds for UNITED and/or UNITED FLORIDA to believe they were true; and with the sole intent to injure and defame DR. LIGOTTI.

14

65. At all times material hereto, the aforementioned false and defamatory statements regarding DR. LIGOTTI have caused, and continue to cause, irreparable damage and/or harm to Plaintiffs' reputations, and have adversely affected, and are continuing to adversely affect Plaintiffs' business practices and relationships with numerous patients, physicians, clinics, treatment facilities, billing companies, as well as referral sources.

66. As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer damages.

## COUNT I
## DEFAMATION CLAIM AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

67. This is a cause of action against Defendant, UNITED, for defamation.

68. At all times material hereto, Defendant, UNITED, intentionally made statements to numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources about DR. LIGOTTI, which UNITED knew were false and derogatory.

69. At all times material hereto, Defendant, UNITED, intentionally published and/or communicated to third parties, numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources, the aforementioned false statements.

70. At all times material hereto, Defendant, UNITED, knew such false statements would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practices.

71.     At all times material hereto, Defendant, UNITED's, false statements impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

72.     At all times material hereto, Defendant, UNITED's, false statements have caused significant injury to Plaintiffs' reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT II
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

73.     This is a cause of action against Defendant, UNITED, for tortious interference with business relations.

74.     At all times material hereto, Plaintiffs have an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources, of which Defendant, UNITED, is aware.

75.     At all times material hereto, Defendant, UNITED, has intentionally made statements to numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources about Plaintiffs, which UNITED knew were false and derogatory and have damaged Plaintiffs, which include but are not limited to DR. LIGOTTI not being the Medical Director of record for Facilities for which he was the

Medical Director of record.

76.    At all times material hereto, Defendant, UNITED's, interference with the advantageous business relations between Plaintiffs and numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

77.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts of interference, and continue to suffer damages as a direct and foreseeable result of UNITED's continued tortious interference with Plaintiffs' advantageous business relationships with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT III
## BREACH OF IMPLIED CONTRACT IN LAW
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

78.    Defendant, UNITED, through the acts and omissions described herein, is in possession of money that is rightfully the property of Plaintiffs.

79.    As a result, UNITED has been unjustly enriched by its activities and Plaintiffs have suffered a detriment.

80.    Plaintiffs have provided medical services to patients insured by UNITED

without entering into a written contractual relationship with UNITED.   Accordingly, Plaintiffs have conferred a benefit upon UNITED.

81.     UNITED has knowledge that Plaintiffs treated UNITED insureds and conferred benefits upon UNITED and UNITED has accepted the benefits conferred.

82.     Plaintiffs are entitled to receive compensation for their work and labor.

83.     UNITED has wrongfully withheld compensation for the work and labor performed by Plaintiffs to the benefit of UNITED.

84.     The circumstances are such that it is inequitable for UNITED to retain the benefits without paying Plaintiffs fair value for the work and labor performed.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT IV
## VIOLATION OF FLORIDA STATUTE §627.6131
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

85.     Upon information and belief, at all times material hereto, Defendant, UNITED, and DR. LIGOTTI's patients who are insured by UNITED, were parties to written insurance contracts whereby UNITED agreed to cover and, directly pay medical care providers, such as Plaintiffs, for covered services provided to the UNITED insureds by the medical providers.

86.     As a medical provider rendering covered services to UNITED insureds, Plaintiffs are third party beneficiaries of the contracts between UNITED and the UNITED

insured to whom Plaintiff provided medical services.

87.     As a matter of Florida law, when parties, including UNITED's insureds, enter into an insurance contract that is subject to statutory regulations, the parties are presumed to have entered into the agreement with reference to such statute and such is incorporated within the contract of insurance.

88.     Fla. Stat. §627.613 and Fla. Stat. §627.6131 govern the timely processing and payment of claims and therefore are incorporated into the insured's agreements with UNITED.

89.     Plaintiffs have complied with the requirements of Fla. Stat. §627.6131 by submitting claims timely to UNITED, on the appropriate forms and with appropriate codes.

90.     UNITED has failed to properly pay, properly contest and/or properly deny claims within 90 days of receipt for electronic claims and within 120 days of receipt for paper claims as per Fla. Stat. §627.6131.

91.     UNITED has failed to properly deny and properly contest claims by using codes which are defamatory and knowingly false, such as "misrepresentation" and failing to provide sufficient details to determine the grounds for denial or by failing to request information that is reasonably related to the processing of the claims.

92.     Additionally, UNITED has withheld payments for insurance claims in violation of Fla. Stat. §627.6131.  For example, UNITED has taken the position that it will not process claims unless DR. LIGOTTI provides information relating to third parties, which DR. LIGOTTI has already provided to the best of his knowledge and ability.

93.     UNITED'S failure to properly pay or deny claims for more than 120 days for electronic claims and more than 140 days for paper claims creates an uncontestable obligation to pay the claims submitted.

94.     As a direct and proximate result of UNITED's breach of its obligations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT V**
**UNFAIR INSURANCE TRADE PRACTICES**
**FLA. STAT. § 626.9541(1)(c)**
**AGAINST DEFENDANT, UNITED**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

95.     This is a cause of action against Defendant, UNITED, for unfair insurance trade practices and specifically for defamation pursuant to Fla. Stat. § 626.9541(1)(c).

96.     At all times material hereto, Plaintiffs have had an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources of which Defendant, UNITED, is aware.

97.     At all times material hereto, Defendant, UNITED, has knowingly made, published and disseminated, directly or indirectly, oral and/or written statements which are false or maliciously critical of, or derogatory to, DR. LIGOTTI and which were calculated to injure DR. LIGOTTI.

98.     These oral and/or false written statements, or maliciously critical statements, or derogatory statements by UNITED concerning DR. LIGOTTI, were made

to numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources.  UNITED knew the statements were false and derogatory, and intended to cause damage to Plaintiffs.

99.    At all times material hereto, Plaintiffs have suffered damages as a direct result of the Defendant, UNITED's, false statements and acts and continues to suffer damages as a direct and foreseeable result of UNITED's continued wrongful conduct.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT VI
### UNFAIR INSURANCE TRADE PRACTICES
### FLA. STAT. § 626.9541(1)(i)(2)
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

100.    This is a cause of action against Defendant, UNITED, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(2).

101.    Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

102.    DR. LIGOTTI is a person within the meaning of Fla. Stat. §626.9511. Pursuant to Fla. Stat. §624.155, Plaintiffs are pursuing civil remedies as provided by law for unfair claims settlement practices.

103.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant's, UNITED's, insureds that are

improperly and systematically denied by UNITED.

104.    At all times material hereto, in connection with the processing of claims at issue in this case, Defendant, UNITED, intentionally made material misrepresentations to its insureds and third parties regarding Plaintiffs in an effort to avoid paying its obligations under the relevant insurance contracts.

105.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts and continues to suffer damages as a direct and foreseeable result of UNITED's continued conduct.

106.    Proper notice to UNITED in compliance with Fla. Stat. §626.9511 was provided.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT VII**
**UNFAIR INSURANCE TRADE PRACTICES**
**FLA. STAT. § 626.9541(1)(i)(3)**
**AGAINST DEFENDANT, UNITED**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

107.    This is a cause of action against Defendant, UNITED, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(3).

108.    Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

109.    DR. LIGOTTI and WH are persons within the meaning of Fla. Stat.

22

§626.9511. Pursuant to Fla. Stat. §624.155, DR. LIGOTTI is pursuing civil remedies as provided by law for unfair claims settlement practices.

110.   At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED's, insureds that are improperly and systematically denied by UNITED.

111.   At all times material hereto, Defendant, UNITED's, actions have occurred with such frequency as to indicate a general business practice of (1) misrepresenting pertinent facts related to coverage issues; (2) failing to acknowledge and act promptly upon communications with respect to claims; and (3) denying claims without conducting reasonable investigations based upon available information.  Additionally, UNITED has failed to clearly explain the nature of the requested information and the reasons why such information is necessary.

112.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts and continue to suffer damages as a direct and foreseeable result of UNITED's continued conduct.

113.   UNITED and the Department of Insurance have been given 60 days' written notice of the violations at issue in compliance with Fla. Stat. §626.9511.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT VIII**
**CONVERSION**
**AGAINST DEFENDANT, UNITED**

Plaintiffs reallege and incorporate by reference the allegations contained in

Paragraphs 1-66 as if fully set forth herein.

114.   At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED's, insureds, which are improperly and systematically denied and/or withheld.

115.   At all times material hereto, Defendant, UNITED, has and continues to deny and withhold monies due to Plaintiffs even though UNITED knows that the claims are payable thereby depriving Plaintiffs of the funds for the services rendered to UNITED's insureds.

116.   At all times material hereto, Defendant, UNITED, has been in possession of Plaintiffs' funds.

117.   At all times material hereto, Defendant, UNITED, has seized and retained Plaintiffs' funds for its own use and benefit.

118.   At all times material hereto, Defendant, UNITED's, improper possession and retention of funds which belong to Plaintiffs give rise to a claim for conversion.

119.   At all times material hereto, Defendant, UNITED, has, without authorization, asserted dominion and control over Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

120.   At all times material hereto, Plaintiffs, have placed Defendant, UNITED, on actual notice of the misappropriation and/or conversion of said funds, and furthermore, have provided UNITED with all of the pertinent documents required for UNITED to release the funds

121.   At all times material hereto, not only has Defendant, UNITED, exerted dominion, possession and control over said funds, but UNITED has asserted an

24

ownership interest over said funds by using them in its business enterprise, deriving, in this manner, an economic benefit.

122.   At all times material hereto, the amount of funds wrongfully converted by Defendant, UNITED, are specific and identifiable.

123.   At all times material hereto, Defendant, UNITED's, conversion and/or misappropriation of funds has permanently deprived Plaintiffs of the right to possession, control, and use of their money.

124.   At all times material hereto, as a direct and proximate result of Defendant, UNITED's, repeated and continued misappropriation and/or conversion of Plaintiffs' funds, Plaintiffs have suffered substantial damage.

WHEREFORE, Plaintiffs demand judgment against Defendant, UNITED, for damages, costs, interest and such other and further relief which is necessary and just under the circumstances and demands trial by jury of all issues triable as right by jury.

### COUNT IX
### CIVIL THEFT – FLA. STAT. § 722.11
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

125.   At all times material hereto, Defendant, UNITED, has committed theft by knowingly collecting, demanding, withholding, and/or taking Plaintiffs' funds with the intent to permanently deprive Plaintiffs of the right to use, control and dispose of said funds.

126.   At all times material hereto, Defendant, UNITED, knowingly used said funds for its own use, with the intent to permanently deprive Plaintiffs of the right to use,

control and dispose of said funds.

127.    At all times material hereto, Defendant, UNITED, knew that it did not have a right to collect, retain, withhold and/or misappropriate said funds.

128.    At all times material hereto, Defendant, UNITED, acted with criminal intent to either temporarily or permanently deprive Plaintiffs of their property.

129.    At all times material hereto, Defendant, UNITED, seized and retained Plaintiffs' funds for its own use and benefit.

130.    At all times material hereto, as a direct and proximate result of the foregoing, Plaintiffs have suffered damages.

131.    At all times material hereto, Plaintiffs have made a written demand on Defendant, UNITED, pursuant to Fla. Stat. § 722.11. (See copy of demand dated December 21, 2015 attached to this Amended Complaint as Exhibit B).

132.    More than 30 days have passed since Defendant, UNITED, received the aforementioned written demand and UNITED has failed to comply with said demand by reimbursing and/or tendering the funds withheld for services provided by Plaintiffs to UNITED's insureds.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, for damages of three times the amount stolen, interest, costs and attorney's fees pursuant to Fla. Stat. § 722.11, and demands trial by jury of all issues triable as of right by jury.

## COUNT X
## INJUNCTION AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in

26

Paragraphs 1-66 as if fully set forth herein.

133.   At all times material hereto, Plaintiffs seek to enjoin Defendant, UNITED, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

134.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

135.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

136.   At all times material hereto, Plaintiffs have no adequate remedy at law.

137.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause Defendant, UNITED.

138.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, UNITED, from making false statements about DR. LIGOTTI's license and status as a doctor and unjustly denying and withholding claims, together with such other and further relief as this Court deems just and proper.

## COUNT XI
## DEFAMATION CLAIM AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

139.   This is a cause of action against Defendant, UNITED FLORIDA, for defamation.

140.   At all times material hereto, Defendant, UNITED FLORIDA, intentionally made statements to numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources about DR. LIGOTTI, which UNITED FLORIDA knew were false and derogatory.

141.   At all times material hereto, Defendant, UNITED FLORIDA, intentionally published and/or communicated to third parties, numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources, the aforementioned false statements.

142.   At all times material hereto, Defendant, UNITED FLORIDA, knew such false statements would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practices.

143.   At all times material hereto, Defendant, UNITED FLORIDA's, false statements impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

144.   At all times material hereto, Defendant, UNITED FLORIDA's, false statements have caused significant injury to Plaintiffs' reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in

28

Paragraphs 1-66 as if fully set forth herein.

145.   This is a cause of action against Defendant, UNITED FLORIDA, for tortious interference with business relations.

146.   At all times material hereto, Plaintiffs have an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources, of which Defendant, UNITED FLORIDA, is aware.

147.   At all times material hereto, Defendant, UNITED FLORIDA, has intentionally made statements to numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources about Plaintiffs, which UNITED FLORIDA knew were false and derogatory and have damaged Plaintiffs, which include but are not limited to DR. LIGOTTI not being the Medical Director of record for Facilities for which he was the Medical Director of record.

148.   At all times material hereto, Defendant, UNITED FLORIDA's, interference with the advantageous business relations between Plaintiffs and numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

149.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts of interference, and continue to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued tortious interference with Plaintiffs' advantageous business relationships with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant,

UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT XIII**
**BREACH OF IMPLIED CONTRACT IN LAW**
**AGAINST DEFENDANT, UNITED FLORIDA**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

150.    Defendant, UNITED FLORIDA, through the acts and omissions described herein, is in possession of money that is rightfully the property of Plaintiffs.

151.    As a result, UNITED FLORIDA has been unjustly enriched by its activities and Plaintiffs have suffered a detriment.

152.    Plaintiffs have provided medical services to patients insured by UNITED FLORIDA without entering into a written contractual relationship with UNITED FLORIDA. Accordingly, Plaintiffs have conferred a benefit upon UNITED FLORIDA.

153.    UNITED FLORIDA has knowledge that Plaintiffs treated UNITED FLORIDA insureds and conferred benefits upon UNITED FLORIDA and UNITED FLORIDA has accepted the benefits conferred.

154.    Plaintiffs are entitled to receive compensation for their work and labor.

155.    UNITED FLORIDA has wrongfully withheld compensation for the work and labor performed by Plaintiffs to the benefit of UNITED FLORIDA.

156.    The circumstances are such that it is inequitable for UNITED FLORIDA to retain the benefits without paying Plaintiffs fair value for the work and labor performed.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by

jury of all issues so triable as a matter of right by jury.

## COUNT XIV
## VIOLATION OF FLORIDA STATUTE §627.6131
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

157.   Upon information and belief, at all times material hereto, Defendant, UNITED FLORIDA, and DR. LIGOTTI's patients who are insured by UNITED FLORIDA, were parties to written insurance contracts whereby UNITED FLORIDA agreed to cover and, directly pay medical care providers, such as Plaintiffs, for covered services provided to the UNITED FLORIDA insureds by the medical providers.

158.   As a medical provider rendering covered services to UNITED FLORIDA insureds, Plaintiffs are third party beneficiaries of the contracts between UNITED FLORIDA and the UNITED FLORIDA insured to whom Plaintiff provided medical services.

159.   As a matter of Florida law, when parties, including UNITED FLORIDA's insureds, enter into an insurance contract that is subject to statutory regulations, the parties are presumed to have entered into the agreement with reference to such statute and such is incorporated within the contract of insurance.

160.   Fla. Stat. §627.613 and Fla. Stat. §627.6131 govern the timely processing and payment of claims and therefore are incorporated into the insured's agreements with UNITED FLORIDA.

161.   Plaintiffs have complied with the requirements of Fla. Stat. §627.6131 by submitting claims timely to UNITED FLORIDA, on the appropriate forms and with

appropriate codes.

162.   UNITED FLORIDA has failed to properly pay, properly contest and/or properly deny claims within 90 days of receipt for electronic claims and within 120 days of receipt for paper claims as per Fla. Stat. §627.6131.

163.   UNITED FLORIDA has failed to properly deny and properly contest claims by using codes which are defamatory and knowingly false, such as "misrepresentation" and failing to provide sufficient details to determine the grounds for denial or by failing to request information that is reasonably related to the processing of the claims.

164.   Additionally, UNITED FLORIDA has withheld payments for insurance claims in violation of Fla. Stat. §627.6131. For example, UNITED FLORIDA has taken the position that it will not process claims unless DR. LIGOTTI provides information relating to third parties, which DR. LIGOTTI has already provided to the best of his knowledge and ability.

165.   UNITED FLORIDA'S failure to properly pay or deny claims for more than 120 days for electronic claims and more than 140 days for paper claims creates an uncontestable obligation to pay the claims submitted.

166.   As a direct and proximate result of UNITED FLORIDA's breach of its obligations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XV
## UNFAIR INSURANCE TRADE PRACTICES
## FLA. STAT. § 626.9541(1)(c)
## AGAINST DEFENDANT, UNITED FLORIDA

32

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

167.    This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices and specifically for defamation pursuant to Fla. Stat. § 626.9541(1)(c).

168.    At all times material hereto, Plaintiffs have had an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources of which Defendant, UNITED FLORIDA, is aware.

169.    At all times material hereto, Defendant, UNITED FLORIDA, has knowingly made, published and disseminated, directly or indirectly, oral and/or written statements which are false or maliciously critical of, or derogatory to, DR. LIGOTTI and which were calculated to injure DR. LIGOTTI.

170.    These oral and/or false written statements, or maliciously critical statements, or derogatory statements by UNITED FLORIDA concerning DR. LIGOTTI, were made to numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources.  UNITED FLORIDA knew the statements were false and derogatory, and intended to cause damage to Plaintiffs.

171.    At all times material hereto, Plaintiffs have suffered damages as a direct result of the Defendant, UNITED FLORIDA's, false statements and acts and continues to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued wrongful conduct.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by

jury of all issues so triable as a matter of right by jury.

## COUNT XVI
## UNFAIR INSURANCE TRADE PRACTICES
## FLA. STAT. § 626.9541(1)(i)(2)
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

172.    This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(2).

173.    Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

174.    DR. LIGOTTI is a person within the meaning of Fla. Stat. §626.9511. Pursuant to Fla. Stat. §624.155, Plaintiffs are pursuing civil remedies as provided by law for unfair claims settlement practices.

175.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant's, UNITED FLORIDA's, insureds that are improperly and systematically denied by UNITED FLORIDA.

176.    At all times material hereto, in connection with the processing of claims at issue in this case, Defendant, UNITED FLORIDA, intentionally made material misrepresentations to its insureds and third parties regarding Plaintiffs in an effort to avoid paying its obligations under the relevant insurance contracts.

177.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts and continues to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued conduct.

178.   Proper notice to UNITED FLORIDA in compliance with Fla. Stat. §626.9511 was provided.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT XVII**
**UNFAIR INSURANCE TRADE PRACTICES**
**FLA. STAT. § 626.9541(1)(i)(3)**
**AGAINST DEFENDANT, UNITED FLORIDA**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

179.   This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(3).

180.   Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

181.   DR. LIGOTTI and WH are persons within the meaning of Fla. Stat. §626.9511. Pursuant to Fla. Stat. §624.155, DR. LIGOTTI is pursuing civil remedies as provided by law for unfair claims settlement practices.

182.   At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED FLORIDA's, insureds that are improperly and systematically denied by UNITED FLORIDA.

183.   At all times material hereto, Defendant, UNITED FLORIDA's, actions have occurred with such frequency as to indicate a general business practice of (1) misrepresenting pertinent facts related to coverage issues; (2) failing to acknowledge

and act promptly upon communications with respect to claims; and (3) denying claims without conducting reasonable investigations based upon available information. Additionally, UNITED FLORIDA has failed to clearly explain the nature of the requested information and the reasons why such information is necessary.

184.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts and continue to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued conduct.

185.    UNITED FLORIDA and the Department of Insurance have been given 60 days' written notice of the violations at issue in compliance with Fla. Stat. §626.9511.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT XVIII**
**CONVERSION**
**AGAINST DEFENDANT, UNITED FLORIDA**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

186.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED FLORIDA's, insureds, which are improperly and systematically denied and/or withheld.

187.    At all times material hereto, Defendant, UNITED FLORIDA, has and continues to deny and withhold monies due to Plaintiffs even though UNITED FLORIDA knows that the claims are payable thereby depriving Plaintiffs of the funds for the services rendered to UNITED FLORIDA's insureds.

188.    At all times material hereto, Defendant, UNITED FLORIDA, has been in possession of Plaintiffs' funds.

189.    At all times material hereto, Defendant, UNITED FLORIDA, has seized and retained Plaintiffs' funds for its own use and benefit.

190.    At all times material hereto, Defendant, UNITED FLORIDA's, improper possession and retention of funds which belong to Plaintiffs give rise to a claim for conversion.

191.    At all times material hereto, Defendant, UNITED FLORIDA, has, without authorization, asserted dominion and control over Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

192.    At all times material hereto, Plaintiffs, have placed Defendant, UNITED FLORIDA, on actual notice of the misappropriation and/or conversion of said funds, and furthermore, have provided UNITED FLORIDA with all of the pertinent documents required for UNITED FLORIDA to release the funds

193.    At all times material hereto, not only has Defendant, UNITED FLORIDA, exerted dominion, possession and control over said funds, but UNITED FLORIDA has asserted an ownership interest over said funds by using them in its business enterprise, deriving, in this manner, an economic benefit.

194.    At all times material hereto, the amount of funds wrongfully converted by Defendant, UNITED FLORIDA, are specific and identifiable.

195.    At all times material hereto, Defendant, UNITED FLORIDA's, conversion and/or misappropriation of funds has permanently deprived Plaintiffs of the right to possession, control, and use of their money.

37

196.    At all times material hereto, as a direct and proximate result of Defendant, UNITED FLORIDA's, repeated and continued misappropriation and/or conversion of Plaintiffs' funds, Plaintiffs have suffered substantial damage.

WHEREFORE, Plaintiffs demand judgment against Defendant, UNITED FLORIDA, for damages, costs, interest and such other and further relief which is necessary and just under the circumstances and demands trial by jury of all issues triable as right by jury.

## COUNT XIX
## INJUNCTION AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

197.    At all times material hereto, Plaintiffs seek to enjoin Defendant, UNITED FLORIDA, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

198.    At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

199.    At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

200.    At all times material hereto, Plaintiffs have no adequate remedy at law.

201.    At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause Defendant, UNITED FLORIDA.

202.    At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, UNITED FLORIDA, from making false statements about DR. LIGOTTI's license and status as a doctor and unjustly denying and withholding claims, together with such other and further relief as this Court deems just and proper.

## COUNT XX
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### AGAINST DEFENDANT, EMPIRE HEALTH CENTER, INC.

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

203.    This is a cause of action against Defendant, EMPIRE HEALTH CENTER, INC., for tortious interference with business relations.

204.    At all times material hereto, Plaintiffs have a public and ongoing relationship with numerous patients, physicians, clinics, billing companies, and treatment facilities, as well as referral sources, within the South Florida community. Plaintiffs have a reputation of specializing in the treatment of substance abuse patients and Defendant, EMPIRE HEALTH CENTER, INC., is aware of this reputation.

205.    At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC., intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between EMPIRE HEALTH CENTER, INC and DR. LIGOTTI.

206.    At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC.

interfered with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida. This interference was intentional and unjustified.

207.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, EMPIRE HEALTH CENTER, INC.'s, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant, EMPIRE HEALTH CENTER, INC.'s, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, EMPIRE HEALTH CENTER, INC., together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XXI
### DEFAMATION CLAIM AGAINST DEFENDANT
### EMPIRE HEALTH CENTER, INC.,

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

208.   This is a cause of action against the Defendant, EMPIRE HEALTH CENTER, INC., for defamation.

209.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., intentionally made statements to numerous patients, physicians, clinics, billing companies and treatment facilities, as well as referral sources about the Plaintiffs, which EMPIRE HEALTH CENTER, INC., knew were false and derogatory.

210.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., intentionally published and/or communicated to a third parties, including health plans, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

211.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., knew such false statements would likely result in material and substantial defamation of the Plaintiffs, reputation and business practices.

212.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC.'s, false statements imputed to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiffs, lawful business, trade, and/or profession.

213.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC.'s, false statements have caused significant injury to the Plaintiffs, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against the Defendant, EMPIRE HEALTH CENTER, INC., together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XXII
### INJUNCTION AGAINST DEFENDANT,
### EMPIRE HEALTH CENTER, INC.

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

214.   At all times material hereto, Plaintiffs seek to enjoin Defendant, EMPIRE

HEALTH CENTER, INC., from engaging in any conduct directed at interfering with Plaintiffs' business relations.

215.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

216.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

217.   At all times material hereto, Plaintiffs have no adequate remedy at law.

218.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

219.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, EMPIRE HEALTH CENTER, INC., from making false statements to United about services provided by Plaintiffs and prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

### COUNT XXIII
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### AGAINST DEFENDANT, JUST RECOVERY, LLC.

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

220.   This is a cause of action against Defendant, JUST RECOVERY, LLC, for

tortious interference with business relations.

221.   At all times material hereto, Plaintiffs have a public and ongoing relationship with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, within the South Florida community and a reputation of specifically treating substance abuse patients of which Defendant, JUST RECOVERY, LLC, is aware.

222.   At all times material hereto, Defendant, JUST RECOVERY, LLC, intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between Defendant, JUST RECOVERY, LLC, and DR. LIGOTTI.

223.   At all times material hereto, Defendant's, JUST RECOVERY, LLC's, interference with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

224.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant's, JUST RECOVERY, LLC's, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant's, JUST RECOVERY, LLC's, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, JUST RECOVERY, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXIV
## DEFAMATION CLAIM AGAINST DEFENDANT

43

**JUST RECOVERY, LLC**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

225. This is a cause of action against the Defendant, JUST RECOVERY, LLC, for defamation.

226. At all times material hereto, the Defendant, JUST RECOVERY, LLC, intentionally made statements to numerous patients, physicians, clinics, billing companies and treatment facilities, as well as referral sources about the Plaintiffs, which JUST RECOVERY, LLC, knew were false and derogatory.

227. At all times material hereto, the Defendant, JUST RECOVERY, LLC, intentionally published and/or communicated to a third parties, including health plans, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

228. At all times material hereto, the Defendant, JUST RECOVERY, LLC, knew such false statements would likely result in material and substantial defamation of the Plaintiffs, reputation and business practices.

229. At all times material hereto, the Defendant, JUST RECOVERY, LLC's, false statements imputed to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiffs, lawful business, trade, and/or profession.

230. At all times material hereto, the Defendant, JUST RECOVERY, LLC's, false statements have caused significant injury to the Plaintiffs, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against the Defendant, JUST RECOVERY, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XXV
### INJUNCTION AGAINST DEFENDANT,
### JUST RECOVERY, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

231.   At all times material hereto, Plaintiffs seek to enjoin Defendant, JUST RECOVERY, LLC, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

232.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

233.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

234.   At all times material hereto, Plaintiffs have no adequate remedy at law.

235.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

236.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an

injunction prohibiting the Defendant, JUST RECOVERY, LLC, from making false statements about DR. LIGOTTI's license and affiliation of DR. LIGOTTI with Defendant, JUST RECOVERY, LLC, as well as prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

**COUNT XXVI**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**AGAINST DEFENDANT, RECOVERY IN THE LIGHT, LLC.**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

237.   This is a cause of action against Defendant, RECOVERY IN THE LIGHT, LLC, for tortious interference with business relations.

238.   At all times material hereto, DR. LIGOTTI has a public and ongoing relationship with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, within the South Florida community and a reputation of specifically treating substance abuse patients of which Defendant, RECOVERY IN THE LIGHT, LLC, is aware.

239.   At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between Defendant, RECOVERY IN THE LIGHT, LLC, and DR. LIGOTTI.

240.   At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC's, interference with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment

facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

241.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant's, RECOVERY IN THE LIGHT, LLC's, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant, RECOVERY IN THE LIGHT, LLC's, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, RECOVERY IN THE LIGHT, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT XXVII**
**DEFAMATION CLAIM AGAINST DEFENDANT**
**RECOVERY IN THE LIGHT, LLC**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

242.   This is a cause of action against the Defendant, RECOVERY IN THE LIGHT, LLC, for defamation.

243.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC, intentionally made statements to numerous patients, physicians, clinics, and treatment facilities, as well as referral sources about the Plaintiff, DR. LIGOTTI, which RECOVERY IN THE LIGHT, LLC, knew were false and derogatory.

244.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT,

47

LLC, intentionally published and/or communicated to a third party, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

245.    At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC, knew such false statements would likely result in material and substantial defamation of the Plaintiff's, DR. LIGOTTI's, reputation and business practices.

246.    At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC's, false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiff's, DR. LIGOTTI's, lawful business, trade, and/or profession.

247.    At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC's, false statements have caused significant injury to the Plaintiff's, DR. LIGOTTI's, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demands judgment for damages against the Defendant, RECOVERY IN THE LIGHT, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXVIII
## NEGLIGENCE PER SE
## VIOLATING FLA. STAT. § 483.201
## AGAINST DEFENDANT, RECOVERY IN THE LIGHT, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

248.    At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, is subject to Fla. Stat. § 483.201 as a licensed clinical laboratory, CLIA Registration

Number 10D2085719.

249.    As a result of being subject to Fla. Stat. § 483.201, Defendant, RECOVERY IN THE LIGHT, LLC, owed a duty of care to Plaintiff, DR. LIGOTTI, to abide by the aforementioned statute, as Plaintiff is within the class of persons sought to be protected by Fla. Stat. § 483.201.

250.    At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, breached said duty by violating Fla. Stat. § 483.201 in that Defendant:

(a) "permit[ed] unauthorized persons to perform technical procedures or to issue reports;"

(b) "demonstrat[ed] incompetence or ma[de] consistent errors in the performance of clinical laboratory examinations and procedures or erroneous reporting;"

(c) "violat[ed] or aid[ed] and abbett[ed] in the violation of any provision of this part or the riles adopted under this part;"

(d) "report[ed] a test result for a clinical specimen if the test was not performed on the clinical specimen;"

(e) "perform[ed] and report[ed] tests in a specialty or subspecialty in which the laboratory is not licensed;"

(f) "knowingly advertised false services or credentials;"

(g) "fail[ed] to correct deficiencies within the time required by the agency."

251.    As a direct, proximate, and foreseeable result of Defendant's violation of Fla. Stat. § 483.201, DR. LIGOTTI's license was used without his authorization to order various tests for patients.

252.    As a further direct, proximate, and foreseeable result of Defendant's

violation of Fla. Stat. §483.201, Plaintiff has suffered and will continue to suffer economic and non-economic damages, extreme and severe mental anguish, distress, pain and suffering, disability, impairment, psychological trauma, mental anguish, inconvenience, and loss of capacity for the enjoyment of life due to the Defendant's conduct.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against Defendant, RECOVERY IN THE LIGHT, LLC, together with costs and intends to seek punitive damages, equitable relief, and demands judgment by jury of all issues triable as of right by jury.

### COUNT XXIX
### INJUNCTION AGAINST DEFENDANT,
### RECOVERY IN THE LIGHT, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

253. At all times material hereto, Plaintiffs seek to enjoin Defendant, RECOVERY IN THE LIGHT, LLC, from engaging in any conduct directed at interfering with Plaintiffs' relations.

254. At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

255. At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

256. At all times material hereto, Plaintiffs have no adequate remedy at law.

257.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

258.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, RECOVERY IN THE LIGHT, LLC, from making false statements about DR. LIGOTTI's license and affiliation of DR. LIGOTTI with Defendant, RECOVERY IN THE LIGHT, LLC, as well as prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

DATED this 26th day of JANUARY, 2016.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK, LIBERMAN P.A.
Attorneys for Plaintiff
12 Southeast Seventh Street
Suite 800
Fort Lauderdale, Florida 33301
(954) 763-8181 - Fax (954) 763-8292


BY: /s/ Brent M. Reitman
    WALTER G. CAMPBELL, JR., ESQ.
    Florida Bar No.: 161009
    BRENT M. REITMAN, ESQ.
    Florida Bar No.: 85313
    pleadings-wgc@krupnicklaw.com

1T-1275'02'000002-PM-1427·120"C05FINYTOPS
STD - 50B

UnitedHealthcare Insurance Company of New York
GREENSBORO SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 03M1528 |
| GROUP NAME: | SOCIEDAD TEXTIL LONIA CORP. |
| TRACE NUMBER: | QK 69301276 |

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | | | | |
|---|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 473638905606 | |
| MEMBER ID: | A 940847671 | DATE RECEIVED: | 09/22/14 | |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD | |
| PATIENT ACCOUNT: | 20700Z8113 | | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/10/14 | 91001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 95693 | $1,500.00 | $1,500.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 83020 | $120.00 | $120.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 80074 | $1,000.00 | $1,000.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| CONTROL # 473638905606 SUBTOTAL: | | $3,120.00 | $3,120.00 | | | | | | $0.00 | # | $3,120.00 |

| | | | | |
|---|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 473638905607 | |
| MEMBER ID: | A 940847571 | DATE RECEIVED: | 09/22/14 | |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD | |
| PATIENT ACCOUNT: | 20700Z8113 | | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/10/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86703 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 87591 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| CONTROL # 473638905607 SUBTOTAL: | | $2,150.00 | $2,150.00 | | | | | | $0.00 | # | $2,150.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

EMARKS:
E)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.
)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

STD - 50B1203173905-51463206 · · · · · 56133090011  <<  1+954+423+4418  P. 10/63

WHOLE HEALTH



EXHIBIT
A

1T-1277'04'000008-FM-142/ J-120'C07ASOBOATOPS
STD - E0B

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0742772 |
| GROUP NAME: | CENVEO CORPORATION |
| TRACE NUMBER: | QK 65904798 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| | |  | | |
|---|---|---|---|---|
| MEMBER NAME: | ▓▓▓▓▓▓▓▓▓▓ | | CONTROL NUMBER: | 474015958407 |
| MEMBER ID: | A 328895155 | | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20863Z8113 | | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 86694 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| 09/12/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/12/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 474015958407 SUBTOTAL: | | $6,050.00 | $6,050.00 | | | | | | $0.00 | F | $6,050.00 |

| | | | |
|---|---|---|---|
| | | TOTAL PAYABLE TO PROVIDER | $0.00 |

REMARKS:
AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
      SUBMIT PROOF OF CURRENT LICENSURE.
F)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278). OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
R LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
800-842-1109, OPTION 3.

1T-1277'04'000006-PM-1427‹-120'C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1899854582 |
| GROUP NUMBER: | 0742772 |
| GROUP NAME: | CENVEO CORPORATION |
| TRACE NUMBER: | OK 65904798 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 474015958403 |
|---|---|---|---|
| MEMBER ID: | A 928895155 | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20693Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 82746 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84436 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| CONTROL # 474015958403 SUBTOTAL: | | $1,750.00 | $1,750.00 | | | | | | $0.00 | | $1,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 474015958404 |
|---|---|---|---|
| MEMBER ID: | A 928895155 | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20693Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 80061 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83525 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82305 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83090 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82248 | $60.00 | $60.00 | | | | | | $0.00 | AE | |
| CONTROL # 474015958404 SUBTOTAL: | | $1,410.00 | $1,410.00 | | | | | | $0.00 | | $1,410.00 |

TT-1278 02 000002-PM-1427 - 120 COMPUTORS
STD - EOS

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854552 |
| GROUP NUMBER: | 0814802 |
| GROUP NAME: | INFORMATICS HOLDINGS, INC. |
| TRACE NUMBER: | QK 02134723 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

PATIENT: ▓▓▓▓▓▓▓▓▓▓

| | | |
|---|---|---|
| MEMBER NAME: | ▓▓▓▓▓▓▓ | CONTROL NUMBER: | 473935157801 |
| MEMBER ID: | A 965270487 | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18799Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/11/14 | 99205 | $700.00 | $700.00 | | | | | | $0.00 | AE | |
| 06/11/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/11/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/11/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473935157801 SUBTOTAL: | $5,950.00 | $5,950.00 | | | | | | $0.00 | # | $5,950.00 |

| | |
|---|---|
| TOTAL PAYABLE TO PROVIDER | $0.00 |

REMARKS:

AE)    CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
        SUBMIT PROOF OF CURRENT LICENSURE.
#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

HE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
MEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
PS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
R LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS. PLEASE CONTACT US TOLL FREE AT
800-842-1109, OPTION 3.

1T-1279*05*000008-PM-1427b-120*C07ASOJPMCTOPS
STD - EOB

United HealthCare Services, Inc.
DULUTH SERVICE CENTER
PO BOX 30884
SALT LAKE CITY, UT 84130-0884
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0108000 |
| GROUP NAME: | WELLS FARGO |
| TRACE NUMBER: | OK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473065151101 |
|---|---|---|---|
| MEMBER ID: | A 932084420 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1733SZ8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/07/14 | 99214 | $350.00 | $350.00 | $350.00 | | | | | $0.00 | AA | |
| | CONTROL # 473065151101 SUBTOTAL: | $350.00 | $350.00 | $350.00 | | | | | $0.00 | * | $0.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473065151102 |
|---|---|---|---|
| MEMBER ID: | A 932084420 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1733SZ8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/07/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/07/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473065151102 SUBTOTAL: | $5,100.00 | $5,100.00 | | | | | | $0.00 | * | $5,100.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE
SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

REMARKS:

A) CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.

E) CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
SUBMIT PROOF OF CURRENT LICENSURE.

*) PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

HE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
OCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
ECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
ENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
MEFRAME REQUIRED BY LAW.

NITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

11-1279'06'000011-PM-1427'5-120°C07ASOJPMCTOPS
STD - EOB

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0226310 |
| GROUP NAME: | DELTA AIR LINES, INC. |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | A 029085901 |
| PRODUCT: | OPT/PPO |
| PATIENT ACCOUNT: | 2024528113 |

| | |
|---|---|
| CONTROL NUMBER: | 471378180901 |
| DATE RECEIVED: | 09/02/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/15/14 | MEDICAL SERVICES | $300.00 | $100.00 | $100.00 | $200.00 | $200.00 | | | $0.00 | X | |
| | CONTROL # 471378180901 SUBTOTAL: | $300.00 | $100.00 | $100.00 | $200.00 | $200.00 | | | $0.00 | # | $200.00 |

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | A 029085901 |
| PRODUCT: | OPT/PPO |
| PATIENT ACCOUNT: | 20564Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 473919592801 |
| DATE RECEIVED: | 09/19/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/04/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 09/04/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 09/04/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/04/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473919592801 SUBTOTAL: | $5,600.00 | $5,600.00 | | | | | | $0.00 | # | $5,600.00 |

REMARKS:

AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

X)   THIS PHYSICIAN OR HEALTH CARE PROVIDER IS OUT-OF-NETWORK BASED ON A FEE NEGOTIATED AGREEMENT WITH MULTIPLAN/VIANT. THE PROVIDER HAS ACCEPTED A DISCOUNT FOR THIS SERVICE. THE DISCOUNT SHOWN IS YOUR SAVINGS AND IS NOT INCLUDED IN THE AMOUNT YOU OWE. IF YOU HAVE PAID THE PHYSICIAN OR HEALTH CARE PROVIDER MORE THAN THE AMOUNT YOU OWE, PLEASE CALL THEM FOR A REFUND.

#)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

1T-1279°07'000013-PM-142/5-120°C07ASOJPMCTOPS
STD - E08

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0712820 |
| GROUP NAME: | GEORGIA-PACIFIC LLC NON-FLEX |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▨▨▨▨▨▨

| | | | | |
|---|---|---|---|---|
| MEMBER NAME: | ▨▨▨▨▨▨ | CONTROL NUMBER: | 473919592901 | |
| MEMBER ID: | A 831642515 | DATE RECEIVED: | 09/19/14 | |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD | |
| PATIENT ACCOUNT: | 19176Z8113 | | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/10/14 | 99204 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/10/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/10/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473919592901 SUBTOTAL: | $5,600.00 | $5,600.00 | | | | | | $0.00 | # | $5,600.00 |

**REMARKS:**

(AE)  CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

(#)  PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

:T-1279*11*000021-PM-1427s-120*C07ASOJPMCTOPS
STD · E08

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

DATE: 10/03/14
TIN: 20-3173905
NPI: 1699854562
GROUP NUMBER: 0702442
GROUP NAME: FEDERAL RESERVE BANKS
TRACE NUMBER: OK 93413090

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473791453301 |
| MEMBER ID: | A 831385472 | DATE RECEIVED: | 09/22/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17644Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/12/14 | 96617 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| CONTROL # 473791453301 SUBTOTAL: | | $400.00 | $400.00 | | | | | | $0.00 | F) | $400.00 |
| | | | | | | | | TOTAL PAYABLE TO PROVIDER | $0.00 | | |

REMARKS:
AE)  CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
      SUBMIT PROOF OF CURRENT LICENSURE.
F)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS. PLEASE CONTACT US TOLL FREE AT
-800-842-1109, OPTION 3.

262PROVEA2001002-01495-20

1U-5699*02*000003-FM-14262-120*C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

## UnitedHealthcare
A UnitedHealth Group Company



| DATE: | 09/19/14 |
|---|---|
| TIN: | 20-3173805 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0730783 |
| GROUP NAME: | RITE AID CORPORATION |
| TRACE NUMBER: | QK 65859312 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

PATIENT:

MEMBER NAME:
MEMBER ID:           A 811966738
PRODUCT:             CHOYC+
PATIENT ACCOUNT:     1702428113

CONTROL NUMBER:      471854920401
DATE RECEIVED:       09/05/14
PROVIDER OF SERVICE: M.J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 36415 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84703 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87591 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 82977 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86694 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 471854920401 SUBTOTAL: | | $1,825.00 | $1,825.00 | | | | | | $0.00 | E | $1,825.0 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

MEMBER NAME:
MEMBER ID:           A 811966736
PRODUCT:             CHOYC+
PATIENT ACCOUNT:     1702428113

CONTROL NUMBER:      471854920402
DATE RECEIVED:       09/05/14
PROVIDER OF SERVICE: M.J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 86695 | $750.00 | $750.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86695 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 81001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/19/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |

262PROVEA2001002-01495-21

1U-5695*03'000005-PM-14262-120°C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

## UnitedHealthcare
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0730783 |
| GROUP NAME: | RITE AID CORPORATION |
| TRACE NUMBER: | QK 65859312 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

---

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 471854920404 |
|---|---|---|---|
| MEMBER ID: | A 811966736 | DATE RECEIVED: | 09/05/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17024Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 84480 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84436 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 83315 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84155 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 80061 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| | CONTROL # 471854920404 SUBTOTAL: | $1,525.00 | $1,525.00 | | | | | | $0.00 | | $1,525.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENTS RESPONSIBILITY.

| MEMBER NAME: | | CONTROL NUMBER: | 471854920405 |
|---|---|---|---|
| MEMBER ID: | A 811966736 | DATE RECEIVED: | 09/05/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17024Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87340 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |

Page 5 of 6

262PROVEA2601002-01495-16

1U-5597*07*000013-PM-14262-120*C07ASOJPMCTOFS
STD - E05

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210


**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0742975 |
| GROUP NAME: | PROTECTION ONE ALARM MONITORIN |
| TRACE NUMBER: | QK 93948356 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** 

| MEMBER NAME: | | CONTROL NUMBER: | 472205236801 |
|---|---|---|---|
| MEMBER ID: | A 000088022 | DATE RECEIVED: | 09/08/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19664Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/18/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 07/18/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 07/18/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472205236801 SUBTOTAL: | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |
| | | | | | | | TOTAL PAYABLE TO PROVIDER | | $0.00 | | |

REMARKS:
(AE)    CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
        SUBMIT PROOF OF CURRENT LICENSURE.
(#)     PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION.  IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT.  DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE  HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

282PROVEA2001002-01495-11

1U-5697*02*000003-PM-14262-120*C07ASOJPMCTOPS
STD - 608

United HealthCare Services, Inc.
GREENSRO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

## UnitedHealthcare
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173906 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715054 |
| GROUP NAME: | SEDGWICK CMS, INC. |
| TRACE NUMBER: | QK 93348356 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

## PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 472697971301 |
|---|---|---|---|
| MEMBER ID: | A 809636803 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17568Z9113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/09/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971301 SUBTOTAL | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

| MEMBER NAME: | | CONTROL NUMBER: | 472697971401 |
|---|---|---|---|
| MEMBER ID: | A 809636803 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 16934Z9113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/17/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/17/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | | |
| 03/17/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971401 SUBTOTAL | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

292PROVEA2001002-01495-08

1U-5696*05*000009-FM-14262-120*C04FICTTOPS
STD - EC8

UnitedHealthcare Insurance Company
GREENSBORO SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210



WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| DATE: 09/19/14 |
| TIN: 20-3173905 |
| NPI: 1899854562 |
| GROUP NUMBER: 06H1716 |
| GROUP NAME: QUOTIENT BIODIAGNOSTICS |
| TRACE NUMBER: QK 02085491 |

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 472697971601 |
| MEMBER ID: | A 947238472 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1758328113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/14/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/14/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/14/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 472697971601 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 472697971701 |
| MEMBER ID: | A 947238472 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1735028113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/21/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/21/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/21/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 472697971701 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

262PROVEA2001C02-01495-07

1U-5696*04*000007-FM-14262-120*C04FICTTOPS
STD - 608

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854662 |
| GROUP NUMBER: | 0901708 |
| GROUP NAME: | ANDREWS LOGISTICS, INC. |
| TRACE NUMBER: | OK 02066491 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 472697971101 |
|---|---|---|---|
| MEMBER ID: | A 918151334 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 16973Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/24/14 | 93204 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 03/24/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/24/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971101 SUBTOTAL | $5,500.00 | $5,600.00 | | | | | | $0.00 | # | $5,600.00 |

## REMARKS:

(AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
        SUBMIT PROOF OF CURRENT LICENSURE.
(#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

11-6920'15'000024-PM-1426u-120'C04FICTTOP5
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare®**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173805 |
| NPI: | 1699654562 |
| GROUP NUMBER: | 0314448 |
| GROUP NAME: | PATRIOT MEDICAL, INC. |
| TRACE NUMBER: | QK 021.11712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▓▓▓▓▓▓▓▓▓▓

| | | | |
|---|---|---|---|
| MEMBER NAME: | ▓▓▓▓▓▓ | CONTROL NUMBER: | 473144763306 |
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86709 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 87340 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 8735C | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144783306 SUBTOTAL: | $1,750.00 | $1,750.00 | | | | | | $0.00 | | $1,750.00 |

| | | | |
|---|---|---|---|
| MEMBER NAME: | ▓▓▓▓▓▓ | CONTROL NUMBER: | 473144763307 |
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 86803 | $450.00 | $450.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144783307 SUBTOTAL: | $450.00 | $450.00 | | | | | | $0.00 | | $450.00 |

REMARKS:

AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

STD - EOB-00317200S-5383C64L

1T-6923*11*000022-PM-14269-120*C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0314448 |
| GROUP NAME: | PATRIOT MEDICAL, INC. |
| TRACE NUMBER: | QK 02111712 |

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473144763302 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 85694 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86695 | $750.00 | $750.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86696 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 81001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/10/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144763302 SUBTOTAL: | | $6,750.00 | $6,750.00 | | | | | | $0.00 | # | $6,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473144763303 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN CDV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 80050 | $2,500.00 | $2,500.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 83652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86140 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144763303 SUBTOTAL: | | $3,200.00 | $3,200.00 | | | | | | $0.00 | # | $3,200.00 |

1T-6923'10'000019-PM-1426.-120'C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

UnitedHealthcare
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755395 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473144763201 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1925SZ6113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/23/14 | 87522 | $600.00 | $600.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763201 SUBTOTAL | $600.00 | $600.00 | | | | | | $0.00 | # | $600.00 |

REMARKS:
AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
        SUBMIT PROOF OF CURRENT LICENSURE.
#)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE.  NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT.  DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

STD - EOB-203173905-53990/841

1T-5923*09*000018-PM-14269-120*C04FICTTCPS
STD - ECB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755395 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

# PROVIDER EXPLANATION OF BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473004629001 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1773728113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/21/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/21/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 97922 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 97902 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473004629001 SUBTOTAL: | $7,050.00 | $7,050.00 | | | | | | $0.00 | # | $7,050.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473144763101 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1789528113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/29/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/29/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/29/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763101 SUBTOTAL: | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

STD - EOB-00317300E-52990EU1

11-6923*06*000016-PM-14269-120*C04RCTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTEP
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755395 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | | | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 473004097203 |
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17472Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 86140 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 82607 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| CONTROL # 473004097203 SUBTOTAL: | | $1,450.00 | $1,450.00 | | | | | | $0.00 | # | $1,450.00 |

| | | | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 473004097204 |
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17472Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 82746 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84480 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84436 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84550 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473004097204 SUBTOTAL: | | $1,150.00 | $1,150.00 | | | | | | $0.00 | # | $1,150.00 |

1T·6923°07°C00013-PM-14269-120°C04FICTTOPS
STO · EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| DATE: 09/26/14 |
| --- |
| TIN: 20-3173905 |
| NPI: 1699854562 |
| GROUP NUMBER: 0752450 |
| GROUP NAME: RAVEN POWER GROUP LLC |
| TRACE NUMBER: QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473143798110 |
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 06/17/14 | 95700 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 8669a | $600.00 | $600.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798110 SUBTOTAL: | | $2,100.00 | $2,100.00 | | | | | | $0.00 | # | $2,100.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473144473201 |
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19503Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 07/09/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 07/09/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 07/09/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144473201 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473331053001 |
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19774Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 07/24/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| CONTROL # 473331053001 SUBTOTAL: | | $350.00 | $350.00 | | | | | | $0.00 | # | $350.00 |

11-6923*07*C00012-PM-1429e-120*C04FICTTOPS
STD-EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752450 |
| GROUP NAME: | RAVEN POWER GROUP LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT: ▮▮▮▮▮▮▮▮▮   ▮▮▮

| MEMBER NAME: | ▮▮▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798108 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 86803 | $450.00 | $450.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798108 SUBTOTAL: | | $450.00 | $450.00 | | | | | | $0.00 | # | $450.00 |

| MEMBER NAME: | ▮▮▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798109 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 86705 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86709 | $110.00 | $110.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 85652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86703 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 8749? | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798109 SUBTOTAL: | | $1,360.00 | $1,360.00 | | | | | | $0.00 | # | $1,360.00 |

| MEMBER NAME: | ▮▮▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798110 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 97491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |

IT-6923°05'000010-PM-14269-120°C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752450 |
| GROUP NAME: | RAVEN POWER GROUP LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| MEMBER NAME: | ▓▓▓ | CONTROL NUMBER: | 473143798104 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82728 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82746 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798104 SUBTOTAL: | | $1,750.00 | $1,750.00 | | | | | | $0.00 | # | $1,750.00 |

| MEMBER NAME: | ▓▓▓ | CONTROL NUMBER: | 473143798105 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84436 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 80051 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798105 SUBTOTAL: | | $1,625.00 | $1,625.00 | | | | | | $0.00 | # | $1,625.00 |

1T-6923'02'000003-PM-14260-120°C04FICTTOPS
STD - 508

UnitedHealthcare Insurance Company
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| DATE: 09/26/14 |
|---|
| TIN: 20-3173905 |
| NPI: 1699854562 |
| GROUP NUMBER: 0752847 |
| GROUP NAME: KIA MOTORS MANUFACTURING GEORG |
| TRACE NUMBER: QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473143607001 |
|---|---|---|---|
| MEMBER ID: | A 909069755 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18607Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/29/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 05/29/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 05/29/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 05/29/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/29/14 | PRESCRIPTION DRUGS | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143607001 SUBTOTAL: | | $5,750.00 | $5,750.00 | | | | | | $0.00 | # | $5,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473143607002 |
|---|---|---|---|
| MEMBER ID: | A 909069755 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18607Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/14 | 99213 | $225.00 | $225.00 | | | | | | $0.00 | AE | |
| 06/02/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/02/14 | PRESCRIPTION DRUGS | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/02/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/02/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143607002 SUBTOTAL: | | $5,625.00 | $5,625.00 | | | | | | $0.00 | # | $5,625.00 |

1T-6923*03*0G0005-PM-14269-120*C04FICTTOPS
STO - EOB

UnitedHealthcare Insurance Company
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
 A UnitedHealth Group Company

| DATE: | 09/26/14 |
|---|---|
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752847 |
| GROUP NAME: | KIA MOTORS MANUFACTURING GEORG |
| TRACE NUMBER: | OK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | |
|---|---|
| **MEMBER NAME:** | |
| **MEMBER ID:** A 909069755 | **CONTROL NUMBER:** 473221998003 |
| **PRODUCT:** CHOYC+ | **DATE RECEIVED:** 09/15/14 |
| **PATIENT ACCOUNT:** 18420Z8113 | **PROVIDER OF SERVICE:** M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/16/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 82607 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 92746 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| CONTROL # 473221998003 SUBTOTAL: | | $1,650.00 | $1,650.00 | | | | | | $0.00 | F | $1,650.00 |

| | |
|---|---|
| **MEMBER NAME:** | |
| **MEMBER ID:** A 909069755 | **CONTROL NUMBER:** 473221998004 |
| **PRODUCT:** CHOYC+ | **DATE RECEIVED:** 09/15/14 |
| **PATIENT ACCOUNT:** 18420Z8113 | **PROVIDER OF SERVICE:** M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/16/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84430 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83051 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| CONTROL # 473221998004 SUBTOTAL: | | $1,475.00 | $1,475.00 | | | | | | $0.00 | F | $1,475.00 |

188PROVEA2001001-00495-30

1T-2011'12'000023-PM-14188-120'C07ASOJPMCTOPS
370-EOB

United HealthCare Services, Inc.
DULUTH SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 07/07/14 |
| TIN: | 30-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0730046 |
| GROUP NAME: | GOLDEN LIVING |
| TRACE NUMBER: | OK 92997234 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

*United Health Care*
*P.O. Box 740 805*
*Atlanta, GA. 30374-0800*

*S/w Brad*
*Call reference # C42171153438118*

**PROVIDER EXPLANATION OF BENEFITS**

PATIENT: ~~[redacted]~~          *Date of birth  3/30/88*

| MEMBER NAME: | ~~[redacted]~~ | CONTROL NUMBER: | 463409062901 |
|---|---|---|---|
| MEMBER ID: | A027440436 | DATE RECEIVED: | 07/04/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M J LIGOTTI MD |
| PATIENT ACCOUNT: | 1408SZ8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/02/14 | 99214 | $350.00 | $350.00 | $350.00 | | | | | $0.00 | 4A | |
| 01/02/14 | 80101 | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 01/02/14 | MEDICAL SERVICES | $150.00 | $150.00 | $150.00 | | | | | $0.00 | 4A | |
| | CONTROL # 463409062901 SUBTOTAL: | $5,300.00 | $5,300.00 | $5,300.00 | | | | | $0.00 | 9 | $0.00 |

**REMARKS:**
(4A)   CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.
(9)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3

065PROVEA2002001-02127-15

2T-8611*06'000011-PM-15065-120'C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
KINGSTON SERVICE CENTER
P.O. BOX 30985
SALT LAKE CITY, UT 84130
PHONE: 1-800-842-9905

UnitedHealthcare
A UnitedHealth Group Company



| DATE: | 03/06/15 |
|---|---|
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0023000 |
| GROUP NAME: | RAILROAD EMPLOYEES |
| TRACE NUMBER: | QK 63463129 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

| PATIENT: | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|

| MEMBER NAME: | | CONTROL NUMBER: | 496801809201 |
|---|---|---|---|
| MEMBER ID: | A 939356440 | DATE RECEIVED: | 03/05/15 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 2308928113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/14 | 99205 | $700.00 | $700.00 | $700.00 | | | | | $0.00 | 4A | |
| 12/18/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 12/18/14 | MEDICAL SERVICES | $300.00 | $300.00 | $300.00 | | | | | $0.00 | 4A | |
| | CONTROL # 496801809901 SUBTOTAL: | $5,800.00 | $5,800.00 | $5,800.00 | | | | | $0.00 | B | $0.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

REMARKS:

(4A)     CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.

(B)     PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

2T-8609°01°000000-PM-15085-120°C01215438UHCTOPS
SID-EOB

**UnitedHealthcare**
A UnitedHealth Group Company

UnitedHealthcare Service LLC
BUFFALO SERVICE CENTER
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

| | |
|---|---|
| DATE: | 03/06/15 |
| TIN: | 20-3173905 |
| NPI: | 1899854562 |
| GROUP NUMBER: | 0215438 |
| GROUP NAME: | JETBLUE AIRWAYS |
| TRACE NUMBER: | OK 31944735 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

## PATIENT: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| | |  | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 493242400001 |
| MEMBER ID: | A 851008354 | DATE RECEIVED: | 02/03/15 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 22510Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/26/14 | 99214 | $350.00 | $350.00 | $350.00 | | | | | $0.00 | 4A | |
| 11/26/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 11/26/14 | 82055 | $150.00 | $150.00 | $150.00 | | | | | $0.00 | 4A | |
| 11/26/14 | MEDICAL SERVICES | $300.00 | $300.00 | $300.00 | | | | | $0.00 | 4A | |
| | CONTROL # 493242400001 SUBTOTAL: | $5,600.00 | $5,600.00 | $5,600.00 | | | | | $0.00 | | $0.00 |

| | | |
|---|---|---|
| | TOTAL PAYABLE TO PROVIDER | $0.00 |

**REMARKS:**
(4A)    CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.
(#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

1U-5579*04*000008-PM-14150-120*C01715116UHCTOPS
STD - 508

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1899854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | OK 31774172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 1694GZ8113

CONTROL NUMBER: 457857070301
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 03/19/14 | 80101 | $5,200.00 | $5,200.00 | | | | | | $0.00 | HQ | |
| 03/19/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857070301 SUBTOTAL: | | $5,850.00 | $5,850.00 | | | | | | $0.00 | | $5,850.00 |
| | | | | | | | TOTAL PAYABLE TO PROVIDER | | $0.00 | | |

**REMARKS:**
(HQ)    WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS, CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER. PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344 IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL 1-800-414-2013.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

1U-5579'04'000006-PM-14150-120'C01715116UHCTOPS
STD - SDB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | QK 31774172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 1548SZ8113

CONTROL NUMBER: 457857089901
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 86592 | $60.00 | $60.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857089901 SUBTOTAL: | $1,260.00 | $1,260.00 | | | | | | $0.00 | | $1,260.00 |

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 1548SZ8113

CONTROL NUMBER: 457857089902
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857089902 SUBTOTAL: | $200.00 | $200.00 | | | | | | $0.00 | | $200.00 |

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 1548SZ8113

CONTROL NUMBER: 457857070001
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 87340 | $100.00 | $100.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86735 | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 87350 | $400.00 | $400.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86803 | $450.00 | $450.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857070001 SUBTOTAL: | $1,650.00 | $1,650.00 | | | | | | $0.00 | | $1,650.00 |

1U-5579*02*000002-PM-14150-110*C01715116UHCTOPS
570 - EOB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1899854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | OK 31774172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 457857022801 |
|---|---|---|---|
| MEMBER ID: | A 000234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17316Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/00/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 04/08/14 | 80101 | $5,200.00 | $5,200.00 | | | | | | $0.00 | HQ | |
| 04/08/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857022801 SUBTOTAL: | | $5,850.00 | $5,850.00 | | | | | | $0.00 | | $5,850.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 457857022901 |
|---|---|---|---|
| MEMBER ID: | A 890234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17635Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/23/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 04/23/14 | LABORATORY SERVICES | $1,200.00 | $1,200.00 | | | | | | $0.00 | HQ | |
| 04/23/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857022901 SUBTOTAL: | | $1,850.00 | $1,850.00 | | | | | | $0.00 | | $1,850.00 |

1U-6579*02*000004-PM-14150-120*C01715116UHCTOP8
STD - E08

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | OK 31774172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 15485Z8113

CONTROL NUMBER: 457857030802
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 80050 | $2,500.00 | $2,500.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030802 SUBTOTAL: | | $2,500.00 | $2,500.00 | | | | | | $0.00 | | $2,500.00 |

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 15485Z8113

CONTROL NUMBER: 457857030901
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 83883 | $100.00 | $100.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 84140 | $250.00 | $250.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030901 SUBTOTAL: | | $750.00 | $750.00 | | | | | | $0.00 | | $750.00 |

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 15485Z8113

CONTROL NUMBER: 457857030002
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 80299 | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030002 SUBTOTAL: | | $300.00 | $300.00 | | | | | | $0.00 | | $300.00 |

1U-5580*02*000002-PM-14150-120*C01715118UHCTOPS
STD - E08

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1356538098 |
| GROUP NUMBER: | 0715118 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | QK 31774179 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

| | | | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 457848342201 |
| MEMBER ID: | | DATE RECEIVED: | 05/23/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17886Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/01/14 | 99213 | $225.00 | | $154.75 | | | | | $0.00 | HQ | $14.28 |
| | CONTROL # 457848342201 SUBTOTAL: | $225.00 | | $154.75 | | | | | $0.00 | * | $14.28 |
| | TOTAL PAYABLE TO PROVIDER | | | | | | | | $0.00 | | |

**REMARKS:**

(HQ)   WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS, CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER. PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344. IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL 1-800-414-2013.

(*)   THIS PAYMENT HAS BEEN ADJUSTED BASED ON THE AMOUNTS PAID BY MEDICARE AND/OR OTHER INSURANCE.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

1U-5581*01*000002-PM-14180-120*C05FINYTOPS
SID - EOB

UnitedHealthcare Insurance Company of New York
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 06/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854582 |
| GROUP NUMBER: | 0705268 |
| GROUP NAME: | D.F.KING & COMPANY |
| TRACE NUMBER: | QK 89238968 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT:

MEMBER NAME:
MEMBER ID:        A 922944325
PRODUCT:          CHOYC+
PATIENT ACCOUNT:  1827528113

CONTROL NUMBER:       458158769301
DATE RECEIVED:        09/28/14
PROVIDER OF SERVICE:  M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/27/14 | 99203 | $225.00 | $225.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 458158769301 SUBTOTAL: | $225.00 | $225.00 | | | | | | $0.00 | # | $225.00 |
| | TOTAL PAYABLE TO PROVIDER | | | | | | | | $0.00 | | |

REMARKS:
(HQ)   WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE
       FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS,
       CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER.
       PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344. IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL
       1-800-414-2013.
(#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

LAW OFFICES

# KRUPNICK CAMPBELL MALONE
# BUSER SLAMA HANCOCK LIBERMAN

A PROFESSIONAL ASSOCIATION



JON E. KRUPNICK*
WALTER G. CAMPBELL, JR. *†***
KEVIN A. MALONE
THOMAS E. BUSER*
JOSEPH J. SLAMA*
KELLY D. HANCOCK***†‡
SCOTT S. LIBERMAN
IVAN F. CABRERA***†
KELLEY B. STEWART††
MICHAEL J. RYAN
CARLOS A. ACEVEDO***†
HOLLY D. KRULIK
NICK S. DAVITIAN†
SEAN F. THOMPSON

12 SOUTHEAST 7TH STREET
SUITE 801
FORT LAUDERDALE, FLORIDA 33301

TELEPHONE (954) 763-8181
TOLL FREE (877) 763-8181
FAX (954) 763-8292
WWW.KRUPNICKLAW.COM

M. JASON WEIL
BLAKE V. DOLMAN
CHRIS W. ROYER‡‡
BRENT M. REITMAN

* BOARD CERTIFIED CIVIL TRIAL LAWYER
*** ADMITTED IN NY
† ADMITTED IN DISTRICT OF COLUMBIA
†† ADMITTED IN NORTH CAROLINA
‡ ADMITTED IN WASHINGTON
‡‡ ADMITTED IN VIRGINIA

December 21, 2015

**Via US Mail & Electronic Mail: <kerri.hermann@optum.com>**

Kerri S. Hermann, Esq.
Associate General Counsel
Optum
11020 Optum Circle
Eden Prairie, MN 55344

Re:   **Dr. Michael Ligotti and Whole Health, LLC**

Dear Ms. Hermann:

Our firm represents Dr. Michael Ligotti and Whole Health, LLC ("Whole Health"), a healthcare provider located in Delray Beach, Florida.

Dr. Ligotti and Whole Health, through affiliated counsel, have been in communication with UnitedHealth Group and/or its affiliates (i.e., Optum) (collectively referred to herein as "United") over the last year and more. More specifically, and by way of summary, Dr. Ligotti and Whole Health had previously expressed its concerns that United had wronged, defamed, and/or tortuously interfered with his business relationships through, among other things, the following actions:

- Wrongfully denying *every claim* submitted on behalf of Dr. Ligotti and/or Whole Health;
- Wrongfully and falsely stating that Dr. Ligotti "misrepresented" his services to justify the denials;
- Wrongfully and falsely stating to patients and third parties that Dr. Ligotti is "misrepresenting" his services;
- Wrongfully denying claims submitted by facilities associated with Dr. Ligotti purportedly because Dr. Ligotti "misrepresented" his services; and
- Wrongfully and falsely stating to at least one entity with whom Dr. Ligotti was associated that United does not "think he is a licensed physician," which resulted in the loss of that relationship for Dr. Ligotti.

During intial communications with your office and Mr. Christopher Hensley, it was hopeful that both parties would work towards a resolution of aforemention items sand concerns

**EXHIBIT**

2

Reitman to Hernann
December 17, 2015
Page 2

Our client's efforts included communicating and responding to all of United's requests for information. At one point, United had represented removing and placing Whole Health's claims in pre-payment review for processing as the information provided was sufficent to justify the processing of Whole Health's medical claims. Notwithstanding, it appears that no progress has been made towards this promise or towards reaching an amicable resolution regarding any of the concerns our client has expressed. United's wrongful conduct continues and no good faith effort has been set forth by United to bring our client's concerns to an end.

As you should be aware, Dr. Ligotti and Whole Health have obtained from all patients, including United's insureds, an assignment of benefit transferring to Dr. Ligotti and Whole Health the full right to any and all insurance benefits which are or may be made payable to the primary insured. It is our position that United's witholding and refusal to process claims is a violation of (1) Florida's "Unfair Insurance Trade Practices Act," Fla. Stat. §626.951 et seq., which, *inter alia*, proscribes "unfair or deceptive acts or practices involving the business of insurance," (2) Florida's "Prompt Payment" laws, Fla. Stat. §§627.613 and 641.3155, which, *inter alia*, govern the timing associated with claims processing (3) Florida's Civil Theft statutes, Fla. Stat. §772.11, *inter alia*, relates to the illegal retention of property of another as well as other viable causes of action under ERISA.

United's ongoing defamatory and devious tactics have caused, and continue to cause, irreparable damage to Dr. Ligotti, Whole Health, and most disconcerningly your insureds. This letter shall hereby constitute written correspondence and pre-suit demand pursuant to Fla. Stat. §772.11. Specifically, pursuant to Fla. Stat. §772.11, United has retained and temporarily or permanently deprived our client of Dr. Ligotti's personal property, to wit: two-million, one-hundred and seventy seven thousand, seven-hundred and five United States Dollars, and zero cents ($2,177,705.00).

If our client does not seek an immediate resolution or response to this demand, including the return of the above identified property which has been wrongfully taken by United, within thirty days from the effective date of this letter, to wit: on or before January 16, 2016, then he will pursue a lawsuit against United, seeking legal recourse for the aforementioned injuries, the statutory sum, in addition to all other appropriate damages including attorney's fees and all costs of litigation.

PLEASE BE GOVERNED ACCORDINGLY.

Very truly yours,

BRENT M. REITMAN, ESQ.

AS/LKG

Filing # 37012272 E-Filed 01/26/2016 02:38:27 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.:CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

        Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a foreign Corporation,
f/k/a United Healthcare Services of Minnesota, Inc.,
UNITEDHEALTHCARE OF FLORIDA, INC., a Florida Corporation,
EMPIRE HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

        Defendants.

_____/

### NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS
### IN COMPLIANCE WITH RULE 2.516

      PLEASE TAKE NOTICE that the Law Firm of Krupnick Campbell Malone Buser

Slama Hancock Liberman, P.A., pursuant to Rule 2.516, Florida Rules of Civil Procedure

(effective 9-1-12), files this "*Notice of Designation of Primary E-Mail Address*" for the

Plaintiff(s) in the instant case and requests that copies of all future pleadings, discovery

and any other documents filed herein be directed to the attention of:

                       pleadings-WGC@krupnicklaw.com

      **I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be
served upon the Defendants with the Complaint.

                           KRUPNICK CAMPBELL MALONE BUSER
                           SLAMA HANCOCK LIBERMAN, P.A.
                           Attorneys for Plaintiff
                           12 Southeast 7th Street, Suite 801
                           Fort Lauderdale, Florida 33301
                           (954) 763-8181; (954) 763-8292 Fax

                           BY:*/s/ Brent M. Reitman*
                           WALTER G. CAMPBELL, JR., ESQUIRE
                           Florida Bar No.: 161009
                           BRENT M. REITMAN, ESQ.
                           Florida Bar No.: 85313
                           pleadings-wgc@krupnicklaw.com

Filing # 37012272 E-Filed 01/26/2016 02:38:27 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

      Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation, JUST
RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,
                                     /

## INTERROGATORIES TO DEFENDANT, UNITEDHEALTHCARE OF FLORIDA, INC.

      COMES NOW the Plaintiff, WHOLE HEALTH, LLC, by and through the undersigned

attorneys, and propounds the attached Initial Interrogatories unto the Defendant,

UNITEDHEALTHCARE OF FLORIDA, INC., requesting and requiring that the said

Defendant shall answer the same under oath, and in writing, within forty-five (45) days from

the date of service hereof, in accordance with Florida Rule of Civil Procedure 1.370.

      I HEREBY CERTIFY that a copy of the foregoing has been served upon Defendant,

UNITEDHEALTHCARE OF FLORIDA, INC., along with the Summons and Complaint.

                    KRUPNICK CAMPBELL MALONE BUSER
                    SLAMA HANCOCK LIBERMAN, P.A.
                    Attorneys for Plaintiff
                    12 Southeast 7th Street, Suite 801
                    Fort Lauderdale, Florida 33301
                    (954) 763-8181 Fax: (954) 763-8292

                    BY:  /s/ Brent M. Reitman
                    WALTER G. CAMPBELL, JR., ESQUIRE
                    Florida Bar No.: 161009
                    BRENT M. REITMAN, ESQ.
                    Florida Bar No.: 85313
                    pleadings-wgc@krupnicklaw.com

## INTERROGATORIES TO DEFENDANT, UNITEDHEALTHCARE OF FLORIDA, INC.

1.      Please identify yourself fully, giving your full name, residence and business address, occupation, and if the defendant is a corporation, please state the office or position you hold with the defendant.

2.      List the names, present or last known addresses and telephone numbers of all persons believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

3.      Please describe the information in which you and/or the agent for the Defendant reviewed or relied upon to determine whether to deny the Plaintiff's claims.

4.      Please identify the name, date, and source of any information that you and/or the agent for the Defendant reviewed or relied upon to determine whether to deny the Plaintiff's claims.

5.      Please list the names of every employee and/or investigator involved in the investigation of Dr. Ligotti and Whole Health, LLC, and specify their role throughout the entire investigative process.

6.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, the information which motivated and/or triggered such investigation.

7.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, the information which motivated and/or continued such investigation after Dr. Ligotti complied with the investigation.

8.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, every measure taken throughout the approximate two-year investigation to identify whether Dr. Ligotti had an active medical license.

9.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, every measure taken throughout the approximate two-year investigation to identify whether Dr. Ligotti was committing fraud.

10.     Please state whether the Defendant's employees had access to the Florida Department of Health's public website (http://www.floridahealth.gov), while at UnitedHealthcare of Florida, Inc.

3

11.   Please state whether the Defendant provides access to the internet for its employees, and if so, please state with particularity:
      a) who your internet provider is at UnitedHealthcare of Florida, Inc.;
      b) whether or not there are employees at UnitedHealthcare of Florida, Inc., who have restricted access to the internet;
      c) what restrictions, if any, are implemented at UnitedHealthcare of Florida, Inc.

12.   Please state the role of any employees that had restricted internet access at UnitedHealthcare of Florida, Inc., in denying Dr. Ligotti's claims based on the alleged misrepresentations.

13.   Please state the factual basis, with specificity, each and every action that the Defendant took to determine whether Dr. Ligotti had misrepresented services contained in the claims submitted to UnitedHealthcare of Florida, Inc., prior to making the decision to deny claims and withhold payments.

14.   Please state the factual basis, with specificity, each and every action that the Defendant did to determine that Dr. Ligotti knowingly submitted fraudulent claims to UnitedHealthcare of Florida, Inc.

15.   Please state the factual basis, with specificity, each and every action that the Defendant did to determine that third party treatment facilities had misrepresented services submitted to UnitedHealthcare of Florida, Inc.

16.   Please state the factual basis, with specificity, each and every action that the Defendant did to determine that third party treatment facilities submitted fraudulent claims to UnitedHealthcare of Florida, Inc., with Dr. Ligotti's knowledge and/or consent.

17.   Please state and identify, with specificity, each and every claim submitted by Dr. Ligotti and/or Whole Health, LLC, that Defendant has not reimbursed to the Plaintiffs.   For each claim identified, please state the factual basis and/or justification for withholding payment and identify the Defendant's employee responsible for making such determination.

18.   Please state the factual basis, with specificity, each and every action that Optum took in the investigation of Dr. Ligotti and/or Whole Health, LLC.

4

19.     Please state and identify, with specificity, if you ever have been sued for wrongfully denying a doctor's claims.

20.     Please state and identify, with specificity, if you ever have been sued for sending and/or distributing to third parties false information about the status of a doctor's medical license.

21.     Please state if you have been a party in the last four (4) years, either plaintiff or defendant, in a lawsuit other than the present matter that is factually similar to the allegations in the Plaintiffs' Complaint, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

22.     Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit?  If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention, and identify persons with knowledge.

23.     Describe in detail each act or omission on the part of any party to this lawsuit that was a contributing legal cause of the incident in question, and identify persons with knowledge.

24.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies: the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

25.     Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the plaintiff complains and which are set forth in the Complaint?  If so, state the name(s) of such individual(s) and/or entities, the facts upon which you rely to support your contention that those named were at fault, the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named were at fault in causing the plaintiff's injuries and damages, and the percentage of fault you attribute to those named and the factual basis for such apportionment.

26.     Did you receive the medical records submitted by Dr. Ligotti for Whole Health, LLC?  If so, please identify who reviewed the records and identify any reports and/or documents generated regarding such review.

27.     Do you send investigators out into the field to speak with providers? If so, please state and identify each investigator and their responsibilities and procedures for recording any and all information.

28.     Did you send any investigators to speak with Dr. Ligotti?  If so, please state and identify each investigator that was involved, the dates of such occurrences, any notes, documents, reports, emails, correspondence, and information obtained or generated from the investigation.

_____

_____

STATE OF _____ )
                           ) SS
COUNTY OF _____ )

       BEFORE ME, the undersigned authority, this day personally appeared - _____ , who, after being duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

       SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2016.

_____
NOTARY PUBLIC

My Commission Expires:
_____

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

       Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation, JUST
RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

**TO:**     **DEFENDANT, UNITEDHEALTHCARE OF FLORIDA, INC.,**
             **To Be Served Along With the Summons and Complaint**

       Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, you are hereby

requested to produce to the Plaintiff, MICHAEL J. LIGOTTI, D.O. (hereinafter referred to as

"DR. LIGOTTI") within forty-five (45) days from the date of service, at the Law Offices of

KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK, LIBERMAN, P.A., 12

Southeast 7th Street, Suite 801, Fort Lauderdale, Florida, 33301, the following:

### INSTRUCTIONS

       1.     If possible please produce **ORIGINALS** of each of the documents or

categories of documents (including but not limited to all sides of each page of each such

document and all attachments and enclosures thereto) attached hereto and incorporated

herein by this reference, by delivering them to the KRUPNICK, CAMPBELL, MALONE,

BUSER, SLAMA, HANCOCK, LIBERMAN, P.A., 12 Southeast 7th Street, Suite 801, Fort

Lauderdale, Florida, 33301. If **ORIGINALS** are not feasible, **COPIES** or **CERTIFIED COPIES** will suffice.

2.      A written response to this request is also required of responding defendant within said time frame, consisting of separate responses to each item or category of item, identifying all writings falling within each such category and specifying that defendant will comply with the particular request, or a representation that defendant lacks the ability to comply with the particular item or category of item, or an objection to the particular request. If objection is made to only part of an item or category of item requested in this demand, said response shall contain a statement of compliance, or a representation of inability to comply with respect to the remainder of that item or category. **The response shall also identify with particularity any document falling within any category of item in the request to which an objection is being made.**

3.      A representation of inability to comply with any particular item or category of items requested shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request and the statement shall also specify whether the inability to comply is because the particular item or category of item (a) has never existed, (b) has been destroyed (c) has been lost, misplaced, or stolen, or (d) has never been, or is no longer, in the possession, custody or control of defendant. The statement shall also set forth the name and address of any natural person or organization known or believed by defendant to have possession, custody, or control of that item or category of item.

4.      Full compliance with this request requires production of actual photographs or negatives, if requested. Prints will be made at our expense and all photographs returned immediately thereafter.

5.      Photocopies of any requested photographs will <u>not</u> be deemed compliance with this request.

## DEFINITIONS

1.      **"DOCUMENTS" or "WRITINGS"** means and refers to: all written, printed, recorded or graphic matter, transcriptions of any such recording, photographic matter, sound reproductions, or computer printouts, however produced or reproduced, or any writing of any kind, including but not limited to both sides of each page of each such document and all attachments and enclosures thereto, now or formerly in the actual or constructive possession, custody or control of the responding defendant, or its agents, employees, representatives or attorneys.  In the event defendant does not have actual or constructive possession, custody or control of the original of any requested document, a true, correct, complete and totally legible copy thereof shall be produced, including but not limited to the reverse side of each document as well as all attachments and enclosures thereto.

2.      **"YOU," "YOUR," or "DEFENDANT"** means and refers to the responding defendant; however, when documents or information are requested which are in **YOUR** possession, custody or under **YOUR** control, **"YOU"** and **"DEFENDANT"** also include defendant's past and present agents, employees and consultants; responding defendant(s)' insurance carrier(s) and all their past and present agents, employees and consultants; responding defendant(s)' attorneys and all their past and present agents, employees and consultants; and any other person or entity formerly or presently acting on responding defendant(s)' behalf in any way in connection with the instant action.

3.      **"CORRESPONDENCE"** includes, but is not limited to, letters, notes, papers, files, memoranda, facsimiles, cover sheets, graphs and charts.

4.      **"SUBJECT INCIDENT"** includes the circumstances and events surrounding the incident and injuries alleged in Plaintiff's complaint.

5.      **"SUBJECT TREATMENT FACILITY," or "TREATMENT FACILITIES"**

3

includes any substance abuse or treatment center in which the Plaintiff examines or treats the facilities patients or where the Plaintiff is listed as the Medical Director. These terms also include any treatment center in which the Defendant received claims stating services allegedly ordered, conducted or provided by the Plaintiffs.

**NOTE: IF YOU ARE UNSURE AS TO THE INTENT, SCOPE OR MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS, YOU ARE INSTRUCTED TO HAVE YOUR ATTORNEYS CONTACT THE ATTORNEYS OF RECORD FOR PLAINTIFFS WHO WILL PROVIDE ANY NEEDED ASSISTANCE FOR YOU TO UNDERSTAND THE INTENT, MEANING AND SCOPE THEREOF.**

### REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1. Copies of any and all statements of the Plaintiffs obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

2. Copies of any and all statements of the Defendant, UNITED HEALTHCARE SERVICES, INC., obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

3. Copies of any and all statements of the Defendant, EMPIRE HEALTH CENTER, INC., obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

4. Copies of any and all statements of the Defendant, JUST RECOVERY, LLC, obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

5. Copies of any and all statements of the Defendant, RECOVERY IN THE LIGHT, LLC, obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

6. Please produce any and all statements of witnesses taken by you or on your behalf pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6)

months prior to withholding claims to the present time.

7. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Plaintiffs, from six (6) months prior to withholding claims to the present time.

8. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, UNITED HEALTHCARE SERVICES, INC., from six (6) months prior to withholding claims to the present time.

9. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, EMPIRE HEALTH CENTER, INC., from six (6) months prior to withholding claims to the present time.

10. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, JUST RECOVERY, LLC, from six (6) months prior to withholding claims to the present time.

11. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, RECOVERY IN THE LIGHT, LLC, from six (6) months prior to withholding claims to the present time.

12. Any and all claims submitted by the Plaintiffs to UNITEDHEALTHCARE OF FLORIDA, INC., and files in your possession that correspond thereto, from six (6) months prior to withholding claims to the present time.

13. Any and all claims submitted and correspondence issued by Defendant, EMPIRE HEALTH CENTER, INC., to UNITEDHEALTHCARE OF FLORIDA, INC., in response to claims including but not limited to Explanation of Benefits, Denials, Letters, or request for supporting documentation, from six (6) months prior to

withholding claims to the present time.

14. Any and all claims submitted and correspondence issued by Defendant, JUST RECOVERY, LLC, to UNITEDHEALTHCARE OF FLORIDA, INC., in response to claims including but not limited to Explanation of Benefits, Denials, Letters, or request for supporting documentation, from six (6) months prior to withholding claims to the present time.

15. Any and all claims submitted and correspondence issued by Defendant, RECOVERY IN THE LIGHT, LLC, to UNITEDHEALTHCARE OF FLORIDA, INC., in response to claims including but not limited to Explanation of Benefits, Denials, Letters, or request for supporting documentation, from six (6) months prior to withholding claims to the present time.

16. Any and all documents that you reviewed and/or relied on in making the statement that DR. LIGOTTI is not an active licensed physician in the State of Florida.

17. Please produce any and all documents in which you relied on to "flag" DR. LIGOTTI and/or WHOLE HEALTH, LLC, for no payment.

18. Please produce any and all agreements, contracts, or other forms of arrangement with the Plaintiffs, from six (6) months prior to withholding claims to the present time.

19. Please produce any and all agreements, contracts, or other forms of arrangement with Defendant, EMPIRE HEALTH CENTER, INC., from six (6) months prior to withholding claims to the present time.

20. Please produce any and all agreements, contracts, or other forms of arrangement with Defendant, JUST RECOVERY, LLC, from six (6) months prior to withholding claims to the present time.

21.     Please produce any and all agreements, contracts, or other forms of
        arrangement with Defendant, RECOVERY IN THE LIGHT, LLC, from six (6)
        months prior to withholding claims to the present time.

22.     Please produce any and all explanation of benefits ("EOB's") from
        UNITEDHEALTHCARE OF FLORIDA, INC., denying coverage and containing
        assertions that were published to your insureds, billing companies, and the
        substance abuse treatment facilities where DR. LIGOTTI serves as the Medical
        Director, from six (6) months prior to withholding claims to the present time.

23.     Please produce any and all documents and correspondence that the Defendant
        used, created, reviewed, relied upon, and/or referenced during the investigation
        of DR. LIGOTTI.

24.     Please produce any and all documents and correspondence that your entity,
        Optum, used, created, reviewed, relied upon, and/or referenced during the
        investigation of DR. LIGOTTI.

25.     Please produce any and all documents and correspondence that your employee,
        Christopher Hensley, used, created, reviewed, relied upon, and/or referenced
        during the investigation of the Plaintiffs.

26.     Please produce any and all documents and correspondence that your employee,
        Kerri Hernan, used, created, reviewed, relied upon, and/or referenced during the
        investigation of the Plaintiffs.

27.     Please produce any and all documents and correspondence that your employee,
        Carolyn Ham, used, created, reviewed, relied upon, and/or referenced during the
        investigation of the Plaintiffs.

28.     Please produce any and all documents and correspondence contained within any
        of your investigator's files pertaining to the allegations stated in the Plaintiffs'

Complaint.

29.    Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Plaintiffs, from six (6) months prior to withholding claims to the present time.

30.    Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, UNITED HEALTHCARE SERVICES, INC., from six (6) months prior to withholding claims to the present time.

31.    Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, EMPIRE HEALTH CENTER, INC., from six (6) months prior to withholding claims to the present time.

32.    Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, JUST RECOVERY, LLC, from six (6) months prior to withholding claims to the present time.

33.    Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, RECOVERY IN THE LIGHT, LLC, from six (6) months prior to withholding claims to the present time.

34.    Please produce any and all documents, manuals, procedures and guidelines relating to the procedure for fraud investigation used by Optum.

35.    Please produce any and all documents, information, and fee schedules used to determine reimbursement rates by Optum.

36.    Please produce any and all guidelines, published documents, and provider manuals that are used to determine acceptable criteria by UNITEDHEALTHCARE OF FLORIDA, INC., for providers, physicians, facilities

8

for substance abuse and mental health services, and clinical laboratory services.

37.    Please produce any and all Explanation of Benefits, denial letters and/or

correspondence sent to patients, subscribers, or employer's regarding DR.

LIGOTTI and WHOLE HEALTH, LLC.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along

with the Summons and Complaint upon Defendant, UNITEDHEALTHCARE OF FLORIDA,

INC.

> KRUPNICK CAMPBELL MALONE BUSER
> SLAMA HANCOCK LIBERMAN, P.A.
> Attorneys for Plaintiff
> 12 Southeast 7th Street, Suite 801
> Fort Lauderdale, Florida 33301
> (954) 763-8181 Fax: (954) 763-8292
>
> BY: /s/ Brent M. Reitman
> WALTER G. CAMPBELL, JR., ESQUIRE
> Florida Bar No.: 161009
> BRENT M. REITMAN, ESQ.
> Florida Bar No.: 85313
> pleadings-wgc@krupnicklaw.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

        Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation, JUST
RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

        Defendants.

_____/

## COMBINED FIRST REQUEST FOR ADMISSIONS,
## SECOND REQUEST FOR PRODUCTION,
## AND SECOND SET OF INTERROGATORIES

**TO:**     **DEFENDANT, UNITEDHEALTHCARE OF FLORIDA, INC.,**
                **To Be Served Along With the Summons and Complaint**

Pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, you are hereby

requested to produce to the Plaintiff, MICHAEL J. LIGOTTI, D.O. (hereinafter referred to as

"DR. LIGOTTI") within forty-five (45) days from the date of service, at the Law Offices of

KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK, LIBERMAN, P.A., 12

Southeast 7th Street, Suite 801, Fort Lauderdale, Florida, 33301, the following:

### EXHIBIT "A"

### Definitions

1.    **"DOCUMENTS" or "WRITINGS"** means and refers to: all written, printed,

recorded or graphic matter, transcriptions of any such recording, photographic matter,

sound reproductions, or computer printouts, however produced or reproduced, or any

writing of any kind, including but not limited to both sides of each page of each such document and all attachments and enclosures thereto, now or formerly in the actual or constructive possession, custody or control of the responding defendant, or its agents, employees, representatives or attorneys. In the event defendant does not have actual or constructive possession, custody or control of the original of any requested document, a true, correct, complete and totally legible copy thereof shall be produced, including but not limited to the reverse side of each document as well as all attachments and enclosures thereto.

2.      **"YOU," "YOUR," or "DEFENDANT"** means and refers to the responding defendant; however, when documents or information are requested which are in **YOUR** possession, custody or under **YOUR** control, **"YOU"** and **"DEFENDANT"** also include defendant's past and present agents, employees and consultants; responding defendant(s)' insurance carrier(s) and all their past and present agents, employees and consultants; responding defendant(s)' attorneys and all their past and present agents, employees and consultants; and any other person or entity formerly or presently acting on responding defendant(s)' behalf in any way in connection with the instant action.

3.      **"CORRESPONDENCE"** includes, but is not limited to, letters, notes, papers, files, memoranda, facsimiles, cover sheets, graphs and charts.

4.      **"SUBJECT INCIDENT"** includes the circumstances and events surrounding the incident and injuries alleged in Plaintiff's complaint.

5.      **"SUBJECT TREATMENT FACILITY," or "TREATMENT FACILITIES"** includes any substance abuse or treatment center in which the Plaintiff examines or treats the facilities patients or where the Plaintiff is listed as the Medical Director. These terms also include any treatment center in which the Defendant received claims stating services allegedly ordered, conducted or provided by the Plaintiffs.

**NOTE:  IF YOU ARE UNSURE AS TO THE INTENT, SCOPE OR MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS, YOU ARE INSTRUCTED TO HAVE YOUR ATTORNEYS CONTACT THE ATTORNEYS OF RECORD FOR PLAINTIFFS WHO WILL PROVIDE ANY NEEDED ASSISTANCE FOR YOU TO UNDERSTAND THE INTENT, MEANING AND SCOPE THEREOF.**

## REQUEST FOR ADMISSION #1

1. Admit that the Defendant is named correctly in the Complaint.

## REQUEST FOR PRODUCTION #1

2. If your response to Request for Admission #1 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #1

3. If your response to Request for Admission #1 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #2

4. Admit that DR. LIGOTTI is and has been a licensed doctor of osteopathic medicine in the State of Florida since 2003.

## REQUEST FOR PRODUCTION #2

5. If your response to Request for Admission #2 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #2

6. If your response to Request for Admission #2 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations

3

and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #3

7. Admit that DR. LIGOTTI is a licensed doctor of osteopathic medicine in the State of Florida since 2003 and his license has never been revoked.

## REQUEST FOR PRODUCTION #3

8. If your response to Request for Admission #3 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #3

9. If your response to Request for Admission #3 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #4

10. Admit that DR. LIGOTTI is a licensed doctor of osteopathic medicine in the State of Florida since 2003 and his license has never been suspended.

## REQUEST FOR PRODUCTION #4

11. If your response to Request for Admission #4 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #4

12. If your response to Request for Admission #4 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any

4

documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #5

13. Admit that DR. LIGOTTI's medical license is active, and has been active continuously since 2003.

## REQUEST FOR PRODUCTION #5

14. If your response to Request for Admission #5 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #5

15. If your response to Request for Admission #5 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #6

16. Admit that DR. LIGOTTI never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information, unless it was to submit a treatment facility claim identifying DR. LIGOTTI as the Medical Director.

## REQUEST FOR PRODUCTION #6

17. If your response to Request for Admission #6 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #6

18. If your response to Request for Admission #6 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations

5

and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #7

19. Admit that DR. LIGOTTI did not have any involvement with the submission of treatment facility claims and has no control over the services billed, codes billed, frequency of billing, or amount billed to insurance carriers, like you, by any treatment facilities.

## REQUEST FOR PRODUCTION #7

20. If your response to Request for Admission #7 contains any denial to any part, please produce any and all video surveillance or photographs, or documents that would tend to support such a denial.

## INTERROGATORY #7

21. If your response to Request for Admission #7 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #8

22. Admit that the Plaintiffs are out of network with all insurance carriers, including the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC.

## REQUEST FOR PRODUCTION #8

23. If your response to Request for Admission #8 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, or other writings that would tend to support such a denial.

**INTERROGATORY #8**

24. If your response to Request for Admission #8 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.


**REQUEST FOR ADMISSION #9**

25. Admit that the Plaintiff, DR. LIGOTTI, provided and continues to provide services to patients insured by the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC.

**REQUEST FOR PRODUCTION #9**

26. If your response to Request for Admission #9 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, or other writings that would tend to support such a denial.

**INTERROGATORY #9**

27. If your response to Request for Admission #9 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.


**REQUEST FOR ADMISSION #10**

28. Admit that the Plaintiff, WHOLE HEALTH, LLC, provided and continues to provide services to patients insured by the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC.

**REQUEST FOR PRODUCTION #10**

29. If your response to Request for Admission #10 contains any denial to any part,

please produce any and all documents, reports, memoranda, electronic mail, or other writings that would tend to support such a denial.

**INTERROGATORY #10**

30. If your response to Request for Admission #10 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #11**

31. Admit that as of February, 2014, the Defendant denied and/or withheld payment on all claims submitted by DR. LIGOTTI and WHOLE HEALTH, LLC, for the services provided to the Defendant's insureds at WHOLE HEALTH, LLC.

**REQUEST FOR PRODUCTION #11**

32. If your response to Request for Admission #11 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #11**

33. If your response to Request for Admission #11 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #12**

34. Admit that as of February, 2014, the Defendant denied and/or withheld payment on all claims submitted by the substance abuse treatment facilities for the services

provided to the Defendant's insureds where DR. LIGOTTI served as the Medical Director.

## REQUEST FOR PRODUCTION #12

35. If your response to Request for Admission #12 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #12

36. If your response to Request for Admission #12 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #13

37. Admit that you "flagged" the Plaintiffs and denied payment on all claims submitted by the Plaintiffs.

## REQUEST FOR PRODUCTION #13

38. If your response to Request for Admission #13 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #13

39. If your response to Request for Admission #13 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

9

**REQUEST FOR ADMISSION #14**

40. Admit that the Defendant published statements to third parties, including that DR. LIGOTTI did not have an active medical license.

**REQUEST FOR PRODUCTION #14**

41. If your response to Request for Admission #14 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #14**

42. If your response to Request for Admission #14 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #15**

43. Admit that the Defendant published statements to third parties, including that DR. LIGOTTI's medical license could not be verified.

**REQUEST FOR PRODUCTION #15**

44. If your response to Request for Admission #15 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #15**

45. If your response to Request for Admission #15 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #16**

46. Admit that the Defendant published statements to third parties, including that the services provided by DR. LIGOTTI had been misrepresented.

**REQUEST FOR PRODUCTION #16**

47. If your response to Request for Admission #16 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #16**

48. If your response to Request for Admission #16 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #17**

49. Admit that you represented that DR. LIGOTTI was/is not a medical doctor with an active license.

**REQUEST FOR PRODUCTION #17**

50. If your response to Request for Admission #17 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #17**

51. If your response to Request for Admission #17 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #18**

52. Admit that you represented that DR. LIGOTTI was/is committing fraud in the manner in which services were provided and/or billed.

**REQUEST FOR PRODUCTION #18**

53. If your response to Request for Admission #18 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #18**

54. If your response to Request for Admission #18 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #19**

55. Admit that you verified the status of DR. LIGOTTI's medical license by visiting the Florida Department of Health's website (located at: http://www.floridahealth.gov), prior to withholding payments.

**REQUEST FOR PRODUCTION #19**

56. If your response to Request for Admission #19 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #19**

57. If your response to Request for Admission #19 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any

12

documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #20

58. Admit that there is no record of any discipline or complaints against DR. LIGOTTI since 2003.

## REQUEST FOR PRODUCTION #20

59. If your response to Request for Admission #20 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #20

60. If your response to Request for Admission #20 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #21

61. Admit that, on numerous occasions, DR. LIGOTTI provided copies of all relevant and active licenses to the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC.

## REQUEST FOR PRODUCTION #21

62. If your response to Request for Admission #21 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #21

63. If your response to Request for Admission #21 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations

13

and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #22

64. Admit that you knew the statements about DR. LIGOTTI's medical license that you made, after February of 2014, to third parties, numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources, were false.

## REQUEST FOR PRODUCTION #22

65. If your response to Request for Admission #22 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #22

66. If your response to Request for Admission #22 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #23

67. Admit that you knew the statements that you published, after February of 2014, about DR. LIGOTTI's medical license would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practice.

## REQUEST FOR PRODUCTION #23

68. If your response to Request for Admission #23 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail,

14

contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #23**

69. If your response to Request for Admission #23 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #24**

70. Admit that you knew the aforementioned statements about DR. LIGOTTI's medical license that you made, after February of 2014, to third parties, impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

**REQUEST FOR PRODUCTION #24**

71. If your response to Request for Admission #24 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #24**

72. If your response to Request for Admission #24 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #25**

73. Admit that the aforementioned statements that you made, after February of 2014, about the Plaintiffs, has caused significant injury to Plaintiffs' reputation, and lawful

business, trade and/or profession.

## REQUEST FOR PRODUCTION #25

74. If your response to Request for Admission #25 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #25

75. If your response to Request for Admission #25 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #26

76. Admit that you are in possession of money that is rightfully the property of the Plaintiffs.

## REQUEST FOR PRODUCTION #26

77. If your response to Request for Admission #26 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #26

78. If your response to Request for Admission #26 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #27**

79. Admit that you have, without authorization, asserted dominion and control over the Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

**REQUEST FOR PRODUCTION #27**

80. If your response to Request for Admission #27 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #27**

81. If your response to Request for Admission #27 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #28**

82. Admit that you have withheld payments for insurance claims in violation of Florida Statute § 627.6131.

**REQUEST FOR PRODUCTION #28**

83. If your response to Request for Admission #28 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #28**

84. If your response to Request for Admission #28 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any

17

documents upon which the Defendant relies upon in support of such denial.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon Defendant, UNITEDHEALTHCARE OF FLORIDA, INC.

KRUPNICK CAMPBELL MALONE BUSER
SLAMA HANCOCK LIBERMAN, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 801
Fort Lauderdale, Florida 33301
(954) 763-8181 Fax: (954) 763-8292

BY: /s/ Brent M. Reitman
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009
BRENT M. REITMAN, ESQ.
Florida Bar No.: 85313
pleadings-wgc@krupnicklaw.com

_____

_____

STATE OF                 )
                           ) SS
COUNTY OF           )

        BEFORE ME, the undersigned authority, this day personally appeared -

_____ , who, after being duly sworn, deposes and says that he/she

executed the foregoing Interrogatories and that they are true and correct to the best of his/her

knowledge and belief.

        SWORN TO AND SUBSCRIBED before me this _____ day of

_____, 2016.

_____
NOTARY PUBLIC

My Commission Expires:

_____

19

 **CT Corporation**

**Service of Process
Transmittal**
02/16/2016
CT Log Number 528657944

**TO:** Rebecca Thompson
UnitedHealth Group Incorporated (111504190770700600)
9900 Bren Rd E Ste 300W, MN008-T700
Minnetonka, MN 55343-4402

**RE:** **Process Served in Florida**

**FOR:** United HealthCare Services, Inc. (200204190770700600) (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MICHAEL J. LIGOTTI, D.O. and WHOLE HEALTH, LLC, Pltfs. vs. United HealthCare Services, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), First Request, Notice, Attachment(s) |
| **COURT/AGENCY:** | Broward County Circuit Court, FL Case # CACE1600037212 |
| **NATURE OF ACTION:** | Insurance Litigation - Claim for policy benefits |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/16/2016 at 15:38 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Brent M. Reitman Krupnick, Campbell, Malone, Buser, Slama, Hancock, Liberman, P.A., 12 S.E. 7th Street Suite 800 Fort Lauderdale, FL 33301 954-763-8181 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/17/2016, Expected Purge Date: 03/18/2016 |
| | Image SOP |
| | Email Notification, Administrative Assistant legalmail@uhc.com |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 1200 South Pine Island Road Plantation, FL 33324 |
| **TELEPHONE:** | 954-473-5503 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 37012272 E-Filed 01/26/2016 02:38:27 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.:CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

      Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC.,
a foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

      Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:

To All and Singular, the Sheriffs of said State:

      YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the
Amended Complaint, Notice of Designation of Primary Email Address, Interrogatories,
First Request for Production and Combined First Request for Admissions, Second
Request for Production and Second Set of Interrogatories in this action on Defendant:

**UNITED HEALTHCARE SERVICES, INC**
**c/o CT Corporation System**
**1200 S. Pine Island Rd.**
**Plantation, Fl. 33324**

      Each defendant is required to serve written defenses to the complaint or
petition on **Walter G. Campbell, Jr., Esquire,** Krupnick, Campbell, Malone, Buser, Slama,
Hancock, Liberman, P.A., plaintiff's attorneys, whose address is 12 S.E. 7th Street, Suite
801, Fort Lauderdale, Florida, 33301, within twenty (20) days after service of this
summons on that defendant, exclusive of the day of service and to file the original of the
defense with the Clerk of this Court either before service on plaintiff's attorneys or

immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

WITNESS my hand and seal of said Court.

FEB 04 2016

Howard C. Forman
As Clerk of Said Court

By:_____

As _____

HOWARD C. FORMAN

2

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

     Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a foreign Corporation,
f/k/a United Healthcare Services of Minnesota, Inc.,
UNITEDHEALTHCARE OF FLORIDA, INC., a Florida Corporation,
EMPIRE HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

     Defendants.

_____/

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

     Plaintiffs, MICHAEL J. LIGOTTI, D.O. and WHOLE HEALTH, LLC,
(hereinafter referred to respectively as "DR. LIGOTTI", "WH", and collectively as
"Plaintiffs") by and through their undersigned counsel sue Defendants, UNITED
HEALTHCARE SERVICES, INC., a foreign corporation, f/k/a United Healthcare
Services of Minnesota, Inc., (hereinafter referred to as "UNITED"),
UNITEDHEALTHCARE OF FLORIDA, INC., a Florida corporation (hereinafter referred
to as "UNITED FLORIDA"), EMPIRE HEALTH CENTER, INC., a Florida corporation,
JUST RECOVERY, LLC and RECOVERY IN THE LIGHT, LLC and in support allege as
follows:

### PARTIES, JURISDICTION, AND VENUE

     1.    This is an action for damages in excess of fifteen-thousand dollars

($15,000), exclusive of interest and costs, and is above the jurisdictional limits of this
Court.

2.      At all times material hereto, DR. LIGOTTI was and is a Florida licensed
doctor of osteopathic medicine, who treated and actively treats individuals suffering
from substance abuse and co-occurring mental health disorders, among others
conditions, at his private practice, WH, which is located in Delray Beach, Florida.

3.      At all times material hereto, DR. LIGOTTI was and is a resident of Palm
Beach County, Florida.

4.      At all times material hereto, WH, was and is a Florida limited liability
company, authorized to do business under the laws of Florida, with its principal place of
business in Palm Beach County, Florida and doing business in Palm Beach County.

5.      At all times material hereto, Defendant, UNITED, was and is a foreign
corporation with substantial and ongoing business operations in the State of Florida,
authorized to do business under the laws of Florida, and doing business in Broward
County, Florida, with an office for transaction of its customary business and/or an agent
or representative in Broward County, Florida.

6.      At all times material hereto, Defendant, UNITED FLORIDA, was and is a
Florida corporation, authorized to do business under the laws of Florida, and doing
business in Broward County, Florida, with an office for transaction of its customary
business and/or an agent or representative in Broward County, Florida.

7.      At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC.,
was and is a Florida corporation, authorized to do business under the laws of Florida,
and doing business in Miami-Dade County, Florida, with an office for transaction of its

2

customary business and/or an agent or representative in Miami-Dade County, Florida.

8.     At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC., was and is a medical facility that was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI'S name, Federal Tax Identification Number, Medical License Number, National Provider Identification Number and/or other identifying information ("Personal Information").

9.     At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, was and is a Florida limited liability company, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

10.     At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, was and is a substance abuse provider licensed for Intensive Outpatient Treatment and Outpatient Treatment.   Defendant, RECOVERY IN THE LIGHT, LLC, was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI's Personal Information.

11.     At all times material hereto, Defendant, JUST RECOVERY, LLC, was and is a Florida limited liability company, authorized to do business under the laws of Florida, and doing business in Broward County, Florida, with an office for transaction of its customary business and/or an agent or representative in Broward County, Florida.

12.     At all times material hereto, Defendant, JUST RECOVERY, LLC, was and is a substance abuse provider licensed for Intensive Outpatient Treatment and Outpatient Treatment.   Defendant, JUST RECOVERY, LLC, was not authorized to bill or submit claims for the payment of services using DR. LIGOTTI's Personal Information.

13.     All conditions precedent to bringing this action have been met, waived, and/or otherwise satisfied.

14.     Venue is proper in this Court because one or more of the Defendants conduct substantial business and have, or usually keep an office for transaction of customary business and/or maintains an agent or representative in Broward County, Florida.

## FACTS COMMON TO ALL COUNTS

15.     DR. LIGOTTI has been a licensed doctor of osteopathic medicine in the State of Florida since 2003.  DR. LIGOTTI specializes in treating individuals suffering from substance abuse and co-occurring mental health disorders.

16.     DR. LIGOTTI marketed the services of his private practice, WH, to various licensed substance abuse treatment facilities in South Florida (sometimes referred to as "Facility" in the singular or "Facilities" in the plural).  A number of those substance abuse treatment facilities in South Florida would refer its patients to WH for services that could not be rendered by the Facilities.

17.     DR. LIGOTTI also marketed his private practice, WH, to sober-living homes in South Florida.  A number of those sober-living homes in South Florida would refer its patients to WH for medical services because of the unlicensed status of sober-living homes that prohibit them from providing services that may be provided by a medical or healthcare provider.

18.     At all times material hereto, DR. LIGOTTI, WH, and the Facilities and the sober-living homes referring patients to WH, did not receive any form of compensation or payment from any party for the referral of patients to WH.

4

19.     DR. LIGOTTI provided independent medical services at WH to patients referred by Facilities or sober-living homes.  DR. LIGOTTI would either bill the patient or the patient's health insurance company under WH for services rendered to patients at WH.

20.     DR. LIGOTTI never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information, unless it was to submit a Facility claim identifying him as the Medical Director.  In all situations where Facilities or sober-living homes referred patients to DR. LIGOTTI, he never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information for the submission of insurance claims and/or bills in connection with the services rendered to patients at WH.

21.     At all times material hereto, in addition to DR. LIGOTTI' s general practice at WH, DR. LIGOTTI also acted and continues to act as the Medical Director for certain licensed substance abuse treatment facilities in the South Florida area.  As the Medical Director, DR. LIGOTTI oversees the medical services of these substance abuse treatment facilities.  As compensation for serving as the Medical Director for these facilities, DR. LIGOTTI receives a monthly flat fee from the Facilities.

22.     When the substance abuse treatment facilities in the South Florida area for which DR. LIGOTTI serves as the Medical Director submit claims and/or bills to the patient's insurance company, DR. LIGOTTI is listed as the Medical Director on the Facility claim and/or bill.  DR. LIGOTTI did not have any involvement with the submission of Facility claims and has no control over the services billed, codes billed, frequency of billing, or amount billed to insurance carriers by any Facilities.  DR.

5

LIGOTTI also had no control over the choice of independent clinical laboratory utilized by these Facilities.

23.     DR. LIGOTTI and WH are out of network with all insurance carriers, including UNITED. All the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director are also out of network with UNITED.

24.     DR. LIGOTTI and WH provided and continue to provide services to patients insured by UNITED. Upon information and belief, the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director also provided and continue to provide services to patients insured by UNITED.

25.     In or around January 2014, UNITED abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED insureds at WH. UNITED also abruptly and improperly began denying and/or withholding payment on claims submitted by the substance abuse treatment facilities for services provided to UNITED insureds where DR. LIGOTTI served as the Medical Director.

26.     Almost twenty four (24) months after UNITED abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED insureds, DR. LIGOTTI, WH and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medial Director, remain "flagged" by UNITED for no payment even though UNITED knows the services rendered to its insureds by DR. LIGOTTI are covered and payable.

27.     Upon information and belief, UNITED's actions in failing to make payment on any of the claims at issue for almost a 24 month period and its continued "flagging"

of DR. LIGOTTI and WH for no justifiable reason whatsoever, are an attempt to force DR. LIGOTTI and WH to stop providing services to UNITED insureds who have plans with out of network benefits.

28.    UNITED's purported basis for the denials, which were published to third parties (including DR. LIGOTTI's business associates and patients), often included the false assertions by UNITED that DR. LIGOTTI did not have an "active license" and/or that DR. LIGOTTI's license could "not be verified" and/or that the services provided by DR. LIGOTTI had been "misrepresented."

29.    At all times material hereto, UNITED has essentially taken the position and has been representing that DR. LIGOTTI was/is not a medical doctor with an active license and/or that he was/is committing fraud in the manner in which services were provided and/or billed.

30.    Explanation of Benefits ("EOB's") from UNITED denying coverage and containing the aforementioned false assertions were published to UNITED's insureds, billing companies, and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medical Director. (Samples of such EOB's are attached to this Amended Complaint as Composite Exhibit A).

31.    DR. LIGOTTI has maintained an active medical license in good standing with the State of Florida since 2003, and there is no record of any discipline or complaints against DR. LIGOTTI.

32.    At all times material hereto, DR. LIGOTTI's clean record could be verified by visiting the Florida Department of Health's website (http://www.floridahealth.gov).

33.    At all times material hereto, DR. LIGOTTI has on numerous occasions,

provided copies of all relevant licenses to UNITED.

34.    UNITED continues to wrongfully assert and misrepresent that an active license cannot be verified for DR. LIGOTTI and that he has "misrepresented" services to UNITED.

35.    DR. LIGOTTI has never "misrepresented" his services and has actively shared information with UNITED related to the services at issue.  DR. LIGOTTI provided UNITED a full listing of all services rendered at WH by him, copies of all medical records for UNITED's insureds treated by WH, and a full listing of the substance abuse treatment facilities where DR. LIGOTTI has acted as and/or continues to act as the Medical Director.

36.    Since January 2014, DR. LIGOTTI has provided information to UNITED relating to the Facilities and sober-living homes that refer patients to WH.  Specifically, DR. LIGOTTI provided information to UNITED that:

a) he does not receive any compensation from any Facilities or sober living homes that refer patients to WH;

b) he never had an ownership or management position with any Facilities or sober living homes that refer patients to WH;

c) he was never involved in the submission of insurance claims by an entity other than his own private practice; and

d) substantiates that he never authorized the use and disclosure of his Personal Information on claims for reimbursement to UNITED from any substance abuse treatment facilities or sober-living homes that refer patients to WH.

37.    DR. LIGOTTI has complied with and continues to comply with UNITED's

alleged investigation.  At no time has he committed any acts that were prohibited by law and/or are fraudulent or misrepresentative of the services provided by Plaintiffs to UNITED insureds.

38.    In cooperation with UNITED's alleged investigation, DR. LIGOTTI provided UNITED with copies of cease and desist letters that were sent to entities that UNITED alleged were utilizing DR. LIGOTTI's Personal Information to submit unauthorized claims to UNITED.  DR. LIGOTTI also provided detailed answers to all questions posed by UNITED.

39.    DR. LIGOTTI and WH are out of network with all insurance carriers, including UNITED FLORIDA.  All the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director are also out of network with UNITED FLORIDA.

40.    DR. LIGOTTI and WH provided and continue to provide services to patients insured by UNITED FLORIDA.  Upon information and belief, the substance abuse treatment facilities where DR. LIGOTTI served as the Medical Director also provided and continue to provide services to patients insured by UNITED FLORIDA.

41.    In or around January 2014, UNITED FLORIDA abruptly and improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED FLORIDA insureds at WH.  UNITED FLORIDA also abruptly and improperly began denying and/or withholding payment on claims submitted by the substance abuse treatment facilities for services provided to UNITED FLORIDA insureds where DR. LIGOTTI served as the Medical Director.

42.    Almost twenty four (24) months after UNITED FLORIDA abruptly and

improperly began denying and/or withholding payment on all claims submitted by DR. LIGOTTI and WH for the services provided to UNITED FLORIDA insureds, DR. LIGOTTI, WH and the substance abuse treatment facilities where DR. LIGOTTI serves as the Medial Director, remain "flagged" by UNITED FLORIDA for no payment even though UNITED FLORIDA knows the services rendered to its insureds by DR. LIGOTTI are covered and payable.

43. Upon information and belief, UNITED FLORIDA's actions in failing to make payment on any of the claims at issue for almost a 24 month period and its continued "flagging" of DR. LIGOTTI and WH for no justifiable reason whatsoever, are an attempt to force DR. LIGOTTI and WH to stop providing services to UNITED FLORIDA insureds who have plans with out of network benefits.

44. UNITED FLORIDA's purported basis for the denials, which were published to third parties (including DR. LIGOTTI's business associates and patients), often included the false assertions by UNITED FLORIDA that DR. LIGOTTI did not have an "active license" and/or that DR. LIGOTTI's license could "not be verified" and/or that the services provided by DR. LIGOTTI had been "misrepresented."

45. At all times material hereto, UNITED FLORIDA has essentially taken the position and has been representing that DR. LIGOTTI was/is not a medical doctor with an active license and/or that he was/is committing fraud in the manner in which services were provided and/or billed.

46. Explanation of Benefits ("EOB's") from UNITED FLORIDA denying coverage and containing the aforementioned false assertions were published to UNITED FLORIDA's insureds, billing companies, and the substance abuse treatment

10

facilities where DR. LIGOTTI serves as the Medical Director. (Samples of such EOB's are attached to this Amended Complaint as Composite Exhibit A).

47.     DR. LIGOTTI has maintained an active medical license in good standing with the State of Florida since 2003, and there is no record of any discipline or complaints against DR. LIGOTTI.

48.     At all times material hereto, DR. LIGOTTI's clean record could be verified by visiting the Florida Department of Health's website (http://www.floridahealth.gov).

49.     At all times material hereto, DR. LIGOTTI has on numerous occasions, provided copies of all relevant licenses to UNITED FLORIDA.

50.     UNITED FLORIDA continues to wrongfully assert and misrepresent that an active license cannot be verified for DR. LIGOTTI and that he has "misrepresented" services to UNITED FLORIDA.

51.     DR. LIGOTTI has never "misrepresented" his services and has actively shared information with UNITED FLORIDA related to the services at issue.   DR. LIGOTTI provided UNITED FLORIDA a full listing of all services rendered at WH by him, copies of all medical records for UNITED FLORIDA's insureds treated by WH, and a full listing of the substance abuse treatment facilities where DR. LIGOTTI has acted as and/or continues to act as the Medical Director.

52.     Since January, 2014, DR. LIGOTTI has provided information to UNITED FLORIDA relating to the Facilities and sober-living homes that refer patients to WH. Specifically, DR. LIGOTTI provided information to UNITED FLORIDA that:

a) he does not receive any compensation from any Facilities or sober living homes that refer patients to WH;

11

b) he never had an ownership or management position with any Facilities or sober living homes that refer patients to WH;

c) he was never involved in the submission of insurance claims by an entity other than his own private practice; and

d) substantiates that he never authorized the use and disclosure of his Personal Information on claims for reimbursement to UNITED FLORIDA from any substance abuse treatment facilities or sober-living homes that refer patients to WH.

53.    DR. LIGOTTI has complied with and continues to comply with UNITED FLORIDA's alleged investigation.   At no time has he committed any acts that were prohibited by law and/or are fraudulent or misrepresentative of the services provided by Plaintiffs to UNITED FLORIDA insureds.

54.    In cooperation with UNITED FLORIDA's alleged investigation, DR. LIGOTTI provided UNITED FLORIDA with copies of cease and desist letters that were sent to entities that UNITED FLORIDA alleged were utilizing DR. LIGOTTI's Personal Information to submit unauthorized claims to UNITED FLORIDA.   DR. LIGOTTI also provided detailed answers to all questions posed by UNITED FLORIDA.

55.    Upon information and belief, Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC and JUST RECOVERY, LLC, have and continue to use DR. LIGOTTI's Personal Information without his consent or knowledge to submit insurance claims for payment to UNITED in unauthorized circumstances.

56.    Upon information and belief, Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC and JUST RECOVERY, LLC, have listed and

continue to list DR. LIGOTTI on claims as the rendering/ordering physician for services that DR. LIGOTTI never provided, ordered or referred.

57.     As a result of the actions of Defendants, EMPIRE HEALTH CENTER, INC., RECOVERY IN THE LIGHT, LLC, and JUST RECOVERY, LLC, actions, the reputations of DR. LIGOTTI and WH have been disparaged and harmed.  Plaintiffs have suffered and continue to suffer damages.

58.     At all times material hereto, in accordance with UNITED and/or UNITED FLORIDA's appellate procedures, DR. LIGOTTI has timely appealed each of the denied claims and has cooperated with UNITED and/or UNITED FLORIDA's in-house counsel and special investigation unit in a good faith effort to put an end to UNITED and/or UNITED FLORIDA's false and defamatory statements and improper processing of claims.

59.     At all times material hereto, DR. LIGOTTI has repeatedly supplied UNITED and/or UNITED FLORIDA with his Personal Information, medical license, DEA Registration Certificate, CLIA Certificate of Registration, CLIA Certificate of Waiver and all other requested information regarding himself, WH, and any relationship he did or did not have with any third party, as requested by UNITED and/or UNITED FLORIDA. However, UNITED and/or UNITED FLORIDA continues to make the same false and defamatory statements regarding DR. LIGOTTI and continues to wrongfully deny and withhold payment of claims for services performed, ordered or rendered by Plaintiffs, which UNITED and/or UNITED FLORIDA knows are covered and payable.

60.     Additionally, UNITED and/or UNITED FLORIDA attempted to improperly tie payment of DR. LIGOTTI'S claims for services rendered to patients at WH to the

condition that he provide UNITED and/or UNITED FLORIDA with assistance in its investigation against Facilities and sober living homes in a manner which was not only burdensome, but with terms that were impossible for DR. LIGOTTI to perform.

61.    Notwithstanding UNITED and/or UNITED FLORIDA's actions, Plaintiffs have and continue to in good faith provide medical services to UNITED and/or UNITED FLORIDA's insureds.  Yet, UNITED and/or UNITED FLORIDA has and continues to deny payment for medical services provided by Plaintiffs to UNITED and/or UNITED FLORIDA insureds.

62.    As a result of UNITED and/or UNITED FLORIDA's false statements regarding DR. LIGOTTI, Plaintiffs' relationships with numerous patients, fellow physicians, associated substance abuse treatment facilities, as well as referral sources have been negatively impacted.

63.    On at least one occasion, UNITED and/or UNITED FLORIDA stated to an entity with whom DR. LIGOTTI served as the Medical Director that UNITED and/or UNITED FLORIDA does not "think that DR. LIGOTTI is a licensed physician." Moreover, UNITED and/or UNITED FLORIDA falsely represented that DR. LIGOTTI was involved with the submission of false claims to UNITED and/or UNITED FLORIDA. As a result of the aforementioned false and defamatory statements by UNITED and/or UNITED FLORIDA, the entity terminated its relationship with DR. LIGOTTI.

64.    Defendant, UNITED and/or UNITED FLORIDA, made the aforementioned false and defamatory statements knowing they were false or with a reckless disregard for the truth; without reasonable grounds for UNITED and/or UNITED FLORIDA to believe they were true; and with the sole intent to injure and defame DR. LIGOTTI.

65.    At all times material hereto, the aforementioned false and defamatory statements regarding DR. LIGOTTI have caused, and continue to cause, irreparable damage and/or harm to Plaintiffs' reputations, and have adversely affected, and are continuing to adversely affect Plaintiffs' business practices and relationships with numerous patients, physicians, clinics, treatment facilities, billing companies, as well as referral sources.

66.    As a result of Defendant's actions, Plaintiffs have suffered and continue to suffer damages.

## COUNT I
## DEFAMATION CLAIM AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

67.    This is a cause of action against Defendant, UNITED, for defamation.

68.    At all times material hereto, Defendant, UNITED, intentionally made statements to numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources about DR. LIGOTTI, which UNITED knew were false and derogatory.

69.    At all times material hereto, Defendant, UNITED, intentionally published and/or communicated to third parties, numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources, the aforementioned false statements.

70.    At all times material hereto, Defendant, UNITED, knew such false statements would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practices.

15

71.     At all times material hereto, Defendant, UNITED's, false statements impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

72.     At all times material hereto, Defendant, UNITED's, false statements have caused significant injury to Plaintiffs' reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT II
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

73.     This is a cause of action against Defendant, UNITED, for tortious interference with business relations.

74.     At all times material hereto, Plaintiffs have an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources, of which Defendant, UNITED, is aware.

75.     At all times material hereto, Defendant, UNITED, has intentionally made statements to numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources about Plaintiffs, which UNITED knew were false and derogatory and have damaged Plaintiffs, which include but are not limited to DR. LIGOTTI not being the Medical Director of record for Facilities for which he was the

Medical Director of record.

76.     At all times material hereto, Defendant, UNITED's, interference with the advantageous business relations between Plaintiffs and numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

77.     At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts of interference, and continue to suffer damages as a direct and foreseeable result of UNITED's continued tortious interference with Plaintiffs' advantageous business relationships with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT III
## BREACH OF IMPLIED CONTRACT IN LAW
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

78.     Defendant, UNITED, through the acts and omissions described herein, is in possession of money that is rightfully the property of Plaintiffs.

79.     As a result, UNITED has been unjustly enriched by its activities and Plaintiffs have suffered a detriment.

80.     Plaintiffs have provided medical services to patients insured by UNITED

without entering into a written contractual relationship with UNITED.  Accordingly, Plaintiffs have conferred a benefit upon UNITED.

81.     UNITED has knowledge that Plaintiffs treated UNITED insureds and conferred benefits upon UNITED and UNITED has accepted the benefits conferred.

82.     Plaintiffs are entitled to receive compensation for their work and labor.

83.     UNITED has wrongfully withheld compensation for the work and labor performed by Plaintiffs to the benefit of UNITED.

84.     The circumstances are such that it is inequitable for UNITED to retain the benefits without paying Plaintiffs fair value for the work and labor performed.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT IV
## VIOLATION OF FLORIDA STATUTE §627.6131
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

85.     Upon information and belief, at all times material hereto, Defendant, UNITED, and DR. LIGOTTI's patients who are insured by UNITED, were parties to written insurance contracts whereby UNITED agreed to cover and, directly pay medical care providers, such as Plaintiffs, for covered services provided to the UNITED insureds by the medical providers.

86.     As a medical provider rendering covered services to UNITED insureds, Plaintiffs are third party beneficiaries of the contracts between UNITED and the UNITED

insured to whom Plaintiff provided medical services.

87.     As a matter of Florida law, when parties, including UNITED's insureds, enter into an insurance contract that is subject to statutory regulations, the parties are presumed to have entered into the agreement with reference to such statute and such is incorporated within the contract of insurance.

88.     Fla. Stat. §627.613 and Fla. Stat. §627.6131 govern the timely processing and payment of claims and therefore are incorporated into the insured's agreements with UNITED.

89.     Plaintiffs have complied with the requirements of Fla. Stat. §627.6131 by submitting claims timely to UNITED, on the appropriate forms and with appropriate codes.

90.     UNITED has failed to properly pay, properly contest and/or properly deny claims within 90 days of receipt for electronic claims and within 120 days of receipt for paper claims as per Fla. Stat. §627.6131.

91.     UNITED has failed to properly deny and properly contest claims by using codes which are defamatory and knowingly false, such as "misrepresentation" and failing to provide sufficient details to determine the grounds for denial or by failing to request information that is reasonably related to the processing of the claims.

92.     Additionally, UNITED has withheld payments for insurance claims in violation of Fla. Stat. §627.6131.  For example, UNITED has taken the position that it will not process claims unless DR. LIGOTTI provides information relating to third parties, which DR. LIGOTTI has already provided to the best of his knowledge and ability.

19

93.     UNITED'S failure to properly pay or deny claims for more than 120 days for electronic claims and more than 140 days for paper claims creates an uncontestable obligation to pay the claims submitted.

94.     As a direct and proximate result of UNITED's breach of its obligations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT V
### UNFAIR INSURANCE TRADE PRACTICES
### FLA. STAT. § 626.9541(1)(c)
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

95.     This is a cause of action against Defendant, UNITED, for unfair insurance trade practices and specifically for defamation pursuant to Fla. Stat. § 626.9541(1)(c).

96.     At all times material hereto, Plaintiffs have had an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources of which Defendant, UNITED, is aware.

97.     At all times material hereto, Defendant, UNITED, has knowingly made, published and disseminated, directly or indirectly, oral and/or written statements which are false or maliciously critical of, or derogatory to, DR. LIGOTTI and which were calculated to injure DR. LIGOTTI.

98.     These oral and/or false written statements, or maliciously critical statements, or derogatory statements by UNITED concerning DR. LIGOTTI, were made

to numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources.  UNITED knew the statements were false and derogatory, and intended to cause damage to Plaintiffs.

99.     At all times material hereto, Plaintiffs have suffered damages as a direct result of the Defendant, UNITED's, false statements and acts and continues to suffer damages as a direct and foreseeable result of UNITED's continued wrongful conduct.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT VI**
**UNFAIR INSURANCE TRADE PRACTICES**
**FLA. STAT. § 626.9541(1)(i)(2)**
**AGAINST DEFENDANT, UNITED**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

100.    This is a cause of action against Defendant, UNITED, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(2).

101.    Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

102.    DR. LIGOTTI is a person within the meaning of Fla. Stat. §626.9511. Pursuant to Fla. Stat. §624.155, Plaintiffs are pursuing civil remedies as provided by law for unfair claims settlement practices.

103.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant's, UNITED's, insureds that are

improperly and systematically denied by UNITED.

104.   At all times material hereto, in connection with the processing of claims at issue in this case, Defendant, UNITED, intentionally made material misrepresentations to its insureds and third parties regarding Plaintiffs in an effort to avoid paying its obligations under the relevant insurance contracts.

105.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts and continues to suffer damages as a direct and foreseeable result of UNITED's continued conduct.

106.   Proper notice to UNITED in compliance with Fla. Stat. §626.9511 was provided.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT VII
### UNFAIR INSURANCE TRADE PRACTICES
### FLA. STAT. § 626.9541(1)(i)(3)
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

107.   This is a cause of action against Defendant, UNITED, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(3).

108.   Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

109.   DR. LIGOTTI and WH are persons within the meaning of Fla. Stat.

§626.9511.  Pursuant to Fla. Stat. §624.155, DR. LIGOTTI is pursuing civil remedies as provided by law for unfair claims settlement practices.

110.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED's, insureds that are improperly and systematically denied by UNITED.

111.    At all times material hereto, Defendant, UNITED's, actions have occurred with such frequency as to indicate a general business practice of (1) misrepresenting pertinent facts related to coverage issues; (2) failing to acknowledge and act promptly upon communications with respect to claims; and (3) denying claims without conducting reasonable investigations based upon available information.  Additionally, UNITED has failed to clearly explain the nature of the requested information and the reasons why such information is necessary.

112.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED's, acts and continue to suffer damages as a direct and foreseeable result of UNITED's continued conduct.

113.    UNITED and the Department of Insurance have been given 60 days' written notice of the violations at issue in compliance with Fla. Stat. §626.9511.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT VIII
### CONVERSION
### AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in

Paragraphs 1-66 as if fully set forth herein.

114. At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED's, insureds, which are improperly and systematically denied and/or withheld.

115. At all times material hereto, Defendant, UNITED, has and continues to deny and withhold monies due to Plaintiffs even though UNITED knows that the claims are payable thereby depriving Plaintiffs of the funds for the services rendered to UNITED's insureds.

116. At all times material hereto, Defendant, UNITED, has been in possession of Plaintiffs' funds.

117. At all times material hereto, Defendant, UNITED, has seized and retained Plaintiffs' funds for its own use and benefit.

118. At all times material hereto, Defendant, UNITED's, improper possession and retention of funds which belong to Plaintiffs give rise to a claim for conversion.

119. At all times material hereto, Defendant, UNITED, has, without authorization, asserted dominion and control over Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

120. At all times material hereto, Plaintiffs, have placed Defendant, UNITED, on actual notice of the misappropriation and/or conversion of said funds, and furthermore, have provided UNITED with all of the pertinent documents required for UNITED to release the funds

121. At all times material hereto, not only has Defendant, UNITED, exerted dominion, possession and control over said funds, but UNITED has asserted an

ownership interest over said funds by using them in its business enterprise, deriving, in this manner, an economic benefit.

122.   At all times material hereto, the amount of funds wrongfully converted by Defendant, UNITED, are specific and identifiable.

123.   At all times material hereto, Defendant, UNITED's, conversion and/or misappropriation of funds has permanently deprived Plaintiffs of the right to possession, control, and use of their money.

124.   At all times material hereto, as a direct and proximate result of Defendant, UNITED's, repeated and continued misappropriation and/or conversion of Plaintiffs' funds, Plaintiffs have suffered substantial damage.

WHEREFORE, Plaintiffs demand judgment against Defendant, UNITED, for damages, costs, interest and such other and further relief which is necessary and just under the circumstances and demands trial by jury of all issues triable as right by jury.

## COUNT IX
## CIVIL THEFT – FLA. STAT. § 722.11
## AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

125.   At all times material hereto, Defendant, UNITED, has committed theft by knowingly collecting, demanding, withholding, and/or taking Plaintiffs' funds with the intent to permanently deprive Plaintiffs of the right to use, control and dispose of said funds.

126.   At all times material hereto, Defendant, UNITED, knowingly used said funds for its own use, with the intent to permanently deprive Plaintiffs of the right to use,

control and dispose of said funds.

127.   At all times material hereto, Defendant, UNITED, knew that it did not have a right to collect, retain, withhold and/or misappropriate said funds.

128.   At all times material hereto, Defendant, UNITED, acted with criminal intent to either temporarily or permanently deprive Plaintiffs of their property.

129.   At all times material hereto, Defendant, UNITED, seized and retained Plaintiffs' funds for its own use and benefit.

130.   At all times material hereto, as a direct and proximate result of the foregoing, Plaintiffs have suffered damages.

131.   At all times material hereto, Plaintiffs have made a written demand on Defendant, UNITED, pursuant to Fla. Stat. § 722.11. (See copy of demand dated December 21, 2015 attached to this Amended Complaint as Exhibit B).

132.   More than 30 days have passed since Defendant, UNITED, received the aforementioned written demand and UNITED has failed to comply with said demand by reimbursing and/or tendering the funds withheld for services provided by Plaintiffs to UNITED's insureds.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED, for damages of three times the amount stolen, interest, costs and attorney's fees pursuant to Fla. Stat. § 722.11, and demands trial by jury of all issues triable as of right by jury.

## COUNT X
## INJUNCTION AGAINST DEFENDANT, UNITED

Plaintiffs reallege and incorporate by reference the allegations contained in

Paragraphs 1-66 as if fully set forth herein.

133.   At all times material hereto, Plaintiffs seek to enjoin Defendant, UNITED, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

134.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

135.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

136.   At all times material hereto, Plaintiffs have no adequate remedy at law.

137.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause Defendant, UNITED.

138.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, UNITED, from making false statements about DR. LIGOTTI's license and status as a doctor and unjustly denying and withholding claims, together with such other and further relief as this Court deems just and proper.

## COUNT XI
## DEFAMATION CLAIM AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

139.   This is a cause of action against Defendant, UNITED FLORIDA, for defamation.

140.    At all times material hereto, Defendant, UNITED FLORIDA, intentionally made statements to numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources about DR. LIGOTTI, which UNITED FLORIDA knew were false and derogatory.

141.    At all times material hereto, Defendant, UNITED FLORIDA, intentionally published and/or communicated to third parties, numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources, the aforementioned false statements.

142.    At all times material hereto, Defendant, UNITED FLORIDA, knew such false statements would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practices.

143.    At all times material hereto, Defendant, UNITED FLORIDA's, false statements impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

144.    At all times material hereto, Defendant, UNITED FLORIDA's, false statements have caused significant injury to Plaintiffs' reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XII
### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in

Paragraphs 1-66 as if fully set forth herein.

145.   This is a cause of action against Defendant, UNITED FLORIDA, for tortious interference with business relations.

146.   At all times material hereto, Plaintiffs have an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources, of which Defendant, UNITED FLORIDA, is aware.

147.   At all times material hereto, Defendant, UNITED FLORIDA, has intentionally made statements to numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources about Plaintiffs, which UNITED FLORIDA knew were false and derogatory and have damaged Plaintiffs, which include but are not limited to DR. LIGOTTI not being the Medical Director of record for Facilities for which he was the Medical Director of record.

148.   At all times material hereto, Defendant, UNITED FLORIDA's, interference with the advantageous business relations between Plaintiffs and numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

149.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts of interference, and continue to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued tortious interference with Plaintiffs' advantageous business relationships with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant,

29

UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XIII
## BREACH OF IMPLIED CONTRACT IN LAW
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

150.   Defendant, UNITED FLORIDA, through the acts and omissions described herein, is in possession of money that is rightfully the property of Plaintiffs.

151.   As a result, UNITED FLORIDA has been unjustly enriched by its activities and Plaintiffs have suffered a detriment.

152.   Plaintiffs have provided medical services to patients insured by UNITED FLORIDA without entering into a written contractual relationship with UNITED FLORIDA.  Accordingly, Plaintiffs have conferred a benefit upon UNITED FLORIDA.

153.   UNITED FLORIDA has knowledge that Plaintiffs treated UNITED FLORIDA insureds and conferred benefits upon UNITED FLORIDA and UNITED FLORIDA has accepted the benefits conferred.

154.   Plaintiffs are entitled to receive compensation for their work and labor.

155.   UNITED FLORIDA has wrongfully withheld compensation for the work and labor performed by Plaintiffs to the benefit of UNITED FLORIDA.

156.   The circumstances are such that it is inequitable for UNITED FLORIDA to retain the benefits without paying Plaintiffs fair value for the work and labor performed.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by

jury of all issues so triable as a matter of right by jury.

## COUNT XIV
## VIOLATION OF FLORIDA STATUTE §627.6131
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

157.   Upon information and belief, at all times material hereto, Defendant, UNITED FLORIDA, and DR. LIGOTTI's patients who are insured by UNITED FLORIDA, were parties to written insurance contracts whereby UNITED FLORIDA agreed to cover and, directly pay medical care providers, such as Plaintiffs, for covered services provided to the UNITED FLORIDA insureds by the medical providers.

158.   As a medical provider rendering covered services to UNITED FLORIDA insureds, Plaintiffs are third party beneficiaries of the contracts between UNITED FLORIDA and the UNITED FLORIDA insured to whom Plaintiff provided medical services.

159.   As a matter of Florida law, when parties, including UNITED FLORIDA's insureds, enter into an insurance contract that is subject to statutory regulations, the parties are presumed to have entered into the agreement with reference to such statute and such is incorporated within the contract of insurance.

160.   Fla. Stat. §627.613 and Fla. Stat. §627.6131 govern the timely processing and payment of claims and therefore are incorporated into the insured's agreements with UNITED FLORIDA.

161.   Plaintiffs have complied with the requirements of Fla. Stat. §627.6131 by submitting claims timely to UNITED FLORIDA, on the appropriate forms and with

appropriate codes.

162.   UNITED FLORIDA has failed to properly pay, properly contest and/or properly deny claims within 90 days of receipt for electronic claims and within 120 days of receipt for paper claims as per Fla. Stat. §627.6131.

163.   UNITED FLORIDA has failed to properly deny and properly contest claims by using codes which are defamatory and knowingly false, such as "misrepresentation" and failing to provide sufficient details to determine the grounds for denial or by failing to request information that is reasonably related to the processing of the claims.

164.   Additionally, UNITED FLORIDA has withheld payments for insurance claims in violation of Fla. Stat. §627.6131.  For example, UNITED FLORIDA has taken the position that it will not process claims unless DR. LIGOTTI provides information relating to third parties, which DR. LIGOTTI has already provided to the best of his knowledge and ability.

165.   UNITED FLORIDA'S failure to properly pay or deny claims for more than 120 days for electronic claims and more than 140 days for paper claims creates an uncontestable obligation to pay the claims submitted.

166.   As a direct and proximate result of UNITED FLORIDA's breach of its obligations, Plaintiffs have suffered and continue to suffer damages.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XV
### UNFAIR INSURANCE TRADE PRACTICES
### FLA. STAT. § 626.9541(1)(c)
### AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

167.   This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices and specifically for defamation pursuant to Fla. Stat. § 626.9541(1)(c).

168.   At all times material hereto, Plaintiffs have had an ongoing relationship with numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources of which Defendant, UNITED FLORIDA, is aware.

169.   At all times material hereto, Defendant, UNITED FLORIDA, has knowingly made, published and disseminated, directly or indirectly, oral and/or written statements which are false or maliciously critical of, or derogatory to, DR. LIGOTTI and which were calculated to injure DR. LIGOTTI.

170.   These oral and/or false written statements, or maliciously critical statements, or derogatory statements by UNITED FLORIDA concerning DR. LIGOTTI, were made to numerous patients, physicians, billing companies and substance abuse treatment facilities, as well as referral sources.  UNITED FLORIDA knew the statements were false and derogatory, and intended to cause damage to Plaintiffs.

171.   At all times material hereto, Plaintiffs have suffered damages as a direct result of the Defendant, UNITED FLORIDA's, false statements and acts and continues to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued wrongful conduct.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by

jury of all issues so triable as a matter of right by jury.

## COUNT XVI
## UNFAIR INSURANCE TRADE PRACTICES
## FLA. STAT. § 626.9541(1)(i)(2)
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

172.    This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(2).

173.    Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

174.    DR. LIGOTTI is a person within the meaning of Fla. Stat. §626.9511. Pursuant to Fla. Stat. §624.155, Plaintiffs are pursuing civil remedies as provided by law for unfair claims settlement practices.

175.    At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant's, UNITED FLORIDA's, insureds that are improperly and systematically denied by UNITED FLORIDA.

176.    At all times material hereto, in connection with the processing of claims at issue in this case, Defendant, UNITED FLORIDA, intentionally made material misrepresentations to its insureds and third parties regarding Plaintiffs in an effort to avoid paying its obligations under the relevant insurance contracts.

177.    At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts and continues to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued conduct.

178.   Proper notice to UNITED FLORIDA in compliance with Fla. Stat. §626.9511 was provided.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

### COUNT XVII
### UNFAIR INSURANCE TRADE PRACTICES
### FLA. STAT. § 626.9541(1)(i)(3)
### AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

179.   This is a cause of action against Defendant, UNITED FLORIDA, for unfair insurance trade practices pursuant to Fla. Stat. § 626.9541(1)(i)(3).

180.   Fla. Stat. §626.9541(i) provides for a cause of action against an insurer for unfair claims settlement practices in relation to the adjudication of benefits under an insurance plan.

181.   DR. LIGOTTI and WH are persons within the meaning of Fla. Stat. §626.9511.  Pursuant to Fla. Stat. §624.155, DR. LIGOTTI is pursuing civil remedies as provided by law for unfair claims settlement practices.

182.   At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED FLORIDA's, insureds that are improperly and systematically denied by UNITED FLORIDA.

183.   At all times material hereto, Defendant, UNITED FLORIDA's, actions have occurred with such frequency as to indicate a general business practice of (1) misrepresenting pertinent facts related to coverage issues; (2) failing to acknowledge

and act promptly upon communications with respect to claims; and (3) denying claims without conducting reasonable investigations based upon available information. Additionally, UNITED FLORIDA has failed to clearly explain the nature of the requested information and the reasons why such information is necessary.

184.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, UNITED FLORIDA's, acts and continue to suffer damages as a direct and foreseeable result of UNITED FLORIDA's continued conduct.

185.   UNITED FLORIDA and the Department of Insurance have been given 60 days' written notice of the violations at issue in compliance with Fla. Stat. §626.9511.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, UNITED FLORIDA, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XVIII
## CONVERSION
## AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

186.   At all times material hereto, Plaintiffs have and continue to submit claims for reimbursement for services provided to Defendant, UNITED FLORIDA's, insureds, which are improperly and systematically denied and/or withheld.

187.   At all times material hereto, Defendant, UNITED FLORIDA, has and continues to deny and withhold monies due to Plaintiffs even though UNITED FLORIDA knows that the claims are payable thereby depriving Plaintiffs of the funds for the services rendered to UNITED FLORIDA's insureds.

188.    At all times material hereto, Defendant, UNITED FLORIDA, has been in possession of Plaintiffs' funds.

189.    At all times material hereto, Defendant, UNITED FLORIDA, has seized and retained Plaintiffs' funds for its own use and benefit.

190.    At all times material hereto, Defendant, UNITED FLORIDA's, improper possession and retention of funds which belong to Plaintiffs give rise to a claim for conversion.

191.    At all times material hereto, Defendant, UNITED FLORIDA, has, without authorization, asserted dominion and control over Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

192.    At all times material hereto, Plaintiffs, have placed Defendant, UNITED FLORIDA, on actual notice of the misappropriation and/or conversion of said funds, and furthermore, have provided UNITED FLORIDA with all of the pertinent documents required for UNITED FLORIDA to release the funds

193.    At all times material hereto, not only has Defendant, UNITED FLORIDA, exerted dominion, possession and control over said funds, but UNITED FLORIDA has asserted an ownership interest over said funds by using them in its business enterprise, deriving, in this manner, an economic benefit.

194.    At all times material hereto, the amount of funds wrongfully converted by Defendant, UNITED FLORIDA, are specific and identifiable.

195.    At all times material hereto, Defendant, UNITED FLORIDA's, conversion and/or misappropriation of funds has permanently deprived Plaintiffs of the right to possession, control, and use of their money.

196.   At all times material hereto, as a direct and proximate result of Defendant, UNITED FLORIDA's, repeated and continued misappropriation and/or conversion of Plaintiffs' funds, Plaintiffs have suffered substantial damage.

WHEREFORE, Plaintiffs demand judgment against Defendant, UNITED FLORIDA, for damages, costs, interest and such other and further relief which is necessary and just under the circumstances and demands trial by jury of all issues triable as right by jury.

## COUNT XIX
## INJUNCTION AGAINST DEFENDANT, UNITED FLORIDA

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

197.   At all times material hereto, Plaintiffs seek to enjoin Defendant, UNITED FLORIDA, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

198.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

199.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

200.   At all times material hereto, Plaintiffs have no adequate remedy at law.

201.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause Defendant, UNITED FLORIDA.

202.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, UNITED FLORIDA, from making false statements about DR. LIGOTTI's license and status as a doctor and unjustly denying and withholding claims, together with such other and further relief as this Court deems just and proper.

**COUNT XX**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**AGAINST DEFENDANT, EMPIRE HEALTH CENTER, INC.**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

203.   This is a cause of action against Defendant, EMPIRE HEALTH CENTER, INC., for tortious interference with business relations.

204.   At all times material hereto, Plaintiffs have a public and ongoing relationship with numerous patients, physicians, clinics, billing companies, and treatment facilities, as well as referral sources, within the South Florida community. Plaintiffs have a reputation of specializing in the treatment of substance abuse patients and Defendant, EMPIRE HEALTH CENTER, INC., is aware of this reputation.

205.   At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC., intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between EMPIRE HEALTH CENTER, INC and DR. LIGOTTI.

206.   At all times material hereto, Defendant, EMPIRE HEALTH CENTER, INC.

39

interfered with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.  This interference was intentional and unjustified.

207.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant, EMPIRE HEALTH CENTER, INC.'s, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant, EMPIRE HEALTH CENTER, INC.'s, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, EMPIRE HEALTH CENTER, INC., together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXI
## DEFAMATION CLAIM AGAINST DEFENDANT
## EMPIRE HEALTH CENTER, INC.,

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

208.   This is a cause of action against the Defendant, EMPIRE HEALTH CENTER, INC., for defamation.

209.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., intentionally made statements to numerous patients, physicians, clinics, billing companies and treatment facilities, as well as referral sources about the Plaintiffs, which EMPIRE HEALTH CENTER, INC., knew were false and derogatory.

40

210.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., intentionally published and/or communicated to a third parties, including health plans, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

211.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC., knew such false statements would likely result in material and substantial defamation of the Plaintiffs, reputation and business practices.

212.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC.'s, false statements imputed to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiffs, lawful business, trade, and/or profession.

213.   At all times material hereto, the Defendant, EMPIRE HEALTH CENTER, INC.'s, false statements have caused significant injury to the Plaintiffs, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against the Defendant, EMPIRE HEALTH CENTER, INC., together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXII
## INJUNCTION AGAINST DEFENDANT,
## EMPIRE HEALTH CENTER, INC.

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

214.   At all times material hereto, Plaintiffs seek to enjoin Defendant, EMPIRE

HEALTH CENTER, INC., from engaging in any conduct directed at interfering with Plaintiffs' business relations.

215.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

216.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

217.   At all times material hereto, Plaintiffs have no adequate remedy at law.

218.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

219.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, EMPIRE HEALTH CENTER, INC., from making false statements to United about services provided by Plaintiffs and prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

## COUNT XXIII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
## AGAINST DEFENDANT, JUST RECOVERY, LLC.

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

220.   This is a cause of action against Defendant, JUST RECOVERY, LLC, for

tortious interference with business relations.

221.   At all times material hereto, Plaintiffs have a public and ongoing relationship with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, within the South Florida community and a reputation of specifically treating substance abuse patients of which Defendant, JUST RECOVERY, LLC, is aware.

222.   At all times material hereto, Defendant, JUST RECOVERY, LLC, intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between Defendant, JUST RECOVERY, LLC, and DR. LIGOTTI.

223.   At all times material hereto, Defendant's, JUST RECOVERY, LLC's, interference with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

224.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant's, JUST RECOVERY, LLC's, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant's, JUST RECOVERY, LLC's, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, JUST RECOVERY, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXIV
## DEFAMATION CLAIM AGAINST DEFENDANT

**JUST RECOVERY, LLC**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

225.   This is a cause of action against the Defendant, JUST RECOVERY, LLC, for defamation.

226.   At all times material hereto, the Defendant, JUST RECOVERY, LLC, intentionally made statements to numerous patients, physicians, clinics, billing companies and treatment facilities, as well as referral sources about the Plaintiffs, which JUST RECOVERY, LLC, knew were false and derogatory.

227.   At all times material hereto, the Defendant, JUST RECOVERY, LLC, intentionally published and/or communicated to a third parties, including health plans, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

228.   At all times material hereto, the Defendant, JUST RECOVERY, LLC, knew such false statements would likely result in material and substantial defamation of the Plaintiffs, reputation and business practices.

229.   At all times material hereto, the Defendant, JUST RECOVERY, LLC's, false statements imputed to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiffs, lawful business, trade, and/or profession.

230.   At all times material hereto, the Defendant, JUST RECOVERY, LLC's, false statements have caused significant injury to the Plaintiffs, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against the Defendant, JUST RECOVERY, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXV
## INJUNCTION AGAINST DEFENDANT,
## JUST RECOVERY, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

231.   At all times material hereto, Plaintiffs seek to enjoin Defendant, JUST RECOVERY, LLC, from engaging in any conduct directed at interfering with Plaintiffs' business relations.

232.   At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

233.   At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

234.   At all times material hereto, Plaintiffs have no adequate remedy at law.

235.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

236.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an

45

injunction prohibiting the Defendant, JUST RECOVERY, LLC, from making false statements about DR. LIGOTTI's license and affiliation of DR. LIGOTTI with Defendant, JUST RECOVERY, LLC, as well as prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

**COUNT XXVI**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS**
**AGAINST DEFENDANT, RECOVERY IN THE LIGHT, LLC.**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

237. This is a cause of action against Defendant, RECOVERY IN THE LIGHT, LLC, for tortious interference with business relations.

238. At all times material hereto, DR. LIGOTTI has a public and ongoing relationship with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, within the South Florida community and a reputation of specifically treating substance abuse patients of which Defendant, RECOVERY IN THE LIGHT, LLC, is aware.

239. At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, intentionally made statements and submitted fraudulent claims to UNITED alleging a false relationship between Defendant, RECOVERY IN THE LIGHT, LLC, and DR. LIGOTTI.

240. At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC's, interference with the advantageous business relations between Plaintiffs and UNITED, as well as numerous patients, physicians, and substance abuse treatment

facilities, as well as referral sources in and around South Florida, was intentional and unjustified.

241.   At all times material hereto, Plaintiffs have suffered damages as a direct result of Defendant's, RECOVERY IN THE LIGHT, LLC's, acts of interference, and continue to suffer damages as a direct and foreseeable result of Defendant, RECOVERY IN THE LIGHT, LLC's, continued tortious interference with Plaintiffs' advantageous business relationships with UNITED, numerous patients, physicians, and substance abuse treatment facilities, as well as referral sources in and around South Florida.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant, RECOVERY IN THE LIGHT, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

## COUNT XXVII
## DEFAMATION CLAIM AGAINST DEFENDANT
## RECOVERY IN THE LIGHT, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

242.   This is a cause of action against the Defendant, RECOVERY IN THE LIGHT, LLC, for defamation.

243.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC, intentionally made statements to numerous patients, physicians, clinics, and treatment facilities, as well as referral sources about the Plaintiff, DR. LIGOTTI, which RECOVERY IN THE LIGHT, LLC, knew were false and derogatory.

244.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT,

LLC, intentionally published and/or communicated to a third party, numerous patients, physicians, clinics, and treatment facilities, as well as referral sources, the aforementioned false statements.

245.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC, knew such false statements would likely result in material and substantial defamation of the Plaintiff's, DR. LIGOTTI's, reputation and business practices.

246.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC's, false statements imputes to others conduct, characteristics, and/or conditions incompatible with the proper exercise of the Plaintiff's, DR. LIGOTTI's, lawful business, trade, and/or profession.

247.   At all times material hereto, the Defendant, RECOVERY IN THE LIGHT, LLC's, false statements have caused significant injury to the Plaintiff's, DR. LIGOTTI's, reputation, and lawful business, trade, and/or profession.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demands judgment for damages against the Defendant, RECOVERY IN THE LIGHT, LLC, together with post-judgment interest and costs and demands trial by jury of all issues so triable as a matter of right by jury.

**COUNT XXVIII**
**NEGLIGENCE PER SE**
**VIOLATING FLA. STAT. § 483.201**
**AGAINST DEFENDANT, RECOVERY IN THE LIGHT, LLC**

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

248.   At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, is subject to Fla. Stat. § 483.201 as a licensed clinical laboratory, CLIA Registration

Number 10D2085719.

249. As a result of being subject to Fla. Stat. § 483.201, Defendant, RECOVERY IN THE LIGHT, LLC, owed a duty of care to Plaintiff, DR. LIGOTTI, to abide by the aforementioned statute, as Plaintiff is within the class of persons sought to be protected by Fla. Stat. § 483.201.

250. At all times material hereto, Defendant, RECOVERY IN THE LIGHT, LLC, breached said duty by violating Fla. Stat. § 483.201 in that Defendant:

(a) "permit[ed] unauthorized persons to perform technical procedures or to issue reports;"

(b) "demonstrat[ed] incompetence or ma[de] consistent errors in the performance of clinical laboratory examinations and procedures or erroneous reporting;"

(c) "violat[ed] or aid[ed] and abbett[ed] in the violation of any provision of this part or the riles adopted under this part;"

(d) "report[ed] a test result for a clinical specimen if the test was not performed on the clinical specimen;"

(e) "perform[ed] and report[ed] tests in a specialty or subspecialty in which the laboratory is not licensed;"

(f) "knowingly advertised false services or credentials;"

(g) "fail[ed] to correct deficiencies within the time required by the agency."

251. As a direct, proximate, and foreseeable result of Defendant's violation of Fla. Stat. § 483.201, DR. LIGOTTI's license was used without his authorization to order various tests for patients.

252. As a further direct, proximate, and foreseeable result of Defendant's

49

violation of Fla. Stat. §483.201, Plaintiff has suffered and will continue to suffer economic and non-economic damages, extreme and severe mental anguish, distress, pain and suffering, disability, impairment, psychological trauma, mental anguish, inconvenience, and loss of capacity for the enjoyment of life due to the Defendant's conduct.

WHEREFORE, Plaintiffs, DR. LIGOTTI and WHOLE HEALTH, LLC, demand judgment for damages against Defendant, RECOVERY IN THE LIGHT, LLC, together with costs and intends to seek punitive damages, equitable relief, and demands judgment by jury of all issues triable as of right by jury.

## COUNT XXIX
## INJUNCTION AGAINST DEFENDANT,
## RECOVERY IN THE LIGHT, LLC

Plaintiffs reallege and incorporate by reference the allegations contained in Paragraphs 1-66 as if fully set forth herein.

253. At all times material hereto, Plaintiffs seek to enjoin Defendant, RECOVERY IN THE LIGHT, LLC, from engaging in any conduct directed at interfering with Plaintiffs' relations.

254. At all times material hereto, Plaintiffs have a substantial likelihood of success on the merits of this case.

255. At all times material hereto, if an injunction is not granted, there is a strong likelihood of irreparable harm to Plaintiffs' reputation, business practices and relationships with numerous patients, physicians, clinics, and treatment facilities, as well as referral sources.

256. At all times material hereto, Plaintiffs have no adequate remedy at law.

257.   At all times material hereto, the threatened harm to Plaintiffs outweighs any threatened harm an injunction may cause the Defendant.

258.   At all times material hereto, if issued, an injunction will not disserve the public.

WHEREFORE, Plaintiffs respectfully demand that this honorable Court enter an injunction prohibiting Defendant, RECOVERY IN THE LIGHT, LLC, from making false statements about DR. LIGOTTI's license and affiliation of DR. LIGOTTI with Defendant, RECOVERY IN THE LIGHT, LLC, as well as prohibiting the submission of any claims with DR. LIGOTTI's Personal Information, and granting such other and further relief as this Court deems just and proper.

DATED this 26th day of JANUARY, 2016.

KRUPNICK, CAMPBELL, MALONE,
BUSER, SLAMA, HANCOCK, LIBERMAN P.A.
Attorneys for Plaintiff
12 Southeast Seventh Street
Suite 800
Fort Lauderdale, Florida  33301
(954) 763-8181 - Fax (954) 763-8292


BY: /s/ Brent M. Reitman
WALTER G. CAMPBELL, JR., ESQ.
Florida Bar No.:  161009
BRENT M. REITMAN, ESQ.
Florida Bar No.:  85313
pleadings-wgc@krupnicklaw.com

1T-1275*02'000002-PM-1427 -120*C05FINYTOPS
STD - EOB

UnitedHealthcare Insurance Company of New York
GREENSBORO SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699054562 |
| GROUP NUMBER: | 03M1528 |
| GROUP NAME: | SOCIEDAD TEXTIL LONIA CORP. |
| TRACE NUMBER: | QK 69301278 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473638905606 |
|---|---|---|---|
| MEMBER ID: | A 940847671 | DATE RECEIVED: | 09/22/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20700Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/10/14 | 81001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86695 | $1,500.00 | $1,500.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 83020 | $120.00 | $120.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 80074 | $1,000.00 | $1,000.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473638905506 SUBTOTAL | $3,120.00 | $3,120.00 | | | | | | $0.00 | # | $3,120.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473638905607 |
|---|---|---|---|
| MEMBER ID: | A 940847671 | DATE RECEIVED: | 09/22/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20700Z8113 | | |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/10/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86703 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 87591 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/10/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473638905607 SUBTOTAL | $2,150.00 | $2,150.00 | | | | | | $0.00 | # | $2,150.00 |
| | | | | | TOTAL PAYABLE TO PROVIDER | | | | $0.00 | | |

EMARKS:

E)    CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

)     PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.



EXHIBIT
A

1T-1277`04`000008-PM-142/∪-120`C07ASOBOATOPS
STD · EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0742772 |
| GROUP NAME: | CENVEO CORPORATION |
| TRACE NUMBER: | QK 65904798 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:** ▮▮▮▮▮▮▮▮▮   ▮▮▮▮

| | |  | | |
|---|---|---|---|---|
| MEMBER NAME: | ▮▮▮▮▮▮▮▮ | | CONTROL NUMBER: | 47401S9S8407 |
| MEMBER ID: | A 928895155 | | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 20693Z8113 | | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 86694 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| 09/12/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/12/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 47401S9S8407 SUBTOTAL | $6,050.00 | $6,050.00 | | | | | | $0.00 | 9 | $6,050.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

REMARKS:

AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
      SUBMIT PROOF OF CURRENT LICENSURE.
9)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.


THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
800-842-1109, OPTION 3.

STD · EOB

1T-1277°04°000006-PM-1427 -.120°C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1899854562 |
| GROUP NUMBER: | 0742772 |
| GROUP NAME: | CENVEO CORPORATION |
| TRACE NUMBER: | OK 65904798 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

## PATIENT: 

MEMBER NAME: 
MEMBER ID:  A 928895155
PRODUCT:  CHOYC+
PATIENT ACCOUNT:  20693Z8113

CONTROL NUMBER:  474015958403
DATE RECEIVED:  09/19/14
PROVIDER OF SERVICE:  M. J LIGOTTI MD

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 82746 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 84406 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| CONTROL # 474015958403 SUBTOTAL: | | $1,750.00 | $1,750.00 | | | | | | $0.00 | | $1,750.00 |

MEMBER NAME: 
MEMBER ID:  A 928895155
PRODUCT:  CHOYC+
PATIENT ACCOUNT:  20693Z8113

CONTROL NUMBER:  474015958404
DATE RECEIVED:  09/19/14
PROVIDER OF SERVICE:  M. J LIGOTTI MD

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/12/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 80061 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 83525 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82306 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 93090 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 09/12/14 | 82248 | $60.00 | $60.00 | | | | | | $0.00 | AE | |
| CONTROL # 474015958404 SUBTOTAL: | | $1,410.00 | $1,410.00 | | | | | | $0.00 | | $1,410.00 |

STD -EOB-203173905-54450699

TT-1278-02 000002-PM-1427-120 C04PICTTOPS
STD - EOS

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

## UnitedHealthcare
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0814802 |
| GROUP NAME: | INFORMATICS HOLDINGS, INC. |
| TRACE NUMBER: | QK 02134723 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | |
|---|---|
| **MEMBER NAME:** | |
| **MEMBER ID:** | A 965270487 |
| **PRODUCT:** | CHOYC+ |
| **PATIENT ACCOUNT:** | 18799Z6113 |

| | |
|---|---|
| **CONTROL NUMBER:** | 473935157801 |
| **DATE RECEIVED:** | 09/19/14 |
| **PROVIDER OF SERVICE:** | M. J LIGOTTI MD |

| ATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/11/14 | 99205 | $700.00 | $700.00 | | | | | | $0.00 | AE | |
| 06/11/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/11/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/11/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473935157801 SUBTOTAL: | $5,950.00 | $5,950.00 | | | | | | $0.00 | #. | $5,950.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

REMARKS:
E)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
     SUBMIT PROOF OF CURRENT LICENSURE.
)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

HE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
ENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
MEFRAME REQUIRED BY LAW.
NITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
PS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
ENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
R LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
800-842-1109, OPTION 3.

1T-1279*05*000009-PM-14270-120*C07ASOJPMCTOPS
STD - SOB

United HealthCare Services, Inc.
DULUTH SERVICE CENTER
PO BOX 30884
SALT LAKE CITY, UT 84130-0884
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0108000 |
| GROUP NAME: | WELLS FARGO |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮

MEMBER NAME: ▮▮▮▮▮▮
MEMBER ID: A 932084420
PRODUCT: CHOYC+
PATIENT ACCOUNT: 17335Z8113

CONTROL NUMBER: 473065151101
DATE RECEIVED: 09/15/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/07/14 | 99214 | $360.00 | $350.00 | $360.00 | | | | | $0.00 | AA | |
| | CONTROL # 473065151101 SUBTOTAL: | $350.00 | $350.00 | $350.00 | | | | | $0.00 | # | $0.00 |

MEMBER NAME: ▮▮▮▮▮▮
MEMBER ID: A 932084420
PRODUCT: CHOYC+
PATIENT ACCOUNT: 17335Z8113

CONTROL NUMBER: 473065151102
DATE RECEIVED: 09/15/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/07/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/07/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473065151102 SUBTOTAL: | $5,100.00 | $5,100.00 | | | | | | $0.00 | # | $5,100.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

REMARKS:

A)   CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.

E)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

11-1279°06°000011-PM-1427°6-120°C07ASOJFMCTOPS
STD - EOB

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0226310 |
| GROUP NAME: | DELTA AIR LINES, INC. |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 471378180901 |
|---|---|---|---|
| MEMBER ID: | A 029085901 | DATE RECEIVED: | 09/02/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 2024528113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08/15/14 | MEDICAL SERVICES | $300.00 | $100.00 | $100.00 | $200.00 | $200.00 | | | $0.00 | X | |
| | CONTROL # 471378180901 SUBTOTAL: | $300.00 | $100.00 | $100.00 | $200.00 | $200.00 | | | $0.00 | # | $200.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473919592801 |
|---|---|---|---|
| MEMBER ID: | A 029085901 | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 2056428113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 09/04/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 09/04/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 09/04/14 | 82055 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 09/04/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473919592801 SUBTOTAL: | $5,600.00 | -$5,600.00 | | | | | | $0.00 | # | $5,600.00 |

REMARKS:

AE)  CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.

X)  THIS PHYSICIAN OR HEALTH CARE PROVIDER IS OUT-OF-NETWORK BASED ON A FEE NEGOTIATED AGREEMENT WITH MULTIPLAN/MANT. THE PROVIDER HAS ACCEPTED A DISCOUNT FOR THIS SERVICE. THE DISCOUNT SHOWN IS YOUR SAVINGS AND IS NOT INCLUDED IN THE AMOUNT YOU OWE. IF YOU HAVE PAID THE PHYSICIAN OR HEALTH CARE PROVIDER MORE THAN THE AMOUNT YOU OWE, PLEASE CALL THEM FOR A REFUND.

#)  PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

1T-1279*07*000013-PM-1427b-120*C07ASOJPMCTOPS
STD - EOB

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0712820 |
| GROUP NAME: | GEORGIA-PACIFIC LLC NON-FLEX |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | | | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 473919592901 |
| MEMBER ID: | A 831642515 | DATE RECEIVED: | 09/19/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1917628113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/10/14 | 99204 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/10/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/10/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473919592901 SUBTOTAL: | $5,600.00 | $5,600.00 | | | | | | $0.00 | # | $5,600.00 |

REMARKS:

AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
       SUBMIT PROOF OF CURRENT LICENSURE.
#)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE.  NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT.  DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE  HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

1T-1279*11*000021-PM-14276-120*C07ASOJPMCTOPS
STD · EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 10/03/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0702442 |
| GROUP NAME: | FEDERAL RESERVE BANKS |
| TRACE NUMBER: | QK 93413090 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:** ▮▮▮▮▮▮▮▮

| | |
|---|---|
| MEMBER NAME: ▮▮▮▮▮▮ | CONTROL NUMBER: 473791453301 |
| MEMBER ID: A 831385472 | DATE RECEIVED: 09/22/14 |
| PRODUCT: CHOYC+ | PROVIDER OF SERVICE: M. J LIGOTTI MD |
| PATIENT ACCOUNT: 17644Z8113 | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 02/12/14 | 86617 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473791453301 SUBTOTAL: | $400.00 | $400.00 | | | | | | $0.00 | # | $400.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

REMARKS:
AE) CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE SUBMIT PROOF OF CURRENT LICENSURE.
#) PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

HE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, OCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM ECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S ENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE IMEFRAME REQUIRED BY LAW.
NITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. PS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF ENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE ·HOME PAGE /WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE ·R LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS. PLEASE CONTACT US TOLL FREE AT ·800-842-1109, OPTION 3.

282PROVEA2001002-01495-20

1U-5699°02°000003-PM-14262-120°C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

## UnitedHealthcare
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0780783 |
| GROUP NAME: | RITE AID CORPORATION |
| TRACE NUMBER: | QK 65859312 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

## PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▓▓▓▓▓▓▓▓

| | |
|---|---|
| MEMBER NAME: | ▓▓▓▓▓ |
| MEMBER ID: | A 811966736 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 17024Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 471854920401 |
| DATE RECEIVED: | 09/05/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 36415 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84703 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87591 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 82977 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86694 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 471854920401 SUBTOTAL: | | $1,825.00 | $1,825.00 | | | | | | $0.00 | | $1,825.0 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE
SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

| | |
|---|---|
| MEMBER NAME: | ▓▓▓▓▓ |
| MEMBER ID: | A 811966736 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 17024Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 471854920402 |
| DATE RECEIVED: | 09/05/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 86695 | $750.00 | $750.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86696 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 81001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/19/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |

262PROVEA2001002-01495-21

1U-5699*03*000005-PM-14262-120*C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
BUFFALO SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0730763 |
| GROUP NAME: | RITE AID CORPORATION |
| TRACE NUMBER: | QK 66659312 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| MEMBER NAME: | | | CONTROL NUMBER: | 471854920404 |
|---|---|---|---|---|
| MEMBER ID: | A 811966736 | | DATE RECEIVED: | 09/05/14 |
| PRODUCT: | CHOYC+ | | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1702428113 | | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 84480 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84436 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 83015 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 84155 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 80061 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| CONTROL # 471854920404 SUBTOTAL: | | $1,525.00 | $1,525.00 | | | | | | $0.00 | | $1,525.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

| MEMBER NAME: | | | CONTROL NUMBER: | 471854920405 |
|---|---|---|---|---|
| MEMBER ID: | A 811966736 | | DATE RECEIVED: | 09/05/14 |
| PRODUCT: | CHOYC+ | | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1702428113 | | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 87340 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 03/19/14 | 86706 | $300.00 | $500.00 | | | | | | $0.00 | AE | |

262PROVEA2001002-01495-16

1U-5697*07*000013-PM-14262-120*C07ASOJPMCTOPS
STD - EOB

United HealthCare Services, Inc.
GREENSBORO SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
*A UnitedHealth Group Company*

| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0742975 |
| GROUP NAME: | PROTECTION ONE ALARM MONITORIN |
| TRACE NUMBER: | QK 93348356 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ████████

| | |
|---|---|
| MEMBER NAME: | ████████ |
| MEMBER ID: | A 000088022 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 19684Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 472205236801 |
| DATE RECEIVED: | 09/08/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/18/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 07/18/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 07/18/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 472205236801 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER | | | $0.00 | | |

REMARKS:
(AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
       SUBMIT PROOF OF CURRENT LICENSURE.
(#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 6. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

262PROVEA2001002-01495-11                     1U-5697*02*000003-PM-14262-120*C07ASOJPMCTOPS
                                              STD - EOB

United HealthCare Services, Inc.                    **UnitedHealthcare**
GREENSORO SERVICE CENTER                      A UnitedHealth Group Company
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173605 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715054 |
| GROUP NAME: | SEDGWICK CMS, INC. |
| TRACE NUMBER: | QK 93348356 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | A 809636803 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 17568Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 472697971301 |
| DATE RECEIVED: | 09/12/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | | |
| 04/09/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971301 SUBTOTAL: | $5,450.00 | $5,450.00 | | | | | | $0.00 | | $5,450.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | A 809636803 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 16934Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 472697971401 |
| DATE RECEIVED: | 09/12/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/17/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/17/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/17/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971401 SUBTOTAL: | $5,450.00 | $5,450.00 | | | | | | $0.00 | | $5,450.00 |

PLEASE NOTE THAT THE PATIENT HAS A CONSUMER ACCOUNT THAT MAY PAY SOME OR ALL OF THIS CLAIM. IF FUNDS ARE AVAILABLE, A CHECK WILL BE SENT TO YOU WITHIN 10 BUSINESS DAYS FROM THE DATE OF THIS TRANSACTION AND CAN BE APPLIED TO REDUCE THE PATIENT'S RESPONSIBILITY.

282PHQVEA2001002-01495-08

1U-5696*05*000009-PM-14262-120*C04FICTTOPS
STD - EC8

UnitedHealthcare Insurance Company
GREENSBORO SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

# UnitedHealthcare
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 06H1716 |
| GROUP NAME: | QUOTIENT BIODIAGNOSTICS |
| TRACE NUMBER: | QK 02085491 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 472697971601 |
|---|---|---|---|
| MEMBER ID: | A 947238472 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17583Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/14/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/14/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/14/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 472697971601 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.0 |

| MEMBER NAME: | | CONTROL NUMBER: | 472697971701 |
|---|---|---|---|
| MEMBER ID: | A 947238472 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 173S0Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/21/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 03/21/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/21/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 472697971701 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

262PROVEA2001002-01495-07

1U-5696*04*000007-PM-14262-120*C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/19/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854662 |
| GROUP NUMBER: | 0901708 |
| GROUP NAME: | ANDREWS LOGISTICS, INC. |
| TRACE NUMBER: | QK 02086491 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | | | |
|---|---|---|---|
| MEMBER NAME: | | CONTROL NUMBER: | 472697971101 |
| MEMBER ID: | A 918151324 | DATE RECEIVED: | 09/12/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 16973Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/24/14 | 99204 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 03/24/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 03/24/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 472697971101 SUBTOTAL: | $5,600.00 | $5,600.00 | | | | | | $0.00 | # | $5,600.00 |

**REMARKS:**

(AE)  CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
        SUBMIT PROOF OF CURRENT LICENSURE.

(#)  PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-642-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

11-6923'13'000024-PM-14265-120'C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173805 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0314448 |
| GROUP NAME: | PATRIOT MEDICAL, INC. |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473144763306 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 87340 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 87350 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144783306 SUBTOTAL: | | $1,750.00 | $1,750.00 | | | | | | $0.00 | ø | $1,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473144763307 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 86803 | $450.00 | $450.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144783307 SUBTOTAL: | | $450.00 | $450.00 | | | | | | $0.00 | ø | $450.00 |

**REMARKS:**

E)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
      SUBMIT PROOF OF CURRENT LICENSURE.

)   PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

1E MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
DCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
ECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
ENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
MEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.

1T·6923'11'000022-PM-14269-120'C04FICTTOPS
STD · EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SMALL GROUP
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0314448 |
| GROUP NAME: | PATRIOT MEDICAL, INC. |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:** ▮▮▮▮▮▮▮▮

| MEMBER NAME: | ▮▮▮▮▮ | CONTROL NUMBER: | 473144763302 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 86694 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86695 | $750.00 | $750.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86696 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 81001 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/10/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763302 SUBTOTAL | $6,750.00 | $6,750.00 | | | | | | $0.00 | # | $6,750.00 |

| MEMBER NAME: | ▮▮▮▮▮ | CONTROL NUMBER: | 473144763303 |
|---|---|---|---|
| MEMBER ID: | A 814306542 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17416Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/10/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 80050 | $2,500.00 | $2,500.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 85652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 86140 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/10/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763303 SUBTOTAL | $3,200.00 | $3,200.00 | | | | | | $0.00 | # | $3,200.00 |

1T-6923*10*000019-PM-1426.-120*C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company



| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755395 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | A 930916607 |
| PRODUCT: | CHOYC+ |
| PATIENT ACCOUNT: | 19255Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 473144763201 |
| DATE RECEIVED: | 09/15/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/23/14 | 87522 | $600.00 | $800.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763201 SUBTOTAL: | $600.00 | $600.00 | | | | | | $0.00 | # | $800.00 |

REMARKS:
AE)   CHARGES CANNOT BE CONSIDERED BECAUSE WE ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THIS PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE
       SUBMIT PROOF OF CURRENT LICENSURE.
#)    PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

HE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS,
OCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM
ECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF
MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S
ENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE
IMEFRAME REQUIRED BY LAW.
NITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
PS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
ENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE
/WW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE
R LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
-800-842-1109, OPTION 3.

1T-6923°09°000018·PM-14269-120°C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755095 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ███████████

| MEMBER NAME: | ███████████ | CONTROL NUMBER: | 473004629001 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 1773728113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/21/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/21/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 87922 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| 04/21/14 | 87902 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473004629001 SUBTOTAL: | $7,050.00 | $7,050.00 | | | | | | $0.00 | # | $7,050.00 |

| MEMBER NAME: | ███████████ | CONTROL NUMBER: | 473144763101 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17895Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/29/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 04/29/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 04/29/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| | CONTROL # 473144763101 SUBTOTAL: | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

11-6923*06*000016-PM-14266-120*C04RCTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0755395 |
| GROUP NAME: | ALL COAST, LLC |
| TRACE NUMBER: | QK 02111712 |

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473004097203 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17472Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 86140 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 82607 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| CONTROL # 473004097203 SUBTOTAL: | | $1,450.00 | $1,450.00 | | | | | | $0.00 | # | $1,450.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473004097204 |
|---|---|---|---|
| MEMBER ID: | A 930916607 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17472Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/09/14 | 82746 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84480 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84436 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 04/09/14 | 84550 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473004097204 SUBTOTAL: | | $1,150.00 | $1,150.00 | | | | | | $0.00 | # | $1,150.00 |

STD-EOB-203173905-53820541

1T-6923°07'000013-PM-14268-120°C04FICTTOPS
ST0 · EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| DATE: 09/26/14 |
| TIN: 20-3173905 |
| NPI: 1699854562 |
| GROUP NUMBER: 0752450 |
| GROUP NAME: RAVEN POWER GROUP LLC |
| TRACE NUMBER: QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ▓▓▓▓▓▓▓▓

MEMBER NAME: ▓▓▓▓▓▓     CONTROL NUMBER: 473143798110
MEMBER ID: A 942407867    DATE RECEIVED: 09/15/14
PRODUCT: CHOYC+    PROVIDER OF SERVICE: M. J LIGOTTI MD
PATIENT ACCOUNT: 19042Z8113

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 85700 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86694 | $800.00 | $800.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798110 SUBTOTAL: | | $2,100.00 | $2,100.00 | | | | | | $0.00 | # | $2,100.00 |

MEMBER NAME: ▓▓▓▓▓    CONTROL NUMBER: 473144473201
MEMBER ID: A 942407667    DATE RECEIVED: 09/15/14
PRODUCT: CHOYC+    PROVIDER OF SERVICE: M. J LIGOTTI MD
PATIENT ACCOUNT: 19503Z8113

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/09/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 07/09/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 07/09/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473144473201 SUBTOTAL: | | $5,450.00 | $5,450.00 | | | | | | $0.00 | # | $5,450.00 |

MEMBER NAME: ▓▓▓▓▓    CONTROL NUMBER: 473331053001
MEMBER ID: A 942407867    DATE RECEIVED: 09/15/14
PRODUCT: CHOYC+    PROVIDER OF SERVICE: M. J LIGOTTI MD
PATIENT ACCOUNT: 19774Z8113

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 07/24/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| CONTROL # 473331053001 SUBTOTAL: | | $350.00 | $350.00 | | | | | | $0.00 | # | $350.00 |

11-6923"07"000012-PM-1426e-120"C04FICTTOPS
STD-EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752450 |
| GROUP NAME: | RAVEN POWER GROUP LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:** ▮▮▮▮▮▮▮▮▮▮▮▮

| MEMBER NAME: | ▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798108 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 08/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | B6803 | $450.00 | $450.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798108 SUBTOTAL: | | $450.00 | $450.00 | | | | | | $0.00 | # | $450.00 |

| MEMBER NAME: | ▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798109 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 86705 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86709 | $110.00 | $110.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 85652 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86592 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86703 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798109 SUBTOTAL: | | $1,360.00 | $1,360.00 | | | | | | $0.00 | # | $1,360.00 |

| MEMBER NAME: | ▮▮▮▮▮▮ | CONTROL NUMBER: | 473143798110 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 87491 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 86704 | $400.00 | $400.00 | | | | | | $0.00 | AE | |

STD-EOB 20317390 53830054 ·

1T-6923°05°000010-PM-14269-120°C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
SPRINGFIELD SERVICE CENTER
P.O. BOX 30555
SALT LAKE CITY, UT 84130-0555
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752450 |
| GROUP NAME: | RAVEN POWER GROUP LLC |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 473143798104 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82728 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 82746 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798104 SUBTOTAL: | | $1,750.00 | $1,750.00 | | | | | | $0.00 | # | $1,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473143798105 |
|---|---|---|---|
| MEMBER ID: | A 942407867 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 19042Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/17/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84436 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 06/17/14 | 80061 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143798105 SUBTOTAL: | | $1,625.00 | $1,625.00 | | | | | | $0.00 | # | $1,625.00 |

1T-6923*02*000003-FM-1420u-120*C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0752847 |
| GROUP NAME: | KIA MOTORS MANUFACTURING GEORG |
| TRACE NUMBER: | QK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

PATIENT:

| MEMBER NAME: | | CONTROL NUMBER: | 473143607001 |
|---|---|---|---|
| MEMBER ID: | A 909069755 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18607Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/29/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | AE | |
| 05/29/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 05/29/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 05/29/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/29/14 | PRESCRIPTION DRUGS | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143607001 SUBTOTAL | | $5,750.00 | $5,750.00 | | | | | | $0.00 | # | $5,750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 473143607002 |
|---|---|---|---|
| MEMBER ID: | A 909069755 | DATE RECEIVED: | 09/15/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18607Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/02/14 | 99213 | $225.00 | $225.00 | | | | | | $0.00 | AE | |
| 06/02/14 | 96372 | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/02/14 | PRESCRIPTION DRUGS | $150.00 | $150.00 | | | | | | $0.00 | AE | |
| 06/02/14 | 80101 | $4,800.00 | $4,800.00 | | | | | | $0.00 | AE | |
| 06/02/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| CONTROL # 473143607002 SUBTOTAL | | $5,625.00 | $5,625.00 | | | | | | $0.00 | # | $5,625.00 |

1T-6923*03*00000S-PM-14269-120*C04FICTTOPS
STD - EOB

UnitedHealthcare Insurance Company
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 09/26/14 |
| TIN: | 20-3173905 |
| NPI: | 1899854552 |
| GROUP NUMBER: | 0752847 |
| GROUP NAME: | KIA MOTORS MANUFACTURING GEORG |
| TRACE NUMBER: | OK 02111712 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:** ███████████

| | |
|---|---|
| MEMBER NAME: ███████████ | CONTROL NUMBER: 473221998003 |
| MEMBER ID: A 909069755 | DATE RECEIVED: 09/15/14 |
| PRODUCT: CHOYC+ | PROVIDER OF SERVICE: M. J LIGOTTI MD |
| PATIENT ACCOUNT: 1642QZ8113 | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/16/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83540 | $200.00 | $200.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 82728 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 82607 | $500.00 | $500.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 82746 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83550 | $175.00 | $175.00 | | | | | | $0.00 | AE | |
| CONTROL # 473221998003 SUBTOTAL: | | $1,650.00 | $1,650.00 | | | | | | $0.00 | # | $1,650.00 |

| | |
|---|---|
| MEMBER NAME: ███████████ | CONTROL NUMBER: 473221998004 |
| MEMBER ID: A 909069755 | DATE RECEIVED: 09/15/14 |
| PRODUCT: CHOYC+ | PROVIDER OF SERVICE: M. J LIGOTTI MD |
| PATIENT ACCOUNT: 1642QZ8113 | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 05/16/14 | 84480 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84436 | $100.00 | $100.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 83615 | $125.00 | $125.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84560 | $300.00 | $300.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 84165 | $400.00 | $400.00 | | | | | | $0.00 | AE | |
| 05/16/14 | 80051 | $250.00 | $250.00 | | | | | | $0.00 | AE | |
| CONTROL # 473221998004 SUBTOTAL: | | $1,475.00 | $1,475.00 | | | | | | $0.00 | # | $1,475.00 |

188PROVEA2001001-00495-30

1T-2011*12*000023-PM-14188-120*C07ASOJPMCTOPS
STO - EOB

United HealthCare Services, Inc.
DULUTH SERVICE CENTER
PO BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

DATE: 07/07/14
TIN: 20-3173905
NPI: 1699854562
GROUP NUMBER: 0730046
GROUP NAME: GOLDEN LIVING
TRACE NUMBER: QK 92997234

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

*United Health Care*
*P.O. Box 740 805*
*Atlanta, GA. 30374-0800*

*S/w Brad*
*Call Reference # C49171159438118*

**PROVIDER
EXPLANATION OF
BENEFITS**

**PATIENT:**  *Date of birth  3/20/88*

| MEMBER NAME: | | CONTROL NUMBER: | 483409062901 |
|---|---|---|---|
| MEMBER ID: | X027440466 | DATE RECEIVED: | 07/04/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 140852B113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/02/14 | 99214 | $350.00 | $350.00 | $350.00 | | | | | $0.00 | 4A | |
| 01/02/14 | 80101 | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 01/02/14 | MEDICAL SERVICES | $150.00 | $150.00 | $150.00 | | | | | $0.00 | 4A | |
| | CONTROL # 483409062901 SUBTOTAL: | $5,300.00 | $5,300.00 | $5,300.00 | | | | | $0.00 | # | $0.00 |

**REMARKS:**

(4A)  CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.

(#)  PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE  HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

20.q        XAF THJREEAL9H         M400:00         21\91\80

085PROVEA2002001-02127-15

2T-8611*06*000011-PM-15085-120*C07ASOBOATOPS
STD - EOB

United HealthCare Services, Inc.
KINGSTON SERVICE CENTER
P.O. BOX 30985
SALT LAKE CITY, UT 84130
PHONE: 1-800-842-9905

**UnitedHealthcare**
A UnitedHealth Group Company



|  |  |
|---|---|
| DATE: | 03/06/15 |
| TIN: | 20-3173905 |
| NPI: | 1899854562 |
| GROUP NUMBER: | 0023000 |
| GROUP NAME: | RAILROAD EMPLOYEES |
| TRACE NUMBER: | QK 69463129 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| | |
|---|---|
| MEMBER NAME: | CONTROL NUMBER: 496801809201 |
| MEMBER ID: A 939356440 | DATE RECEIVED: 03/05/15 |
| PRODUCT: CHOYC+ | PROVIDER OF SERVICE: M. J LIGOTTI MD |
| PATIENT ACCOUNT: 23069Z8113 | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/18/14 | 99205 | $700.00 | $700.00 | $700.00 | | | | | $0.00 | 4A | |
| 12/18/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 12/18/14 | MEDICAL SERVICES | $300.00 | $300.00 | $300.00 | | | | | $0.00 | 4A | |
| | CONTROL # 496801809201 SUBTOTAL: | $5,800.00 | $5,800.00 | $5,800.00 | | | | | $0.00 | # | $0.00 |
| | TOTAL PAYABLE TO PROVIDER | | | | | | | | $0.00 | | |

**REMARKS:**

(4A)     CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.

(#)     PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

27-8800*01*000002-PM-15085-120*C01215438UHCTOP5
STD - EOB

UnitedHealthcare Service LLC
BUFFALO SERVICE CENTER
P O BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 03/06/15 |
| TIN: | 20-3173905 |
| NPI: | 1899864582 |
| GROUP NUMBER: | 0215438 |
| GROUP NAME: | JETBLUE AIRWAYS |
| TRACE NUMBER: | QK 31944755 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | | |
|---|---|---|
| MEMBER NAME: | CONTROL NUMBER: | 493242400001 |
| MEMBER ID: A 851006354 | DATE RECEIVED: | 02/03/15 |
| PRODUCT: CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: 22610Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 11/26/14 | 99214 | $350.00 | $350.00 | $350.00 | | | | | $0.00 | 4A | |
| 11/26/14 | LABORATORY SERVICES | $4,800.00 | $4,800.00 | $4,800.00 | | | | | $0.00 | 4A | |
| 11/26/14 | 82055 | $150.00 | $150.00 | $150.00 | | | | | $0.00 | 4A | |
| 11/26/14 | MEDICAL SERVICES | $300.00 | $300.00 | $300.00 | | | | | $0.00 | 4A | |
| | CONTROL # 493242400001 SUBTOTAL: | $5,600.00 | $5,600.00 | $5,600.00 | | | | | $0.00 | | $0.00 |

| | | |
|---|---|---|
| | TOTAL PAYABLE TO PROVIDER | $0.00 |

**REMARKS:**
(4A)     CHARGES CANNOT BE CONSIDERED BECAUSE THERE IS EVIDENCE THAT SERVICES HAVE BEEN MISREPRESENTED.
(#)     PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1100, OPTION 3.

1U-5579*04*000008-PM-14150-120*C01715116UHCTOPS
STD - E08

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447


**THE EMPIRE PLAN**
New York State Health Insurance Program

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

DATE: 05/30/14
TIN: 20-3173905
NPI: 1699854562
GROUP NUMBER: 0715116
GROUP NAME: STATE OF NEW YORK
TRACE NUMBER: QK 31774172

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

MEMBER NAME:
MEMBER ID: A 890234185
PRODUCT: OPT/PPO
PATIENT ACCOUNT: 16046Z8113

CONTROL NUMBER: 457857070301
DATE RECEIVED: 05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/19/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 03/19/14 | 80101 | $5,200.00 | $5,200.00 | | | | | | $0.00 | HQ | |
| 03/19/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857070301 SUBTOTAL: | $5,850.00 | $5,850.00 | | | | | | $0.00 | | $5,850.00 |
| | | | | | | TOTAL PAYABLE TO PROVIDER: | | | $0.00 | | |

**REMARKS:**

(HQ)  WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS, CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER. PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344. IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL 1-800-414-2013.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

03/19/15  03:00PM  HP LASERJET FAX  p.05

1U-5579*04*000006-PM-14150-120*C01715116UHCTOPS
STD - ECB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | QK 31774172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

## PATIENT

MEMBER NAME:
MEMBER ID:          A 890234185
PRODUCT:            OPT/PPO
PATIENT ACCOUNT:    15485Z8113

CONTROL NUMBER:      457857069901
DATE RECEIVED:       05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 80592 | $60.00 | $60.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86703 | $250.00 | $250.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857069901 SUBTOTAL: | | $1,260.00 | $1,260.00 | | | | | | $0.00 | | $1,260.00 |

MEMBER NAME:
MEMBER ID:          A 890234185
PRODUCT:            OPT/PPO
PATIENT ACCOUNT:    15485Z8113

CONTROL NUMBER:      457857069902
DATE RECEIVED:       05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 86708 | $200.00 | $200.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857069902 SUBTOTAL: | | $200.00 | $200.00 | | | | | | $0.00 | | $200.00 |

MEMBER NAME:
MEMBER ID:          A 890234185
PRODUCT:            OPT/PPO
PATIENT ACCOUNT:    15485Z8113

CONTROL NUMBER:      457857070001
DATE RECEIVED:       05/20/14
PROVIDER OF SERVICE: M. J LIGOTTI MD

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 87340 | $100.00 | $100.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86706 | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86703 | $400.00 | $400.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 87350 | $400.00 | $400.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 80803 | $450.00 | $450.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857070001 SUBTOTAL: | | $1,650.00 | $1,650.00 | | | | | | $0.00 | | $1,650.00 |

1U-5579'02'000002-PM-14150-110'C01715116UHCTOPS
STD - EOB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447


**THE EMPIRE PLAN**
New York State Health Insurance Program

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854582 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | QK 31274172 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER
# EXPLANATION OF
# BENEFITS

**PATIENT:**

| MEMBER NAME: | | CONTROL NUMBER: | 457857022801 |
|---|---|---|---|
| MEMBER ID: | A 890234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17316Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/08/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 04/08/14 | 80101 | $5,200.00 | $5,200.00 | | | | | | $0.00 | HQ | |
| 04/08/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857022801 SUBTOTAL: | $5,850.00 | $5,850.00 | | | | | | $0.00 | | $5,850.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 457857022901 |
|---|---|---|---|
| MEMBER ID: | A 890234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 17635Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 04/23/14 | 99214 | $350.00 | $350.00 | | | | | | $0.00 | HQ | |
| 04/23/14 | LABORATORY SERVICES | $1,200.00 | $1,200.00 | | | | | | $0.00 | HQ | |
| 04/23/14 | MEDICAL SERVICES | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| | CONTROL # 457857022901 SUBTOTAL: | $1,850.00 | $1,850.00 | | | | | | $0.00 | | $1,850.00 |

1U-5679*02*000004-PM-1Ll150-120*C01715116UHCTOPS
STD - EOB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447

**THE EMPIRE PLAN**
New York State Health Insurance Program

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0715116 |
| GROUP NAME: | STATE OF NEW YORK |
| TRACE NUMBER: | QK 31774172 |

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT

| MEMBER NAME: | | CONTROL NUMBER: | 457857030802 |
|---|---|---|---|
| MEMBER ID: | A 890234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 15485Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 90050 | $2,500.00 | $2,500.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030802 SUBTOTAL: | | $2,500.00 | $2,500.00 | | | | | | $0.00 | | $2,500.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 457857030901 |
|---|---|---|---|
| MEMBER ID: | A 890234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 15485Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 45652 | $100.00 | $100.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 86140 | $250.00 | $250.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 83735 | $125.00 | $125.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 84100 | $75.00 | $75.00 | | | | | | $0.00 | HQ | |
| 01/17/14 | 43340 | $200.00 | $200.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030901 SUBTOTAL: | | $750.00 | $750.00 | | | | | | $0.00 | | $750.00 |

| MEMBER NAME: | | CONTROL NUMBER: | 457857030002 |
|---|---|---|---|
| MEMBER ID: | A 800234185 | DATE RECEIVED: | 05/20/14 |
| PRODUCT: | OPT/PPO | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 15485Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/17/14 | 80728 | $300.00 | $300.00 | | | | | | $0.00 | HQ | |
| CONTROL # 457857030002 SUBTOTAL: | | $300.00 | $300.00 | | | | | | $0.00 | | $300.00 |

1U-5580*02*000002-PM-14150-120*C01715116UHCTOPS
STD - EOB

UnitedHealthcare Insurance Company of New York
EMPIRE MHSA SERVICE CENTER
PO BOX 5190
KINGSTON, NY 12402-5190
PHONE: 1-877-769-7447


**THE EMPIRE PLAN**
New York State Health Insurance Program

DATE:  05/30/14
TIN:  20-3173905
NPI:  1356538098
GROUP NUMBER:  0715116
GROUP NAME:  STATE OF NEW YORK
TRACE NUMBER:  QK 31774179

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

**PATIENT:**

| | |
|---|---|
| MEMBER NAME: | |
| MEMBER ID: | |
| PRODUCT: | OPT/PPO |
| PATIENT ACCOUNT: | 17886Z8113 |

| | |
|---|---|
| CONTROL NUMBER: | 457848342201 |
| DATE RECEIVED: | 05/23/14 |
| PROVIDER OF SERVICE: | M. J LIGOTTI MD |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/01/13 | 99213 | $225.00 | | $154.75 | | | | | $0.00 | HQ | $14.28 |
| CONTROL # 457848342201 SUBTOTAL: | | $225.00 | | $154.75 | | | | | $0.00 | * | $14.28 |
| | | | | | TOTAL PAYABLE TO PROVIDER | | | | $0.00 | | |

**REMARKS:**

(HQ)   WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE
        FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS,
        CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER.
        PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344. IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL.
        1-800-414-2013.
(*)     THIS PAYMENT HAS BEEN ADJUSTED BASED ON THE AMOUNTS PAID BY MEDICARE AND/OR OTHER INSURANCE.

UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS.
EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF
BENEFITS.  GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE  HOME PAGE
WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5.  FOR MORE INFORMATION ABOUT OUR FREE
OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT
1-800-842-1109, OPTION 3.

1U-5981*01*000002-PM-14160-120*C05FINYTOPS
SID - EOB

UnitedHealthcare Insurance Company of New York
GREENSBORO SERVICE CENTER
P.O. BOX 740800
ATLANTA, GA 30374-0800
PHONE: 1-877-842-3210

**UnitedHealthcare**
A UnitedHealth Group Company

| | |
|---|---|
| DATE: | 05/30/14 |
| TIN: | 20-3173905 |
| NPI: | 1699854562 |
| GROUP NUMBER: | 0705266 |
| GROUP NAME: | D.F.KING & COMPANY |
| TRACE NUMBER: | QK 89236968 |

WHOLEHEALTH LLC
MICHAEL J LIGOTTI MD
1705 S FEDERAL HWY STE A4
DELRAY BEACH FL 33483

# PROVIDER EXPLANATION OF BENEFITS

## PATIENT

| | | |
|---|---|---|
| MEMBER NAME: | CONTROL NUMBER: | 458158769301 |
| MEMBER ID: | A 922944325 | DATE RECEIVED: | 05/28/14 |
| PRODUCT: | CHOYC+ | PROVIDER OF SERVICE: | M. J LIGOTTI MD |
| PATIENT ACCOUNT: | 18275Z8113 | | |

| DATE(S) OF SERVICE | DESCRIPTION OF SERVICES | AMOUNT CHARGED | NOT COVERED | PROV ADJ DISCOUNT | AMOUNT ALLOWED | DEDUCT | COPAY | PLAN COV | PAID TO PROVIDER | RMK CD | PATIENT RESP |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 03/27/14 | 99203 | $225.00 | $225.00 | | | | | | $0.00 | HQ | |
| CONTROL # 458158769301 SUBTOTAL: | | $225.00 | $225.00 | | | | | | $0.00 | # | $225.00 |
| | | | | | | | TOTAL PAYABLE TO PROVIDER | | $0.00 | | |

## REMARKS:

(HQ)  WE CANNOT PROCESS THIS CLAIM BECAUSE WE ARE UNABLE TO VERIFY THE INFORMATION SUBMITTED AND/OR ARE UNABLE TO VERIFY AN ACTIVE LICENSE FOR THE FACILITY/ENTITY, PHYSICIAN OR OTHER HEALTH CARE PROFESSIONAL. PLEASE MAIL A COPY OF YOUR ACTIVE LICENSE TYPE AND NUMBER, BILLING ADDRESS, CORRECT SPELLING OF PROVIDER NAME, OFFICE TELEPHONE NUMBER, FACILITY ADDRESS WHERE SERVICES ARE RENDERED, AND TAX IDENTIFICATION NUMBER. PLEASE MAIL THIS INFORMATION TO OPTUM, MN 102-0400, 11020 OPTUM CIR, EDEN PRAIRIE, MN 55344. IF YOU HAVE ADDITIONAL QUESTIONS, PLEASE CALL 1-800-414-2013.

(#)  PAYMENT OF BENEFITS HAS BEEN MADE IN ACCORDANCE WITH THE TERMS OF THE MANAGED CARE SYSTEM.

THE MEMBER, PROVIDER, OR AN AUTHORIZED REPRESENTATIVE MAY REQUEST RECONSIDERATION OR APPEAL THE DECISION BY SUBMITTING COMMENTS, DOCUMENTS OR OTHER INFORMATION TO UNITEDHEALTHCARE. NETWORK PROVIDERS SHOULD REFER TO THE ADMINISTRATIVE GUIDE FOR CLAIM RECONSIDERATION OR APPEAL INFORMATION. IF YOU ARE A NETWORK PROVIDER APPEALING A CLINICAL OR COVERAGE DETERMINATION ON BEHALF OF A MEMBER, OR A NON-NETWORK PROVIDER APPEALING A DECISION ON BEHALF OF A MEMBER, FOLLOW THE PROCESS FOR APPEALS IN THE MEMBER'S BENEFIT PLAN DOCUMENT. DECISIONS ON APPEALS MADE ON BEHALF OF MEMBERS WILL BE COMPLETED IN 30 DAYS OF SUBMISSION OR WITHIN THE TIMEFRAME REQUIRED BY LAW.
UNITEDHEALTHCARE IS IMPROVING SERVICE TO YOU BY ADOPTING ELECTRONIC PAYMENTS & STATEMENTS (EPS) AS A STANDARD WAY TO PAY CLAIMS. EPS WILL DRAMATICALLY REDUCE THE TIME AND EFFORT YOUR ORGANIZATION SPENDS ON ADMINISTERING PAPER CHECKS AND EXPLANATION OF BENEFITS. GET A HEAD START AND ENROLL TODAY BY SELECTING THE ELECTRONIC PAYMENTS & STATEMENTS LINK FOUND ON THE HOME PAGE WWW.UNITEDHEALTHCAREONLINE.COM OR CONTACT US AT 1-866-UHC-FAST (1-866-842-3278), OPTION 5. FOR MORE INFORMATION ABOUT OUR FREE OR LOW COST SOLUTIONS FOR SUBMITTING CLAIMS ELECTRONICALLY TO UNITEDHEALTHCARE AND OTHER PAYERS, PLEASE CONTACT US TOLL FREE AT 1-800-842-1109, OPTION 3.

LAW OFFICES

# KRUPNICK CAMPBELL MALONE
# BUSER SLAMA HANCOCK LIBERMAN

A PROFESSIONAL ASSOCIATION

JON E. KRUPNICK*
WALTER G. CAMPBELL, JR.*†***
KEVIN A. MALONE
THOMAS E. BUSER*
JOSEPH J. SLAMA*
KELLY D. HANCOCK***†∘
SCOTT S. LIBERMAN
IVAN F. CABRERA***†
KELLEY B. STEWART††
MICHAEL J. RYAN
CARLOS A. ACEVEDO***†
HOLLY D. KRULIK
NICK S. DAVITIAN†
SEAN F. THOMPSON

12 SOUTHEAST 7TH STREET
SUITE 801
FORT LAUDERDALE, FLORIDA 33301

TELEPHONE (954) 763-8181
TOLL FREE (877) 763-8181
FAX (954) 763-8292
WWW.KRUPNICKLAW.COM

M. JASON WEIL
BLAKE V. DOLMAN
CHRIS W. ROYER∘∘
BRENT M. REITMAN

* BOARD CERTIFIED CIVIL TRIAL LAWYER
*** ADMITTED IN NY
† ADMITTED IN DISTRICT OF COLUMBIA
†† ADMITTED IN NORTH CAROLINA
∘ ADMITTED IN WASHINGTON
∘∘ ADMITTED IN VIRGINIA

December 21, 2015

<u>Via US Mail & Electronic Mail: <kerri.hermann@optum.com></u>

Kerri S. Hermann, Esq.
Associate General Counsel
Optum
11020 Optum Circle
Eden Prairie, MN 55344

Re:    **Dr. Michael Ligotti and Whole Health, LLC**

Dear Ms. Hermann:

Our firm represents Dr. Michael Ligotti and Whole Health, LLC ("Whole Health"), a healthcare provider located in Delray Beach, Florida.

Dr. Ligotti and Whole Health, through affiliated counsel, have been in communication with UnitedHealth Group and/or its affiliates (i.e., Optum) (collectively referred to herein as "United") over the last year and more. More specifically, and by way of summary, Dr. Ligotti and Whole Health had previously expressed its concerns that United had wronged, defamed, and/or tortuously interfered with his business relationships through, among other things, the following actions:

- Wrongfully denying *every claim* submitted on behalf of Dr. Ligotti and/or Whole Health;
- Wrongfully and falsely stating that Dr. Ligotti "misrepresented" his services to justify the denials;
- Wrongfully and falsely stating to patients and third parties that Dr. Ligotti is "misrepresenting" his services;
- Wrongfully denying claims submitted by facilities associated with Dr. Ligotti purportedly because Dr. Ligotti "misrepresented" his services; and
- Wrongfully and falsely stating to at least one entity with whom Dr. Ligotti was associated that United does not "think he is a licensed physician," which resulted in the loss of that relationship for Dr. Ligotti.

During intial communications with your office and Mr. Christopher Hensley, it was hopeful that both parties would work towards a resolution of aforemention items sand concerns

**EXHIBIT**

tabbies

B

Reitman to Hernann
December 17, 2015
Page 2

Our client's efforts included communicating and responding to all of United's requests for information. At one point, United had represented removing and placing Whole Health's claims in pre-payment review for processing as the information provided was sufficent to justify the processing of Whole Health's medical claims. Notwithstanding, it appears that no progress has been made towards this promise or towards reaching an amicable resolution regarding any of the concerns our client has expressed. United's wrongful conduct continues and no good faith effort has been set forth by United to bring our client's concerns to an end.

As you should be aware, Dr. Ligotti and Whole Health have obtained from all patients, including United's insureds, an assignment of benefit transferring to Dr. Ligotti and Whole Health the full right to any and all insurance benefits which are or may be made payable to the primary insured.  It is our position that United's witholding and refusal to process claims is a violation of (1) Florida's "Unfair Insurance Trade Practices Act," Fla. Stat. §626.951 et seq., which, *inter alia*, proscribes "unfair or deceptive acts or practices involving the business of insurance," (2) Florida's "Prompt Payment" laws, Fla. Stat. §§627.613 and 641.3155, which, *inter alia*, govern the timing associated with claims processing (3) Florida's Civil Theft statutes, Fla. Stat. §772.11, *inter alia*, relates to the illegal retention of property of another as well as other viable causes of action under ERISA.

United's ongoing defamatory and devious tactics have caused, and continue to cause, irreparable damage to Dr. Ligotti, Whole Health, and most disconcerningly your insureds. This letter shall hereby constitute written correspondence and pre-suit demand pursuant to Fla. Stat. §772.11. Specifically, pursuant to Fla. Stat. §772.11, United has retained and temporarily or permanently deprived our client of Dr. Ligotti's personal property, to wit: two-million, one-hundred and seventy seven thousand, seven-hundred and five United States Dollars, and zero cents ($2,177,705.00).

If our client does not seek an immediate resolution or response to this demand, including the return of the above identified property which has been wrongfully taken by United, within thirty days from the effective date of this letter, to wit: on or before January 16, 2016, then he will pursue a lawsuit against United, seeking legal recourse for the aforemtioned injuries, the statutory sum, in addition to all other appropriate damages including attorney's fees and all costs of litigation.

PLEASE BE GOVERNED ACCORDINGLY.

Very truly yours,

BRENT M. REITMAN, ESQ.

AS/LKG

Filing # 37012272 E-Filed 01/26/2016 02:38:27 PM

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.:CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

       Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a foreign Corporation,
f/k/a United Healthcare Services of Minnesota, Inc.,
UNITEDHEALTHCARE OF FLORIDA, INC., a Florida Corporation,
EMPIRE HEALTH CENTER, INC., a Florida Corporation,
JUST RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

       Defendants.

_____/

### NOTICE OF DESIGNATION OF PRIMARY E-MAIL ADDRESS
### IN COMPLIANCE WITH RULE 2.516

PLEASE TAKE NOTICE that the Law Firm of Krupnick Campbell Malone Buser

Slama Hancock Liberman, P.A., pursuant to Rule 2.516, Florida Rules of Civil Procedure

(effective 9-1-12), files this "*Notice of Designation of Primary E-Mail Address*" for the

Plaintiff(s) in the instant case and requests that copies of all future pleadings, discovery

and any other documents filed herein be directed to the attention of:

pleadings-WGC@krupnicklaw.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing is to be
served upon the Defendants with the Complaint.

KRUPNICK CAMPBELL MALONE BUSER
SLAMA HANCOCK LIBERMAN, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 801
Fort Lauderdale, Florida 33301
(954) 763-8181; (954) 763-8292 Fax


BY:*/s/ Brent M. Reitman*_____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009
BRENT M. REITMAN, ESQ.
Florida Bar No.: 85313
pleadings-wgc@krupnicklaw.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

     Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation,
EMPIRE HEALTH CENTER, INC., a Florida
Corporation, JUST RECOVERY, LLC, and
RECOVERY IN THE LIGHT, LLC,

     Defendants.

_____/

## INTERROGATORIES TO DEFENDANT, UNITED HEALTHCARE SERVICES, INC.

COMES NOW the Plaintiff, WHOLE HEALTH, LLC, by and through the undersigned

attorneys, and propounds the attached Initial Interrogatories unto the Defendant, UNITED

HEALTHCARE SERVICES, INC., requesting and requiring that the said Defendant shall

answer the same under oath, and in writing, within forty-five (45) days from the date of

service hereof, in accordance with Florida Rule of Civil Procedure 1.370.

I HEREBY CERTIFY that a copy of the foregoing has been served upon Defendant,

UNITED HEALTHCARE SERVICES, INC., along with the Summons and Complaint.

KRUPNICK CAMPBELL MALONE BUSER
SLAMA HANCOCK LIBERMAN, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 801
Fort Lauderdale, Florida  33301
(954) 763-8181 Fax: (954) 763-8292

BY:  */s/ Brent M. Reitman*
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.:  161009
BRENT M. REITMAN, ESQ.
Florida Bar No.:  85313
pleadings-wgc@krupnicklaw.com

## INTERROGATORIES TO DEFENDANT, UNITED HEALTHCARE SERVICES, INC.

1.      Please identify yourself fully, giving your full name, residence and business address, occupation, and if the defendant is a corporation, please state the office or position you hold with the defendant.

2.      List the names, present or last known addresses and telephone numbers of all persons believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

3.      Please state the information in which you reviewed or relied upon to determine whether to deny the Plaintiff's claims.

4.      Please identify the sources containing any information that you reviewed and/or relied upon to determine whether to deny the Plaintiff's claims.

5.      Please list the names of every employee and/or investigator involved in the investigation of Dr. Ligotti and Whole Health, LLC., and specify their role throughout the entire investigative process.

6.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, the information which motivated and/or triggered such investigation.

7.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, the information which motivated and/or continued such investigation after Dr. Ligotti complied with the investigation.

8.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, every measure taken throughout the approximate two-year investigation to identify whether Dr. Ligotti had an active medical license.

9.      Please state, for each investigator or employee involved in Dr. Ligotti's investigation, every measure taken throughout the approximate two-year investigation to identify whether Dr. Ligotti was committing fraud.

10.     Please state whether the Defendant's employees had access to the Florida Department of Health's public website (http://www.floridahealth.gov), while at United Healthcare Services, Inc.

11. Please state whether the Defendant provides access to the internet for its employees, and if so, please state with particularity:

    a) who your internet provider is at United Healthcare Services, Inc.;

    b) whether or not there are employees at United Healthcare Services, Inc., who have restricted access to the internet;

    c) what restrictions, if any, are implemented at United Healthcare Services, Inc.

12. Please state the role of any employees that had restricted internet access at United Healthcare Services, Inc., in denying Dr. Ligotti's claims based on the alleged misrepresentations.

13. Please state the factual basis, with specificity, each and every action that the Defendant took to determine whether Dr. Ligotti had misrepresented services contained in the claims submitted to United Healthcare Services, Inc., prior to making the decision to deny claims and withhold payments.

14. Please state the factual basis, with specificity, each and every action that the Defendant did to determine that Dr. Ligotti knowingly submitted fraudulent claims to United Healthcare Services, Inc.

15. Please state the factual basis, with specificity, each and every action that the Defendant did to determine that third party treatment facilities had misrepresented services submitted to United Healthcare Services, Inc.

16. Please state the factual basis, with specificity, each and every action that the Defendant did to determine that third party treatment facilities submitted fraudulent claims to United Healthcare Services, Inc., with Dr. Ligotti's knowledge and/or consent.

17. Please state and identify, with specificity, each and every claim submitted by Dr. Ligotti and/or Whole Health, LLC, that Defendant has not reimbursed to the Plaintiffs. For each claim identified, please state the factual basis and/or justification for withholding payment and identify the Defendant's employee responsible for making such determination.

18. Please state the factual basis, with specificity, each and every action that Optum took in the investigation of Dr. Ligotti and/or Whole Health, LLC.

19.     Please state and identify, with specificity, if you ever have been sued for wrongfully denying a doctor's claims.

20.     Please state and identify, with specificity, if you ever have been sued for sending and/or distributing to third parties false information about the status of a doctor's medical license.

21.     Please state if you have been a party in the last four (4) years, either plaintiff or defendant, in a lawsuit other than the present matter that is factually similar to the allegations in the Plaintiffs' Complaint, and if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

22.     Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention, and identify persons with knowledge.

23.     Describe in detail each act or omission on the part of any party to this lawsuit that was a contributing legal cause of the incident in question, and identify persons with knowledge.

24.     Describe any and all policies of insurance which you contend cover or may cover you for the allegations set forth in plaintiff's complaint, detailing as to such policies: the name of the insurer, the number of the policy, the effective dates of the policy, the available limits of liability, and the name and address of the custodian of the policy.

25.     Do you contend that any individual or entity not named as a party to this action was at fault in causing the injuries or damages about which the plaintiff complains and which are set forth in the Complaint? If so, state the name(s) of such individual(s) and/or entities, the facts upon which you rely to support your contention that those named were at fault, the names and addresses of all witnesses with knowledge or opinions, or both, to support your contention that those named were at fault in causing the plaintiff's injuries and damages, and the percentage of fault you attribute to those named and the factual basis for such apportionment.

_____

_____

STATE OF             )
                         ) SS

COUNTY OF        )

         BEFORE ME, the undersigned authority, this day personally appeared -

_____ , who, after being duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

         SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2016.

_____
NOTARY PUBLIC

My Commission Expires:
_____

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

       Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation, JUST
RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

_____/

## PLAINTIFFS' FIRST REQUEST FOR PRODUCTION

**TO:**      **DEFENDANT, UNITED HEALTHCARE SERVICES, INC.,
To Be Served Along With the Summons and Complaint**

Pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, you are hereby

requested to produce to the Plaintiff, MICHAEL J. LIGOTTI, D.O. (hereinafter referred to as

"DR. LIGOTTI") within forty-five (45) days from the date of service, at the Law Offices of

KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK, LIBERMAN, P.A., 12

Southeast 7th Street, Suite 801, Fort Lauderdale, Florida, 33301, the following:

### INSTRUCTIONS

1.      If possible please produce **ORIGINALS** of each of the documents or

categories of documents (including but not limited to all sides of each page of each such

document and all attachments and enclosures thereto) attached hereto and incorporated

herein by this reference, by delivering them to the KRUPNICK, CAMPBELL, MALONE,

BUSER, SLAMA, HANCOCK, LIBERMAN, P.A., 12 Southeast 7th Street, Suite 801, Fort

Lauderdale, Florida, 33301. If **ORIGINALS** are not feasible, **COPIES** or **CERTIFIED COPIES** will suffice.

2.    A written response to this request is also required of responding defendant within said time frame, consisting of separate responses to each item or category of item, identifying all writings falling within each such category and specifying that defendant will comply with the particular request, or a representation that defendant lacks the ability to comply with the particular item or category of item, or an objection to the particular request. If objection is made to only part of an item or category of item requested in this demand, said response shall contain a statement of compliance, or a representation of inability to comply with respect to the remainder of that item or category. **The response shall also identify with particularity any document falling within any category of item in the request to which an objection is being made.**

3.    A representation of inability to comply with any particular item or category of items requested shall affirm that a diligent search and a reasonable inquiry has been made in an effort to comply with the request and the statement shall also specify whether the inability to comply is because the particular item or category of item (a) has never existed, (b) has been destroyed (c) has been lost, misplaced, or stolen, or (d) has never been, or is no longer, in the possession, custody or control of defendant. The statement shall also set forth the name and address of any natural person or organization known or believed by defendant to have possession, custody, or control of that item or category of item.

4.    Full compliance with this request requires production of actual photographs or negatives, if requested. Prints will be made at our expense and all photographs returned immediately thereafter.

5.    Photocopies of any requested photographs will <u>not</u> be deemed compliance with this request.

<u>DEFINITIONS</u>

1. **"DOCUMENTS" or "WRITINGS"** means and refers to: all written, printed, recorded or graphic matter, transcriptions of any such recording, photographic matter, sound reproductions, or computer printouts, however produced or reproduced, or any writing of any kind, including but not limited to both sides of each page of each such document and all attachments and enclosures thereto, now or formerly in the actual or constructive possession, custody or control of the responding defendant, or its agents, employees, representatives or attorneys. In the event defendant does not have actual or constructive possession, custody or control of the original of any requested document, a true, correct, complete and totally legible copy thereof shall be produced, including but not limited to the reverse side of each document as well as all attachments and enclosures thereto.

2. **"YOU," "YOUR," or "DEFENDANT"** means and refers to the responding defendant; however, when documents or information are requested which are in **YOUR** possession, custody or under **YOUR** control, **"YOU"** and **"DEFENDANT"** also include defendant's past and present agents, employees and consultants; responding defendant(s)' insurance carrier(s) and all their past and present agents, employees and consultants; responding defendant(s)' attorneys and all their past and present agents, employees and consultants; and any other person or entity formerly or presently acting on responding defendant(s)' behalf in any way in connection with the instant action.

3. **"CORRESPONDENCE"** includes, but is not limited to, letters, notes, papers, files, memoranda, facsimiles, cover sheets, graphs and charts.

4. **"SUBJECT INCIDENT"** includes the circumstances and events surrounding the incident and injuries alleged in Plaintiff's complaint.

5. **"SUBJECT TREATMENT FACILITY," or "TREATMENT FACILITIES"**

includes any substance abuse or treatment center in which the Plaintiff examines or treats the facilities patients or where the Plaintiff is listed as the Medical Director. These terms also include any treatment center in which the Defendant received claims stating services allegedly ordered, conducted or provided by the Plaintiffs.

**NOTE: IF YOU ARE UNSURE AS TO THE INTENT, SCOPE OR MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS, YOU ARE INSTRUCTED TO HAVE YOUR ATTORNEYS CONTACT THE ATTORNEYS OF RECORD FOR PLAINTIFFS WHO WILL PROVIDE ANY NEEDED ASSISTANCE FOR YOU TO UNDERSTAND THE INTENT, MEANING AND SCOPE THEREOF.**

## REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS

1.  Copies of any and all statements of the Plaintiffs obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

2.  Copies of any and all statements of the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC., obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

3.  Copies of any and all statements of the Defendant, EMPIRE HEALTH CENTER, INC., obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

4.  Copies of any and all statements of the Defendant, JUST RECOVERY, LLC, obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

5.  Copies of any and all statements of the Defendant, RECOVERY IN THE LIGHT, LLC, obtained pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6) months prior to withholding claims to the present time.

6.  Please produce any and all statements of witnesses taken by you or on your behalf pertaining to any of the allegations in the Plaintiffs' Complaint, from six (6)

months prior to withholding claims to the present time.

7.  Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Plaintiffs, from six (6) months prior to withholding claims to the present time.

8.  Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC., from six (6) months prior to withholding claims to the present time.

9.  Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, EMPIRE HEALTH CENTER, INC., from six (6) months prior to withholding claims to the present time.

10. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, JUST RECOVERY, LLC, from six (6) months prior to withholding claims to the present time.

11. Any and all internal reports, documents, memorandums, emails, correspondence, and bulletins regarding the Defendant, RECOVERY IN THE LIGHT, LLC, from six (6) months prior to withholding claims to the present time.

12. Any and all claims submitted by the Plaintiffs to UNITED HEALTHCARE SERVICES, INC., and files in your possession that correspond thereto, from six (6) months prior to withholding claims to the present time.

13. Any and all claims submitted and correspondence issued by Defendant, EMPIRE HEALTH CENTER, INC., to UNITED HEALTHCARE SERVICES, INC., in response to claims including but not limited to Explanation of Benefits, Denials, Letters, or request for supporting documentation, from six (6) months prior to

withholding claims to the present time.

14.     Any and all claims submitted and correspondence issued by Defendant, JUST

RECOVERY, LLC, to UNITED HEALTHCARE SERVICES, INC., in response to

claims including but not limited to Explanation of Benefits, Denials, Letters, or

request for supporting documentation, from six (6) months prior to withholding

claims to the present time.

15.     Any and all claims submitted and correspondence issued by Defendant,

RECOVERY IN THE LIGHT, LLC, to UNITED HEALTHCARE SERVICES, INC.,

in response to claims including but not limited to Explanation of Benefits, Denials,

Letters, or request for supporting documentation, from six (6) months prior to

withholding claims to the present time.

16.     Any and all documents that you reviewed and/or relied on in making the

statement that DR. LIGOTTI is not an active licensed physician in the State of

Florida.

17.     Please produce any and all documents in which you relied on to "flag" DR.

LIGOTTI and/or WHOLE HEALTH, LLC, for no payment.

18.     Please produce any and all agreements, contracts, or other forms of

arrangement with the Plaintiffs, from six (6) months prior to withholding claims to

the present time.

19.     Please produce any and all agreements, contracts, or other forms of

arrangement with Defendant, EMPIRE HEALTH CENTER, INC., from six (6)

months prior to withholding claims to the present time.

20.     Please produce any and all agreements, contracts, or other forms of

arrangement with Defendant, JUST RECOVERY, LLC, from six (6) months prior

to withholding claims to the present time.

21.    Please produce any and all agreements, contracts, or other forms of
       arrangement with Defendant, RECOVERY IN THE LIGHT, LLC, from six (6)
       months prior to withholding claims to the present time.

22.    Please produce any and all explanation of benefits ("EOB's") from UNITED
       HEALTHCARE SERVICES, INC., denying coverage and containing assertions
       that were published to your insureds, billing companies, and the substance
       abuse treatment facilities where DR. LIGOTTI serves as the Medical Director,
       from six (6) months prior to withholding claims to the present time.

23.    Please produce any and all documents and correspondence that the Defendant
       used, created, reviewed, relied upon, and/or referenced during the investigation
       of DR. LIGOTTI.

24.    Please produce any and all documents and correspondence that your entity,
       Optum, used, created, reviewed, relied upon, and/or referenced during the
       investigation of DR. LIGOTTI.

25.    Please produce any and all documents and correspondence that your employee,
       Christopher Hensley, used, created, reviewed, relied upon, and/or referenced
       during the investigation of the Plaintiffs.

26.    Please produce any and all documents and correspondence that your employee,
       Kerri Hernan, used, created, reviewed, relied upon, and/or referenced during the
       investigation of the Plaintiffs.

27.    Please produce any and all documents and correspondence that your employee,
       Carolyn Ham, used, created, reviewed, relied upon, and/or referenced during the
       investigation of the Plaintiffs.

28.    Please produce any and all documents and correspondence contained within any
       of your investigator's files pertaining to the allegations stated in the Plaintiffs'

7

Complaint.

29. Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Plaintiffs, from six (6) months prior to withholding claims to the present time.

30. Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, UNITEDHEALTHCARE OF FLORIDA, INC., from six (6) months prior to withholding claims to the present time.

31. Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, EMPIRE HEALTH CENTER, INC., from six (6) months prior to withholding claims to the present time.

32. Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, JUST RECOVERY, LLC, from six (6) months prior to withholding claims to the present time.

33. Please produce any and all of your investigators' documents, correspondence, emails, letters, and bulletins provided to the Defendant, RECOVERY IN THE LIGHT, LLC, from six (6) months prior to withholding claims to the present time.

34. Please produce any and all documents, manuals, procedures and guidelines relating to the procedure for fraud investigation used by Optum.

35. Please produce any and all documents, information, and fee schedules used to determine reimbursement rates by Optum.

36. Please produce any and all guidelines, published documents, and provider manuals that are used to determine acceptable criteria by UNITED HEALTHCARE SERVICES, INC., for providers, physicians, facilities for

substance abuse and mental health services, and clinical laboratory services.

37. Please produce any and all Explanation of Benefits, denial letters and/or correspondence sent to patients, subscribers, or employer's regarding DR. LIGOTTI and WHOLE HEALTH, LLC.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon Defendant, UNITED HEALTHCARE SERVICES, INC.

KRUPNICK CAMPBELL MALONE BUSER
SLAMA HANCOCK LIBERMAN, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 801
Fort Lauderdale, Florida  33301
(954) 763-8181 Fax: (954) 763-8292

BY: /s/ Brent M. Reitman
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009
BRENT M. REITMAN, ESQ.
Florida Bar No.: 85313
pleadings-wgc@krupnicklaw.com

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY,
FLORIDA

CASE NO.: CACE16-000372 (12)

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC,

      Plaintiffs,

v.

UNITED HEALTHCARE SERVICES, INC., a
foreign Corporation, f/k/a United Healthcare
Services of Minnesota, Inc.,UNITEDHEALTHCARE
OF FLORIDA, INC., a Florida Corporation, EMPIRE
HEALTH CENTER, INC., a Florida Corporation, JUST
RECOVERY, LLC, and RECOVERY IN THE LIGHT, LLC,

      Defendants.

_____/

## COMBINED FIRST REQUEST FOR ADMISSIONS,
## SECOND REQUEST FOR PRODUCTION,
## AND SECOND SET OF INTERROGATORIES

**TO:**     **DEFENDANT, UNITED HEALTHCARE SERVICES, INC.,**
               **To Be Served Along With the Summons and Complaint**

Pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, you are hereby

requested to produce to the Plaintiff, MICHAEL J. LIGOTTI, D.O. (hereinafter referred to as

"DR. LIGOTTI") within forty-five (45) days from the date of service, at the Law Offices of

KRUPNICK, CAMPBELL, MALONE, BUSER, SLAMA, HANCOCK & LIBERMAN, P.A., 12

Southeast 7th Street, Suite 801, Fort Lauderdale, Florida, 33301, the following:

### EXHIBIT "A"

### Definitions

1.     **"DOCUMENTS" or "WRITINGS"** means and refers to: all written, printed,

recorded or graphic matter, transcriptions of any such recording, photographic matter,

sound reproductions, or computer printouts, however produced or reproduced, or any writing of any kind, including but not limited to both sides of each page of each such document and all attachments and enclosures thereto, now or formerly in the actual or constructive possession, custody or control of the responding defendant, or its agents, employees, representatives or attorneys. In the event defendant does not have actual or constructive possession, custody or control of the original of any requested document, a true, correct, complete and totally legible copy thereof shall be produced, including but not limited to the reverse side of each document as well as all attachments and enclosures thereto.

2. **"YOU," "YOUR," or "DEFENDANT"** means and refers to the responding defendant; however, when documents or information are requested which are in **YOUR** possession, custody or under **YOUR** control, **"YOU"** and **"DEFENDANT"** also include defendant's past and present agents, employees and consultants; responding defendant(s)' insurance carrier(s) and all their past and present agents, employees and consultants; responding defendant(s)' attorneys and all their past and present agents, employees and consultants; and any other person or entity formerly or presently acting on responding defendant(s)' behalf in any way in connection with the instant action.

3. **"CORRESPONDENCE"** includes, but is not limited to, letters, notes, papers, files, memoranda, facsimiles, cover sheets, graphs and charts.

4. **"SUBJECT INCIDENT"** includes the circumstances and events surrounding the incident and injuries alleged in Plaintiff's complaint.

5. **"SUBJECT TREATMENT FACILITY," or "TREATMENT FACILITIES"** includes any substance abuse or treatment center in which the Plaintiff examines or treats the facilities patients or where the Plaintiff is listed as the Medical Director. These terms also include any treatment center in which the Defendant received claims stating services

allegedly ordered, conducted or provided by the Plaintiffs.


**NOTE: IF YOU ARE UNSURE AS TO THE INTENT, SCOPE OR MEANING OF ANY OF THE FOREGOING DEFINITIONS OR ANY OF THE FOLLOWING REQUESTS, YOU ARE INSTRUCTED TO HAVE YOUR ATTORNEYS CONTACT THE ATTORNEYS OF RECORD FOR PLAINTIFFS WHO WILL PROVIDE ANY NEEDED ASSISTANCE FOR YOU TO UNDERSTAND THE INTENT, MEANING AND SCOPE THEREOF.**


**REQUEST FOR ADMISSION #1**

1. Admit that the Defendant is named correctly in the Complaint.

**REQUEST FOR PRODUCTION #1**

2. If your response to Request for Admission #1 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

**INTERROGATORY #1**

3. If your response to Request for Admission #1 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.


**REQUEST FOR ADMISSION #2**

4. Admit that DR. LIGOTTI is and has been a licensed doctor of osteopathic medicine in the State of Florida since 2003.

**REQUEST FOR PRODUCTION #2**

5. If your response to Request for Admission #2 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

**INTERROGATORY #2**

6. If your response to Request for Admission #2 contains any denial to any part,

please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #3

7.  Admit that DR. LIGOTTI is a licensed doctor of osteopathic medicine in the State of Florida since 2003 and his license has never been revoked.

## REQUEST FOR PRODUCTION #3

8.  If your response to Request for Admission #3 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #3

9.  If your response to Request for Admission #3 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #4

10. Admit that DR. LIGOTTI is a licensed doctor of osteopathic medicine in the State of Florida since 2003 and his license has never been suspended.

## REQUEST FOR PRODUCTION #4

11. If your response to Request for Admission #4 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #4

12. If your response to Request for Admission #4 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations

4

and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #5

13. Admit that DR. LIGOTTI's medical license is active, and has been active continuously since 2003.

## REQUEST FOR PRODUCTION #5

14. If your response to Request for Admission #5 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #5

15. If your response to Request for Admission #5 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #6

16. Admit that DR. LIGOTTI never authorized the use and disclosure to any third parties, including but not limited to any insurance company, of his Personal Information, unless it was to submit a treatment facility claim identifying DR. LIGOTTI as the Medical Director.

## REQUEST FOR PRODUCTION #6

17. If your response to Request for Admission #6 contains any denial to any part, please produce any and all documentation that would tend to support such a denial.

## INTERROGATORY #6

18. If your response to Request for Admission #6 contains any denial to any part,

please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #7

19. Admit that DR. LIGOTTI did not have any involvement with the submission of treatment facility claims and has no control over the services billed, codes billed, frequency of billing, or amount billed to insurance carriers, like you, by any treatment facilities.

## REQUEST FOR PRODUCTION #7

20. If your response to Request for Admission #7 contains any denial to any part, please produce any and all video surveillance or photographs, or documents that would tend to support such a denial.

## INTERROGATORY #7

21. If your response to Request for Admission #7 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #8

22. Admit that the Plaintiffs are out of network with all insurance carriers, including the Defendant, UNITED HEALTHCARE SERVICES, INC.

## REQUEST FOR PRODUCTION #8

23. If your response to Request for Admission #8 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, or

6

other writings that would tend to support such a denial.

## INTERROGATORY #8

24. If your response to Request for Admission #8 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #9

25. Admit that the Plaintiff, DR. LIGOTTI, provided and continues to provide services to patients insured by the Defendant, UNITED HEALTHCARE SERVICES, INC.

## REQUEST FOR PRODUCTION #9

26. If your response to Request for Admission #9 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, or other writings that would tend to support such a denial.

## INTERROGATORY #9

27. If your response to Request for Admission #9 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #10

28. Admit that the Plaintiff, WHOLE HEALTH, LLC, provided and continues to provide services to patients insured by the Defendant, UNITED HEALTHCARE SERVICES, INC.

## REQUEST FOR PRODUCTION #10

29. If your response to Request for Admission #10 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, or other writings that would tend to support such a denial.

## INTERROGATORY #10

30. If your response to Request for Admission #10 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #11

31. Admit that as of February, 2014, the Defendant denied and/or withheld payment on all claims submitted by DR. LIGOTTI and WHOLE HEALTH, LLC, for the services provided to the Defendant's insureds at WHOLE HEALTH, LLC.

## REQUEST FOR PRODUCTION #11

32. If your response to Request for Admission #11 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #11

33. If your response to Request for Admission #11 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #12

34. Admit that as of February, 2014, the Defendant denied and/or withheld payment on

all claims submitted by the substance abuse treatment facilities for the services provided to the Defendant's insureds where DR. LIGOTTI served as the Medical Director.

## REQUEST FOR PRODUCTION #12

35. If your response to Request for Admission #12 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #12

36. If your response to Request for Admission #12 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #13

37. Admit that you "flagged" the Plaintiffs and denied payment on all claims submitted by the Plaintiffs.

## REQUEST FOR PRODUCTION #13

38. If your response to Request for Admission #13 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #13

39. If your response to Request for Admission #13 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #14**

40. Admit that the Defendant published statements to third parties, including that DR.
LIGOTTI did not have an active medical license.

**REQUEST FOR PRODUCTION #14**

41. If your response to Request for Admission #14 contains any denial to any part,
please produce any and all documents, reports, memoranda, electronic mail,
contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #14**

42. If your response to Request for Admission #14 contains any denial to any part,
please state with specificity the facts upon which Defendant bases its allegations
and identify all persons with knowledge and identify with particularity any
documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #15**

43. Admit that the Defendant published statements to third parties, including that DR.
LIGOTTI's medical license could not be verified.

**REQUEST FOR PRODUCTION #15**

44. If your response to Request for Admission #15 contains any denial to any part,
please produce any and all documents, reports, memoranda, electronic mail,
contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #15**

45. If your response to Request for Admission #15 contains any denial to any part,
please state with specificity the facts upon which Defendant bases its allegations
and identify all persons with knowledge and identify with particularity any

documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #16

46. Admit that the Defendant published statements to third parties, including that the services provided by DR. LIGOTTI had been misrepresented.

## REQUEST FOR PRODUCTION #16

47. If your response to Request for Admission #16 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #16

48. If your response to Request for Admission #16 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #17

49. Admit that you represented that DR. LIGOTTI was/is not a medical doctor with an active license.

## REQUEST FOR PRODUCTION #17

50. If your response to Request for Admission #17 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #17

51. If your response to Request for Admission #17 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations

and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #18

52. Admit that you represented that DR. LIGOTTI was/is committing fraud in the manner in which services were provided and/or billed.

## REQUEST FOR PRODUCTION #18

53. If your response to Request for Admission #18 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #18

54. If your response to Request for Admission #18 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #19

55. Admit that you verified the status of DR. LIGOTTI's medical license by visiting the Florida Department of Health's website (located at: http://www.floridahealth.gov), prior to withholding payments.

## REQUEST FOR PRODUCTION #19

56. If your response to Request for Admission #19 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #19

57. If your response to Request for Admission #19 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #20

58. Admit that there is no record of any discipline or complaints against DR. LIGOTTI since 2003.

## REQUEST FOR PRODUCTION #20

59. If your response to Request for Admission #20 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #20

60. If your response to Request for Admission #20 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #21

61. Admit that, on numerous occasions, DR. LIGOTTI provided copies of all relevant and active licenses to the Defendant, UNITED HEALTHCARE SERVICES, INC.

## REQUEST FOR PRODUCTION #21

62. If your response to Request for Admission #21 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

13

**INTERROGATORY #21**

63. If your response to Request for Admission #21 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.


**REQUEST FOR ADMISSION #22**

64. Admit that you knew the statements about DR. LIGOTTI's medical license that you made, after February of 2014, to third parties, numerous patients, physicians, substance abuse treatment facilities, billing companies, as well as referral sources, were false.

**REQUEST FOR PRODUCTION #22**

65. If your response to Request for Admission #22 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #22**

66. If your response to Request for Admission #22 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.


**REQUEST FOR ADMISSION #23**

67. Admit that you knew the statements that you published, after February of 2014, about DR. LIGOTTI's medical license would likely result in material and substantial defamation of DR. LIGOTTI's reputation and business practice.

## REQUEST FOR PRODUCTION #23

68. If your response to Request for Admission #23 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #23

69. If your response to Request for Admission #23 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #24

70. Admit that you knew the aforementioned statements about DR. LIGOTTI's medical license that you made, after February of 2014, to third parties, impute conduct, characteristics, and/or conditions incompatible with the proper exercise of DR. LIGOTTI's lawful business, trade, and/or profession.

## REQUEST FOR PRODUCTION #24

71. If your response to Request for Admission #24 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #24

72. If your response to Request for Admission #24 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #25**

73. Admit that the aforementioned statements that you made, after February of 2014, about the Plaintiffs, has caused significant injury to Plaintiffs' reputation, and lawful business, trade and/or profession.

**REQUEST FOR PRODUCTION #25**

74. If your response to Request for Admission #25 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #25**

75. If your response to Request for Admission #25 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

**REQUEST FOR ADMISSION #26**

76. Admit that you are in possession of money that is rightfully the property of the Plaintiffs.

**REQUEST FOR PRODUCTION #26**

77. If your response to Request for Admission #26 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

**INTERROGATORY #26**

78. If your response to Request for Admission #26 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any

16

documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #27

79. Admit that you have, without authorization, asserted dominion and control over the Plaintiffs' funds with the intent to permanently deprive Plaintiffs of such funds.

## REQUEST FOR PRODUCTION #27

80. If your response to Request for Admission #27 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #27

81. If your response to Request for Admission #27 contains any denial to any part, please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

## REQUEST FOR ADMISSION #28

82. Admit that you have withheld payments for insurance claims in violation of Florida Statute § 627.6131.

## REQUEST FOR PRODUCTION #28

83. If your response to Request for Admission #28 contains any denial to any part, please produce any and all documents, reports, memoranda, electronic mail, contracts, or insurance policies that would tend to support such a denial.

## INTERROGATORY #28

84. If your response to Request for Admission #28 contains any denial to any part,

please state with specificity the facts upon which Defendant bases its allegations and identify all persons with knowledge and identify with particularity any documents upon which the Defendant relies upon in support of such denial.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served along with the Summons and Complaint upon Defendant, UNITED HEALTHCARE SERVICES, INC.

KRUPNICK CAMPBELL MALONE BUSER
SLAMA HANCOCK LIBERMAN, P.A.
Attorneys for Plaintiff
12 Southeast 7th Street, Suite 801
Fort Lauderdale, Florida  33301
(954) 763-8181 Fax: (954) 763-8292

BY: */s/ Brent M. Reitman*
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.:  161009
BRENT M. REITMAN, ESQ.
Florida Bar No.:  85313
pleadings-wgc@krupnicklaw.com

_____

_____

STATE OF _____ )
                       ) SS
COUNTY OF _____ )

         BEFORE ME, the undersigned authority, this day personally appeared - _____ , who, after being duly sworn, deposes and says that he/she executed the foregoing Interrogatories and that they are true and correct to the best of his/her knowledge and belief.

         SWORN TO AND SUBSCRIBED before me this _____ day of _____, 2016.

_____
NOTARY PUBLIC

My Commission Expires:
_____