# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-60558-CIV-ALTMAN/Hunt

**MICHAEL J. LIGOTTI**, *et al.*,

    *Plaintiffs*,

v.

**UNITED HEALTHCARE SERVICES, INC.**, *et al.*,

    *Defendants*.

_____/

## ORDER

**THIS MATTER** came before the Court at a motion hearing on February 14, 2020. For the reasons stated in open court on that date, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Defendants' Motion for Summary Judgment [ECF No. 149] is **GRANTED IN PART and DENIED IN PART**:

    a. The Defendants' Motion is **GRANTED** as to Counts II and IV of the Third Amended Complaint [ECF No. 88], which are **DISMISSED** for lack of standing. For the reasons set forth in the Defendants' Motion for Summary Judgment, *see* Mot. at 7—and as the Plaintiffs largely conceded during oral argument—the Plaintiffs cannot proceed as third-party beneficiaries under ERISA. *See* 29 U.S.C. § 1132(a)(1)(B) (providing that an ERISA civil action to recover plan benefits "may be brought . . . by a participant or beneficiary"); *Hobbs v. Blue Cross Blue Shield of Ala.*, 276 F.3d 1236, 1241 (11th Cir. 2001) ("Healthcare providers such as physician assistants generally are not considered 'beneficiaries' or 'participants' under ERISA.").

b. The Defendants' Motion is also **GRANTED** as to any patient claims arising under plans that contained anti-assignment clauses. Where they appear, these clauses unambiguously precluded the patients from assigning their plan benefits to the Plaintiffs. *See, e.g.*, [ECF No. 159-3] at 3, 14, 25, 35, 66 (examples of plan provisions, providing that: "You may not assign your Benefits under the Policy to a non-Network provider without our consent."). The Court finds unpersuasive the Plaintiffs' arguments that the Defendants either (1) waived these non-assignability provisions or (2) complied with them by receiving from the patients certain powers of attorney. *See* Resp. [ECF No. 163] at 13–14. *First*, as the Court explained at oral argument—and as counsel for the Plaintiffs admitted—there simply is no record evidence to support the Plaintiffs' contention that the Defendants consented to the assignment of benefits arising under any plan with a non-assignment clause. *See Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1315 (11th Cir. 2011) (party opposing summary judgment bears burden of "producing affidavits or other relevant and admissible evidence beyond the pleadings" to withstand summary judgment). *Second*, a power of attorney "does not transfer an ownership interest in the claim, but simply confers on the agent the authority to act on behalf of the principal." *Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*, 890 F.3d 445, 455 (3d Cir. 2018) (citation and internal quotation marks omitted). The power-of-attorney agreements the patients executed, therefore, could not have effectuated valid assignments of the benefits those patients were allegedly owed.

    c. The Defendants' Motion is also **GRANTED** as to any patient claims the Defendants denied for reasons having nothing to do with the following: (1) the viability of Dr. Ligotti's license; (2) the need for additional verification of Dr. Ligotti's license; or (3) the possibility that the nature of Dr. Ligotti's services "had been misrepresented," *see* Third Am. Compl. ¶¶ 32, 38–39. After all, the Third Amended Complaint avers that the Defendants violated ERISA only by denying the Plaintiffs' claims for one of these three—and no other—reasons. *See id*. ¶¶ 32, 53, 73. Any other claim denials, therefore, fall well outside the scope of the claims at issue in this case.

    d. The Defendants' contention that the Third Amended Complaint fails to identify the specific provision of each plan that the Defendants allegedly violated, *see* Mot. at 11–15, is **DENIED**.

    e. The Defendants' argument that the Plaintiffs failed to exhaust their administrative remedies, *see* Mot. at 7–11, is **DENIED without prejudice**. The Defendants may renew this argument in a future motion for summary judgment.

2. The parties shall engage in further discovery—limited *only* to those patient claims that survive the Court's rulings here—according to the following schedule:

    a. By **March 20, 2020**, the Plaintiffs shall produce all evidence in their possession concerning any appeals of claim denials.

    b. By **March 20, 2020**, the Defendants shall produce to the Plaintiffs all the relevant plans.

    c. By **April 20, 2020**, the Defendants shall produce all evidence in their possession concerning any appeals the Plaintiffs may have lodged with respect to the specific subset of claim denials at issue here. *See* 1.c., *supra*.

    d. All discovery matters remain referred to United States Magistrate Judge Patrick M. Hunt, and the parties shall comply in all respects with Judge Hunt's General Order on Discovery Objections and Procedures [ECF No. 144].

3. The above discovery schedule may be modified ***only with the Court's consent***.

4. The Court hereby **REFERS** this case to Judge Hunt for a settlement conference—to be held after the above discovery is completed, but in any event no later than **May 8, 2020**. The parties shall coordinate a date for the conference with Judge Hunt's chambers and shall jointly file a *Notice of Settlement Conference*, in which they shall inform the Court of the conference date, by **April 24, 2020**.

5. By **April 24, 2020**, the parties shall file with the Court—and provide to Judge Hunt—a spreadsheet in which they shall set out each side's view, given the parameters of this Order, of how many patient claims will survive summary judgment and proceed to trial. The spreadsheet shall also include the precise dollar amount of each such patient's claim—along with each side's take on the total dollar value of all the outstanding patient claims.

6. If, **within 3 days after** the settlement conference, the parties have not reached a settlement, either party may move to reopen this case. The Motion to reopen must also ask the Court to set a schedule for both (1) the filing of the Renewed Motions for Summary Judgment and (2) trial.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 28th day of February 2020.

 

**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record