UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:16-cv-60558-RKA

MICHAEL J. LIGOTTI, D.O.,
WHOLE HEALTH, LLC

       Plaintiffs,

v.

UNITED HEALTHCARE SERVICES,
INC., a foreign Corporation, f/k/a United
Healthcare Services of Minnesota, Inc.,
UNITEDHEALTHCARE OF FLORIDA,
INC., a Florida Corporation,

       Defendants.

_____/

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants, United HealthCare Services, Inc. and UnitedHealthcare of Florida, Inc., (collectively, "United"), pursuant to Fed. R. Civ. P. 56 and Local Rule 7.1, hereby file their renewed Motion for Summary Judgment as to Plaintiffs' Third Amended Complaint [ECF 88] brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA").  This Court previously granted [ECF 196], in substantial part, United's first motion for summary judgment [ECF 149], and pursuant thereto, United hereby moves for summary judgment as to all remaining claims for which Plaintiffs failed to exhaust their administrative remedies.  *See* ECF 196 at 3, ¶ 1(e).

## I.    INTRODUCTION

In this action for ERISA plan benefits, an out-of-network medical provider, Michael J. Ligotti, D.O. ("Dr. Ligotti") and his private practice, substance abuse treatment facility, Whole Health, LLC ("WH", collectively with Dr. Ligotti, "Plaintiffs") are seeking payment for medical services allegedly provided to patients who purportedly are participants in various ERISA plans insured or administered by United.  Summary judgment is due on the Third Amended Complaint as to all claims for which Plaintiffs failed to exhaust their administrative remedies as required by ERISA.  In support of this Motion, United has filed herewith a statement of material facts as to which no genuine issue exists to be tried ("Defs' SMF"), the declaration of Ngoc Han Nguyen, executed on August 14, 2020 and exhibits thereto (attached as Exhibit A to Defs' SMF, "Nguyen 8/20 Declaration"), declaration of Marissa Crow (attached as Exhibit B to Defs' SMF, "Crow Declaration"), and deposition excerpts of Ngoc Han Nguyen (Exhibit C to Defs' SMF), Christopher Hensley (Exhibit D to Defs' SMF), and Rachel Lewis (Exhibit E to Defs' SMF).

## II.    PROCEDURAL BACKGROUND

1.      On January 26, 2016, Plaintiffs filed in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CACE-16-000372 (12), an Amended Complaint seeking to recover payment of benefits for substance abuse treatment services allegedly rendered to members of United's health benefit plans. ECF 1-27. The Amended Complaint alleged that "in or around January 2014, United abruptly and improperly began denying and/or withholding payment on all claims submitted by Dr. Ligotti and WH for the services provided to United insureds" based on "false assertions by United that Dr. Ligotti did not have an active license and/or that Dr. Ligotti's license could not be verified and/or that the services provided by Dr.

Ligotti had been misrepresented." *Id.* Am. Compl., ¶¶25, 28.[1] Plaintiffs relied on Provider Explanations of Benefits issued by United ("EOBs") as purported evidence of the alleged "false assertions." *Id.* at ¶30. Plaintiffs also asserted various state-law claims against United.

2.      United timely removed the action to this Court on the ground that Plaintiffs' state-law claims were completely preempted by ERISA's exclusive civil remedy system. ECF 1.

3.      Following removal, United moved to dismiss the Amended Complaint arguing Plaintiffs' claims were completely preempted by ERISA, Plaintiffs failed to sufficiently plead any ERISA claim, failed to plead exhaustion of administrative remedies under ERISA, and failed to state a claim even under state-law standards. ECF 10.

4.      On March 10, 2017, this Court entered an Order granting United's Motion to Dismiss and denying Plaintiffs' Motion for Remand. ECF 64 (the "First Dismissal Order").

5.      On April 28, 2017, Plaintiffs filed their Second Amended Complaint, heeding the First Dismissal Order, *in part*, by re-casting some of the claims under ERISA. ECF 70. Specifically, Plaintiffs attempted to state four different ERISA-based claims against United: (i) Claim as Assignees pursuant to ERISA 29 U.S.C. §1132(a)(1)(B) (Counts I and V); (ii) Claim as Third Party Beneficiaries pursuant to ERISA 29 U.S.C. §1132(a)(1)(B) (Counts II and VI); (iii) Defamation under ERISA (Counts III and VII); and (iv) Tortious Interference with Business Relations under ERISA (Counts IV and VIII). ECF 70.

6.      United moved to dismiss the Second Amended Complaint. ECF 74.

---

[1] Dr. Ligotti had previously filed a complaint against "UnitedHealth Group, Inc." in this Court with essentially the same allegations. *See Michael J. Ligotti, D.O. v. UnitedHealth Group, Inc.*, 9:14-cv-81439-KLR (S.D. Fla. Feb. 11, 2015) [ECF 6]. Before United filed any responsive pleading, Dr. Ligotti voluntarily dismissed the action.

7.      This Court granted United's motion to dismiss the ERISA claims in the Second

Amended Complaint.  ECF 85 at 5 (the "Second Dismissal Order").  The Court also remanded

Plaintiffs' state law claims (Counts IX-XVI) to the state court.  ECF 85 at 3-4.

8.      Plaintiffs' Third Amended Complaint pleads: (i) Claim as Assignees pursuant to

ERISA 29 U.S.C. §1132(a)(1)(B) (Counts I and III); and (ii) Claim as Third Party Beneficiaries

pursuant to ERISA 29 U.S.C. §1132(a)(1)(B) (Counts II and IV).  ECF 88.

9.      In denying United's motion to dismiss the Third Amended Complaint (ECF 90),

the Court held that disposition of the claims was better suited for summary judgment.  ECF 105.

10.      United moved for summary judgment against the Third Amended Complaint.  ECF

149.  This Court granted summary judgment on Counts II and IV, and as to any claims that were

subject to an anti-assignment provision.  ECF 196 (the "SJ Order").  The Court also granted

summary judgment as to any claims Plaintiffs' were belatedly attempting to include that:

> Defendants denied for reasons having nothing to do with the following: (1) the
> viability of Dr. Ligotti's license; (2) the need for additional verification of Dr.
> Ligotti's license; or (3) the possibility that the nature of Dr. Ligotti's services
> "had been misrepresented," see Third Am. Compl. ¶¶ 32, 38–39.  After all, the
> Third Amended Complaint avers that the Defendants violated ERISA only by
> denying the Plaintiffs' claims for one of these three—and no other—reasons.
> See id. ¶¶ 32, 53, 73.  Any other claim denials, therefore, fall well outside the
> scope of the claims at issue in this case.

ECF 196 at 3, ¶1(c).  The Court denied summary judgment *without prejudice* as to United's

argument that Plaintiffs failed to exhaust their administrative remedies.  ECF 196 at 3, ¶ 1(e).

11.      Pursuant to the SJ Order, on July 7, 2020, the parties filed a spreadsheet of the

claims potentially at issue, along with each party's position statement regarding same.  ECF 216-

1 (sometimes referred to herein as the "claims potentially at issue" or "joint spreadsheet").

12.      In order to provide additional information pertaining to those claims on the parties'

joint spreadsheet (ECF 216-1), United has filed with its Statement of Material Facts a "Claims

Chart" showing the same claims as ECF 216-1, with additional information noted.  *See* Defs' SMF ¶6[2]; Nguyen 8/20 Decl. ¶4 & Ex. 1 thereto.  For further ease of reference for this Motion, United created a second spreadsheet isolating just those 43 claims from the Claims Chart for which United received some type of appeal or reconsideration submission (the "App/Recon Claims") and for which United did not respond advising the submission was not deemed an appeal.  *See* Defs' SMF ¶¶17-18; Nguyen 8/20 Decl. ¶¶6-7, 9 & Ex. 2 thereto.

## III.    MEMORANDUM OF LAW

### A.    Summary Judgment Standard

Summary judgment is appropriate "if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A movant bears the initial burden of demonstrating the absence of a genuine issue of material fact, which can be satisfied by showing an absence of evidence to support the non-moving party's case.  *See Celotex Co. v. Catrett*, 477 U.S. 317, 323, 325 (1986).  Once the moving party has discharged its burden, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).

---

[2] All citations herein to Defendants' SMF incorporate and include the evidence referenced in the identified SMF paragraph.

**B.**     **Plaintiffs Failed To Exhaust Administrative Remedies As To 493 Claims on the Claims Chart**

It is well-established law in the Eleventh Circuit that plaintiffs in ERISA cases must exhaust their administrative remedies under the ERISA-governed plan before they may bring suit. *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1223 (11th Cir. 2008) ("The law is clear in this circuit that plaintiffs in ERISA actions must exhaust available administrative remedies before suing in federal court" (quoting *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006)); *Perrino v. S. Bell Tel. & Tel. Co.*, 209 F.3d 1309, 1315 (11th Cir. 2000); *Fla. Health Sciences Ctr., Inc. v. Total Plastics, Inc.*, 496 F. App'x 6, 10 (11th Cir. 2012) ("We have long maintained that participants in an ERISA plan to whom benefits have been denied must exhaust their administrative remedies before challenging the denial in court.  If a plan participant fails to exhaust these administrative remedies, the district court may grant summary judgment in favor of the Plan."); *see also Springer v. Wal-Mart Assocs. Group Health Plan*, 908 F.2d 897, 901 (11th Cir. 1990) (holding trial court abused its discretion in not dismissing the action for failure to exhaust the plan's internal appeals process).  The exhaustion requirement is strictly enforced in the Eleventh Circuit and non-compliance is rarely excused.  *Perrino*, 209 F.3d at 1315 ("we strictly enforce an exhaustion requirement on plaintiffs bringing ERISA claims in federal court with certain caveats reserved for exceptional circumstances").

Plaintiffs failed to exhaust their administrative remedies as to 493 of the 536 claims potentially at issue because they failed to submit any appeal of the denial of those claims.  Defs' SMF ¶¶17-20; Nguyen 8/20 Decl. ¶¶6-7, 9 & Exs. 1-3 thereto.  The various benefit plans at issue include specific processes with instructions on how to obtain medical determinations and to appeal adverse benefit determinations, including multi-level claim and appeal-review procedures that

must be followed. *See* Defs' SMF ¶¶9-10; Nguyen 8/20 Decl. ¶10 & Comp. Ex. 4[3] thereto; *see also* ECF 159-1 ¶12.  In addition, the EOB issued in response to each claim notified Plaintiffs of the need to follow the process for appeals in the member's (i.e., the plan participant's) benefit plan document. *See* Defs' SMF ¶¶7-8; Nguyen 8/20 Decl. ¶10 & Comp. Ex. 4; ECF 159-1 ¶4.

At the first summary judgment hearing held on February 14, 2020, Plaintiffs' counsel asserted that at least one of the plans at issue allowed for *oral* appeals.  *See* ECF 205 (Hrg. Tran.) at 52:10-20.  However, the very same page of the plan document from which counsel read further states:

> **How to Request an Appeal**
> If you disagree with . . . a . . . post-service claim determination . . . you can contact us <u>in writing</u> to formally request an appeal.

ECF 159-3 at Page 67 (UHC_001888) (underlined emphasis added).  The next page of the document goes on to describe what information must be submitted with the appeal and the appeal review process.  ECF 159-3 at Page 68 (UHC_0018889).  Contrary to Plaintiffs' unsupported assertion, as shown in the representative sample of plan provisions filed with this motion, appeals of post-service determinations are typically required to be in writing.[4]  Defs' SMF ¶11.  ERISA plans "must be enforced as written unless the Plan conflicts with the policies underlying ERISA or application of the common law is 'necessary to effectuate the purposes of ERISA." *Zurich Am. Ins. Co. v. O'Hara*, 604 F.3d 1232, 1236 (11th Cir. 2010); *accord Perrino*, 209 F.3d at 1318 (explaining plaintiff must first exhaust the administrative scheme before filing a federal suit).

---

[3] As there are 536 claims potentially at issue [ECF 216-1], United has filed a sampling of the key pages from the various plans pertaining to appeals and litigation procedures.

[4] There are exceptions to this general rule for special circumstances like urgent appeals for preservice claims. *See* Crow Decl. ¶4.

United conducted a complete search of its Escalation Tracking System ("ETS") as to all 536 claims potentially at issue and located only 43 claims for which it received any type of appeal or reconsideration request and where the submission was not rejected or disqualified by United (the "App/Recon Claims").[5]  *See* Defs' SMF ¶¶ 17-20; Nguyen 8/20 Decl. ¶¶6, 9 & Exs. 2-3 thereto.  United does not concede that any of the submissions as to these 43 App/Recon Claims satisfy the respective plan provisions for appeal; however, recognizing that the Court must weigh the evidence to determine whether such submissions are satisfactory, United is <u>not seeking</u> <u>summary judgment</u> as to the 43 App/Recon Claims.

United anticipates that Plaintiffs will argue, as they did in response to the first summary judgment and at the February summary judgment hearing, that they did submit written appeals. *See* ECF 205 (Hrg. Tr.) at 64:3–20; *see also* Pls.' Ex. AA [ECF 164-1]; Pls.' Ex. DD [ECF 164-3], ¶19.  However, the documents submitted by Plaintiffs in the first summary judgment proceedings, as well as any additional documents produced post-hearing – with very few exceptions – do not constitute appeal submissions for the claims at issue in this case.[6]  *See* Defs' SMF ¶¶19-20.  Rather, the documents produced by Plaintiffs fall into three categories: (1) submissions where United responded asking for more information before it could process the claim; (2) submissions where United advised the claim may have been improperly billed and

---

[5] Per the SJ Order, United produced these documents to Plaintiffs on June 19, 2020.  Counsel for United conducted a thorough re-review of Plaintiffs' discovery requests and notes that, contrary to Plaintiffs' counsel's assertion at the February summary judgment hearing, Plaintiffs never requested production of these documents from United during the discovery period.  *See* ECF 205 (Hrg. Tr.) at 69-72.

[6] The documents submitted and relied upon by Plaintiffs prior to the SJ Order pertained to denials for untimely submission of claims or appeals, many of which were for claims with dates of service <u>after</u> the lawsuit was filed and after the time frame alleged in the Third Amended Complaint.  The documents did not show appeals for denied claims based on licensing issues or "misrepresentation of services" – which the Court has held are the only claim denials at issue in this case.  *See* SJ Order, ECF 196 at 3, ¶1(c).

needed to be corrected in order to be processed; and (3) submissions which appear to be a post-it note, a fax cover sheet, and a compilation of EOBs and records, but without any written request for reversal of the denial or a request for appeal.  Defs' SMF ¶19; *see* Crow Decl. ¶3 & Exs. 1-3 thereto.   The few documents produced by Plaintiffs that can actually be deemed appeal submissions are included on United's App/Recon Claims chart at Rows 6-8, 12-13, 15, 17, 21, 23-25, 31-35, and 41.  *See* Nguyen 8/20 Decl. Ex. 2.  Furthermore, documents submitted to United's team investigating the uses of Dr. Ligotti's tax ID number were separate from and did not satisfy the various plans' appeal procedures.  Defs' SMF ¶14.

Plaintiffs' conclusory and unsupported allegations that they exhausted their administrative remedies and/or submitted appeals are insufficient to satisfy the Eleventh Circuit's requirement that plaintiffs must actually exhaust administrative remedies in order to proceed with litigation.  *See Variety Children's Hosp., Inc. v. Century Med. Health Plan, Inc.*, 57 F.3d 1040, 1041 n.2 (11th Cir. 1995) ("Variety's attempt to circumvent this requirement by alleging in its Complaint that it had complied with 'all conditions precedent' or in the alternative that 'such conditions have been waived or excused' does not address the exhaustion requirement."); *see also Perez, M.D. P.A. v. Conn. Gen. Life Ins. Co.*, 1:15-cv-22969-WILLIAMS/SIMONTON, 2016 WL 11544025, at *8 (S.D. Fla. March 22, 2016) (allegations that "all appeals and/or administrative remedies known to be available as of the last denial of payment and/or dispute as to the rate of payment" had been satisfied or waived "does not adequately allege that Plaintiff exhausted his administrative remedies"), *adopted* 2016 WL 11543917 (March 30, 2016); *De La Pedraja, M.D. v. Cigna Healthcare of Fla., Inc.*, Case No. 12-20710-CIV-WILLIAMS, ECF No. 55, pgs. 9-10 (S.D. Fla. May 15, 2014) (granting summary judgment in Cigna's favor because plaintiff failed to show that it exhausted all appeals in compliance with each benefit plan).  Furthermore, simply

submitting declarations claiming compliance with appeals procedures,[7] "in the absence of supporting evidence, are insufficient to withstand summary judgment." *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir.1997), *abrogated on unrelated grounds*[8] *by Lewis v. City of Union City, GA*, 918 F.3d 1213 (11th Cir. 2019); *see Smith v. HCA Inc.*, No. 3:03-CV-754-J99-TEM, 2005 WL 1866395, at *3 (M.D.Fla. July 26, 2005) ("Conclusory, self-serving, or uncorroborated allegations in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported summary judgment or directed verdict."); *Villas of Lake Jackson, Ltd. v. Leon County*, 884 F. Supp. 1544, 1548 n. 2 (N.D.Fla. 1995) ("[c]onclusory factual allegations, even when under oath, are not sufficient to oppose a motion for summary judgment").

In summary, Plaintiffs did not submit proper appeals, did not comply with the detailed terms of the benefit plans pertaining to the multi-level pre-suit appeals process, and did not timely exhaust the administrative procedures required for denied claims.  Because Plaintiffs failed to exhaust the necessary administrative remedies, summary judgment should be granted as to those 493 claims for which no appeal was submitted.  *Perrino*, 209 F.3d at 1319; *Fla. Health Sciences Ctr.*, 496 F. App'x at 12; *Variety Children's Hosp., Inc.* 57 F.3d at 1042.

---

[7] As discussed in the first summary judgment briefing, although Dr. Ligotti stated in a declaration that his staff followed instructions on the EOBs from United, during his deposition he admitted he had not personally seen any such appeal submissions. *See* ECF 178-1 (Ligotti Dep.) at 103:6–104:12.  In addition, as addressed above and in the prior summary judgment briefing, none of the exhibits attached to Plaintiffs' declarations showed evidence of any actual appeals regarding the claim denials at issue in this case. *See* ECF 177 at 6-7 and supporting evidence cited therein.

[8] The abrogation of *Holifield* pertains specifically to the "comparator" test applied within the Eleventh Circuit in Title VII cases.  *Lewis*, 918 F.3d at 1224-31.

### C.     Plaintiffs Cannot Show Exhaustion Would Have Been Futile

Plaintiffs alleged throughout the Third Amended Complaint that they submitted appeals and exhausted their administrative remedies with respect to each denied claim.  *See* ECF 88 ¶¶ 29, 39, 43.  Plaintiffs also asserted in their declarations filed in opposition to United's first motion for summary judgment that they submitted appeals for each denied claim.  *See* ECF 164-1, 164-3.  However, Plaintiffs *argued* in their brief in opposition to United's first summary judgment motion, and at the February hearing, that they should be *excused* from attempting to exhaust their remedies because such attempts would have been futile.  *See* ECF 163 at 9-11; ECF 205 at 59-60.  Plaintiffs are unable to support their futility argument.

First, and importantly, Plaintiffs never alleged anywhere in the Third Amended Complaint that exhaustion would have been futile or should be excused.  *See Springer*, 908 F.2d at 901 ("we note that Springer never pleaded futility . . . [i]n any event 'bare allegations of futility are no substitute for the 'clear and positive' showing of futility ... required before suspending the exhaustion requirement'") (quoting in part *Makar v. Health Care Corp.*, 872 F.2d 80, 83 (4th Cir. 1989)).  United moved to dismiss Plaintiffs' 1st, 2nd, and 3rd amended complaints, each time arguing that Plaintiffs failed to exhaust their administrative remedies.  Thus, Plaintiffs were on notice that United was pursuing the "failure to exhaust" argument and had ample opportunity to amend their allegations to plead *in the alternative* that exhaustion was futile and should be excused.  It was only after Plaintiffs were required to provide proof of exhaustion (i.e., submission of appeals) that they realized they had almost never complied with the respective plans' requirements and were forced to contrive a different argument to support their claim for wrongful denial of payment.

Second, Plaintiffs' contention that there are many grounds for excusing exhaustion is not supported by Eleventh Circuit precedent.  On the contrary, courts within this circuit strictly enforce

the exhaustion requirement and non-compliance is rarely excused.  *Perrino*, 209 F.3d at 1315 ("we

<u>strictly</u> enforce an exhaustion requirement on plaintiffs bringing ERISA claims in federal court

with certain caveats reserved for <u>exceptional</u> circumstances") (emphasis added); *see also McCay*

*v. Drummond Co., Inc.*, 509 F. App'x 944, 948-49 (11th Cir. 2013) (citing *Perrino* and other cases

and explaining that exceptions to exhaustion requirement are extremely limited and rejecting

plaintiff's futility argument).

The Eleventh Circuit defines futility narrowly: "[t]he test for 'futility' is not ... whether the

employees' claims would succeed, but whether the employees *could have* availed themselves of

the grievance procedure."  *Mason v. Cont'l Group, Inc.*, 763 F.2d 1219, 1224 (11th Cir. 1985)

(emphasis added), *cert. denied*, 474 U.S. 1087 (1986) (citing *Republic Steel Corp. v. Maddox*, 379

U.S. 650, 659 (1965)).  Furthermore, "[b]are allegations of futility are no substitute for the 'clear

and positive' showing of futility required before suspending the exhaustion requirement." *Bickley*

*v. Caremark RX, Inc.*, 461 F.3d 1325, 1330 (11th Cir. 2006) (quoting *Springer*, 908 F.2d at 901);

*Am. Dental Ass'n v. WellPoint Health Networks Inc.,* 494 F. App'x 43, 46-47 (11th Cir. 2012)

(quoting *Bickley* and affirming summary judgment due to failure to exhaust and finding submission

of letter did not satisfy appeal requirements and did not support futility argument).

Plaintiffs' futility argument appears to be based upon its belief that the placement of the

flag on Plaintiffs' TIN[9] by the Optum investigators and legal team would overwrite any attempted

appeal reviews.  However, Plaintiffs have produced no evidence to show that would be the case.

On the contrary, the Optum witnesses testified that properly submitted appeals would be routed to

and reviewed by the appeals department notwithstanding the fact that a provider was flagged for

---

[9] "TIN" refers to tax ID number, which is used interchangeably in the documents with "MPIN,"
which is a unique provider identification number assigned to a physician.

prepayment review.  *See* Ex. D (Hensley Dep.) at 57; Ex. E (Lewis Dep.) at 58-59; *see also* Defs.'

SMF ¶ 12.  Thus, Plaintiffs' contention is based on nothing more than speculation.

      In *Bickley*, the court rejected the plaintiff's claim of futility as "merely speculative because

he did not even attempt to pursue the administrative procedure available."  *Bickley*, 461 F.3d at

1330.  As explained by the court in *Florida Health Sciences Center*, unless a plaintiff makes a

showing that the plan administrator "would have afforded a claimant less than an adequate legal

remedy, <u>a claimant who does not first attempt to use administrative remedies waives the futility</u>

<u>argument</u>."  *Fla. Health Sciences Ctr.*, 496 F. App'x at 12 (underlined emphasis added) (citing

*Bickley* and *Lanfear v. Home Depot, Inc.*, 536 F.3d 1217, 1225 (11th Cir. 2008)).  Here, Plaintiffs

failed to submit any appeal whatsoever for [444] of the claims of the [536] potential claims at

issue.[10]  The claims potentially at issue are for widely varying services allegedly provided over a

3-year period to hundreds of different patients who are members in hundreds of different plans,

which each have their own criteria for benefits coverage and claims processing.  *See, e.g.*, Nguyen

8/20 Decl. Comp. Ex. 4.  As this Court noted at the February hearing, simply submitting a few

appeals for a large number of claims is insufficient to demonstrate futility.  *See* ECF 205 (Hrg. Tr.)

at 60:3–22.

      The Eleventh Circuit's futility discussion in *McCay* is instructive:

> We have said that the futility exception does not apply simply because the
> same parties who made the initial benefits determination were also the decision
> makers in the administrative appeal process. *Lanfear v. Home Depot, Inc.*, 536
> F.3d 1217, 1224 (11th Cir. 2008).  Rather, "the futility exception protects
> participants who are denied meaningful access to administrative procedures,
> not those whose claims would be heard by an interested party." *Id.* For
> instance, in *Curry*, we found that the futility exception applied where the plan
> administrators had denied a participant <u>meaningful access to administrative</u>

---

[10] As noted above, United intends to show at trial that the submissions as to the 43 App/Recon
Claims were insufficient to be construed as actual appeals and thus Plaintiffs failed to exhaust
administrative remedies for those claims as well.

> proceedings by repeatedly ignoring requests for documents supporting the
> denial of benefits. 891 F.2d at 846. Conversely, in *Springer v. Wal–Mart
> Assoc. Group Health Plan*, 908 F.2d 897 (11th Cir. 1990), we reversed the
> district court's application of the futility exception where the plan participant
> invoked the exception on the basis that the initial internal decision maker and
> the decision maker on appeal shared "an interest in holding costs down." *Id.* at
> 901 (quotation omitted).

*McCay*, 509 F. App'x at 948-49 (underlined emphasis added). Plaintiffs were not denied

meaningful access to the claims review process. Indeed, the fact that Plaintiffs had access to the

appeal process is evidenced by the fact that United has identified 43 claims to be left for trial due

to some type of appeal submission by Plaintiffs.

As Plaintiffs' never alleged in the Third Amended Complaint that exhausting

administrative remedies would be futile, and because they have no evidence to support their

speculation that appealing denied claims would in fact have been futile, Plaintiffs should not be

relieved from their exhaustion requirement and summary judgment should be granted as to the 493

claims never appealed.

> **D.     There Is No Regulation Non-Compliance Excusing Plaintiffs' Exhaustion
> Requirement**

Plaintiffs asserted in their response in opposition to the first summary judgment motion

that they should be excused from exhausting their administrative remedies because they contend

United failed to comply with ERISA regulation 29 CFR § 2650.503-1. Plaintiffs asserted three

purported regulation violations: (1) requiring more than two appeals of a denied claim before a

civil action can be filed (citing 29 CFR § 2560.503-1(c)(2)); (2) United's EOBs did not include

the information required by 29 CFR § 2560.503-1(g)(1)(i-v); and (3) United withheld information

on appeal in violation of 29 CFR § 2560.503-1(h)(2)(iii). Plaintiffs are unable to provide any

evidence to support any of these three contentions.

As an initial matter, it is important to note that, like the futility contention, this "excuse due

to regulation non-compliance" claim was never pleaded in the Third Amended Complaint. The Eleventh Circuit has held that a claimant's failure to seek remand for failure to follow administrative procedures waives this excuse argument in court:

> Schwade's first basis for excuse is misdirected. A Plan Administrator's failure to follow designated procedures in providing a claimant notice of a benefits denial does not excuse exhaustion of administrative remedies but rather requires the district court to remand to the plan administrator "for an out-of-time administrative appeal." *Counts*, 111 F.3d at 108.[11] Accordingly, Schwade cannot argue excusal from exhausting administrative remedies on the basis that the Plan Administrator failed to fulfill the terms of the plan summary. She has never sought a remand to the Plan Administrator for an appeal. We therefore consider this argument waived. See id. (considering a similar argument waived when the appellant never argued for a remand to the plan administrator but instead consistently argued that an administrative appeal was excused due to the plan's alleged deficient notices of a benefits denial).

*Fla. Health Sciences Ctr.*, 496 F. App'x at 12 (underlined emphasis added) (*affirming sub nom Schwade v. Total Plastics, Inc.*, 837 F.Supp.2d 1255 (M.D. Fla. 2011)); *see also Schwade*, 837 F.Supp.2d at 1269 ("The deficiencies in the Plan administrator's claim denials 'are technical deficiencies in an ERISA claims procedure [that] do not hinder effective administrative review' of Schwade's claims").

### (1)    No evidence that more than two appeals were required.

With respect to the first contention that more than two appeals were required before a suit could be filed, the contention is defeated by the existence of this case. As set forth in sections B and C above, Plaintiffs failed to submit *any* appeal as to the 493 claims for which United seeks entry of summary judgment. Notwithstanding the lack of *any* appeal submission, Plaintiffs have filed this suit contending that these hundreds of claims for payment were wrongly denied. In addition, Plaintiffs have failed, *and are unable*, to point to a single plan document at issue for any

---

[11] *Counts v. Am. Gen. Life & Accident Ins. Co.*, 111 F.3d 105 (11th Cir. 1997).

of the claims potentially at issue (*see* ECF 216-1) that requires more than two appeals before suit can be filed.  Plaintiffs' communications and cooperation with United's fraud investigation team regarding the excessive use of Ligotti's TIN, does not satisfy the individual plans' claims and appeal process.[12]

Plaintiffs simply failed to even attempt to comply with the plans' appeal procedures and chose instead to make phone calls to customer service and submit licensing information relating to the fraud investigation in lieu of submitting actual appeals of denied claims as required by each of the plans.  *See Am. Dental Ass'n,* 494 F.App'x at 46-47 (explaining that letters sent by provider seeking information did not qualify as appeal and did not demonstrate that exhaustion of remedies would be futile); *Applegate v. Liberty Life Assurance Co. of Boston*, Case No: 2:17-cv-130-FtM-99MRM, 2018 WL 4103557, at *2-3 (M.D. Fla. Aug. 28, 2018) (discussing various letters not constituting appeals): *Oiknine v. United Healthcare of Fla., Inc.*, No. 8:02CV1347-T27TBM, 2003 WL 24046921, at *1 n.1 (M.D. Fla. June 17, 2003) (rejecting futility assertion because plaintiff's actions did not satisfy the appeal procedures required by the plan).  As plaintiffs did not even submit one appeal as to the 493 claims being moved against, they certainly cannot demonstrate that they were required to submit more than two appeals before bringing suit.

### (2)   EOBs satisfied requirements of 29 CFR § 2560.503-1(g)(1)(i-v)

Plaintiffs complain that United's EOBs did not provide specific reasons for the claim denials and "only vaguely state that there was evidence that services had been misrepresented or that United was unable to verify an active license for a healthcare provider."  ECF 163 at 12. However, the EOBs for claims potentially at issue (ECF 216-1) for which Plaintiffs made no

---

[12] This assertion by Plaintiffs shows they are once again confusing the issue of the flagging of Dr. Ligotti's MPIN with the established claim submission and appeal procedures.

attempt to submit an appeal, and the EOBs for the App/Recon Claims for which Plaintiffs did

make some type of appeal submission each say:

> (4A)   Charges cannot be considered because there is evidence that services have been misrepresented. …
>
> The member, provider, or authorized representative may request reconsideration or appeal the decision by submitting comments, documents, or other information to United Healthcare." . . .  "If you are a network provider appealing a clinical or coverage determination on behalf of the member, or a non-network provider appealing a decision on behalf of a member, follow the process for appeals in the member's benefit plan document."

*See* Defs' SMF ¶8; Nguyen 8/20 Decl. ¶11 & Exs. 5-6 thereto.  Plaintiffs cannot logically claim

that they did not understand this language with respect to the claim for row number 367 on the

Claims Chart, but did understand that same language with respect to the claim for row number 142

on the Claims Chart (which is row 8 on the App/Recon Claims chart).   *See* Nguyen 8/20 Decl.

¶11 & Exs. 5-6 thereto.  Furthermore, on numerous occasions, United communicated further

information to Plaintiffs regarding incorrect billing/coding and explaining additional

documentation needed.  *See, e.g.*, Nguyen 8/20 Decl. Comp. Ex. 3; Crow Decl. Ex. 2.

Plaintiffs' conclusory complaints about the EOBs is similar to arguments addressed and

rejected by the court in *McCay*:

> McCay argues that deficiencies contained in Drummond's notice of denial of benefits excused McCay's failure to appeal within the designated 180–day time period. Specifically, he says that the denial notice failed to include "what evidence was needed to obtain a favorable decision." Yet as the record shows, the notice communicated to McCay that he needed to show that he was totally disabled, and that his treating physicians said that he was not. It further explained that he could submit "written comments, documents, records, and other information relating to [his] claim." Moreover, even if this notice weren't sufficient, the type of "noncompliance with ERISA's technical requirements" that McCay alleges is of the type that *Perrino c*oncluded was insufficient to excuse ERISA's administrative exhaustion requirement. *Id.* at 1317 ("[T]he exhaustion requirement for ERISA claims should not be excused for technical violations of ERISA regulations that do not deny

> plaintiffs meaningful access to an administrative remedy procedure through which they may receive an adequate remedy.").

*McCay*, 509 F. App'x at 948-49; *see also Applegate*, 2018 WL 4610607, at *11 (M.D. Fla. July 24, 2018) (discussing and rejecting plaintiff's argument of excuse based on Liberty's technical non-compliance with regulations), *adopted* 2018 WL 4103557 (M.D. Fla. Aug. 29, 2018).

### (3)   No information withheld in violation of 29 CFR § 2560.503-1(h)(2)(iii)

Plaintiffs assert that United withheld information as to specific reasons for the denials of Plaintiffs' claims. *See* ECF 163 at 13. However, there is nothing contained in the "evidence" Plaintiffs reference that supports the contention that United was withholding information. *See* ECF 163 at 13 (referencing "Exhibit C" and M. Pressley declaration). Furthermore, the statements by Ms. Pressley at paragraphs 26-27 of her declaration again show that Plaintiffs were confusing calls to customer service with compliance with the formal appeal submission process. Neither telephone calls to customer service, nor communications between Plaintiffs' attorney and Optum's legal department, serve as a replacement or satisfaction of the appeal review process required by the various ERISA plans for the claims potentially at issue. *See, e.g.,* Nguyen 8/20 Decl. ¶10 & Comp. Ex. 4 thereto; ECF 159 ¶13 (and evidence cited therein); *accord* Crow Decl. ¶3 & Ex. 3 thereto.

Plaintiffs had access to United by phone, fax and electronic/website information and clearly knew how to submit documents for appeal review since they attempted to do so for 43 of the claims. Therefore, since there was a reasonable administrative process available to Plaintiffs for obtaining claim review through appeals, Plaintiffs should not be excused from exhausting their administrative remedies. *See McCay*, 509 F. App'x at 947 ("it makes little sense to excuse plaintiffs from the exhaustion requirement where an employer is technically noncompliant with ERISA's procedural requirements but … plaintiffs still had a fair and reasonable opportunity to

pursue a claim through an administrative scheme prior to filing suit in federal court. Therefore, if a reasonable administrative scheme is available to a plaintiff and offers the potential for an adequate legal remedy, then a plaintiff must first exhaust the administrative scheme before filing a federal suit.").

## IV.    CONCLUSION

WHEREFORE, for all the foregoing reasons, United respectfully requests that this Court enter an order granting summary judgment as to the 493 claims as to which Plaintiffs failed to exhaust their administrative remedies and awarding any other relief this Court deems just and equitable.

Date: August 14, 2020.

s/ *Shari Gerson*
Shari L. Gerson, Esq.
Florida Bar No. 017035
**GrayRobinson, P.A.**
401 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
shari.gerson@gray-robinson.com

And

Neil P. Linden, Esq.
Florida Bar No. 174589
**Gray Robinson, P.A.**
333 S.E. 2nd Avenue, Suite 3200
Miami, FL 33131
Telephone: 305-416-6880
Email: neil.linden@gray-robinson.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 14, 2020 the foregoing document was filed with the Clerk of the Court using CM/ECF. I further certify that the foregoing document is being served

on the following Plaintiffs' counsel via transmission of Notices of Electronic Filing generated by

CM/ECF:

| | |
|---|---|
| Julie W. Allison, Esq.<br>Anelia Shaheed, Esq.<br>Julie W. Allison, P.A.<br>225 S. 21st Ave.<br>Hollywood,<br>FL 33140<br>Julie@allisonlaw.net<br>anelia@allisonlaw.net<br>para@allisonlaw.net<br>*Counsel for Plaintiffs* | Gabriel L. Imperato, Esq.<br>William Baldwin, Esq.<br>Peter R. Goldman<br>Nelson Mullins Broad and Cassel<br>100 SE 3 Ave., Suite 2700<br>Ft. Lauderdale, FL 33394<br>Gabriel.imperato@nelsonmullins.com<br>William.baldwin@nelsonmullins.com<br>Peter.goldman@nelsonmullins.com<br>*Co-counsel for Plaintiffs* |

s/ *Shari Gerson* __
Shari Gerson, Esq.
Florida Bar No. 017035